**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| U.T., *et al.*, | Civil Action No. 1:20-cv-00116-EGS |
| Plaintiffs, | |
| v. | |
| William Barr, *et al.*, | |
| Defendants. | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE EVIDENCE OUTSIDE OF THE ADMINISTRATIVE RECORD**

**INTRODUCTION**

Defendants move to strike the declarations and other extra-record evidence that Plaintiffs submitted in connection with their motion for summary judgment, including "Plaintiffs' Statement of Material Facts Not in Genuine Dispute," to the extent that such evidence might be used for any purpose other than demonstrating standing and subject-matter jurisdiction. This matter involves Plaintiffs' challenges to the government's findings undergirding a bilateral agreement between the United States and Guatemala, an interim final rule implementing that agreement, *see* Implementing Bilateral and Multilateral Asylum Cooperative Agreements Under the Immigration and Nationality Act, 84 Fed. Reg. 63,994 (November 19, 2019), and agency guidance implementing the rule. *See generally* ECF No. 3, Compl. Apart from one claim based on the Suspension Clause, U.S. Const. art. I, § 9, cl. 2—that for multiple reasons must be dismissed for lack of jurisdiction—all of Plaintiffs' claims challenge the rule and guidance under the Administrative Procedure Act (APA). *See* Compl. ¶¶ 156-86; *see also* ECF No. 38-1, Plaintiffs' Memorandum of Law in Support of Their Motion for Summary Judgment and Permanent Injunction (Pls.' MSJ Mem.). Review of these claims is limited to the administrative records produced by Defendants to Plaintiffs. Yet in

1

moving for summary judgment, Plaintiffs attached and relied on numerous materials outside these administrative records.

By submitting numerous declarations and other extra-record evidence, Plaintiffs attempt to make an end-run around the record rule, yet they have not demonstrated that any extra-record evidence may be admitted or relied upon by the court in reviewing whether the agency's actions in this case satisfy the APA. To the contrary, in adding to the administrative records the agencies considered in making the decisions at issue in this case, Plaintiffs attempt to transgress the mandate that courts are not to substitute their judgment for the judgment of the agency. Plaintiffs ignore their obligation to hew their extra-record evidence to jurisdictional arguments, and instead cite to this evidence repeatedly in other areas of their brief. *See generally* Pls.' MSJ Mem. Plaintiffs use extra-record evidence as a way to supplement the administrative record *sub silentio*, by adding new evidence for the Court to consider that was not part of the agency decisions being challenged in this case.

Accordingly, this Court should grant Defendants' motion and strike the extra-record evidence as laid out in the proposed order accompanying this motion.[1]

## BACKGROUND

As Plaintiffs concede, in APA cases, the Court reviews the administrative record to determine whether an agency has complied with the APA. Pls.' MSJ Mem. 13 (citing *Sprit of Sage*

---

[1] The parties previously conferred and on February 24, 2020, submitted a Joint Status Report with the Court containing a proposal for resolving any disputes regarding the administrative record. ECF No. 35.

In a minute order dated February 25, 2020, the Court adopted "the parties' proposal" for resolving disputes "regarding whether it is appropriate for Plaintiffs to cite extra-record evidence," and ordered that, "if Defendants object to Plaintiffs' reliance on any extra-record evidence in Plaintiffs' motion for summary judgment," that "Defendants shall file a motion to strike by no later than March 25, 2020."

*Council v. Norton*, 294 F. Supp. 2d 67, 81 (D.D.C. 2003).

Plaintiffs filed a motion for summary judgment on February 28, 2020. ECF No. 38. Plaintiffs attached to their motion a number of exhibits containing material outside the administrative records, notwithstanding the limited scope of record review and the strictures on supplementing the record—as well as Plaintiffs' failure to move to supplement the record here.[2] *See* ECF Nos. 38-3, 38-4, 38-5, 38-6, 38-7, 38-8, 38-9, 38-10, 38-11, 38-12. These exhibits contain information about Guatemala, documents not in the record from other government agencies, and declarations from non-parties—some of which purport to be expert opinions and reports—which discuss both information about Guatemala and about other third parties. Plaintiffs also submitted 38 pages of facts in their "Statement of Material Facts Not in Genuine Dispute," which relies on and repeatedly cites these other exhibits, and which Plaintiffs in turn repeatedly cite throughout their memorandum of law in support of their motion. The addition of each of these materials is inappropriate and the Court should strike each of these extra-record exhibits.

## LEGAL STANDARD

If a party inappropriately includes evidentiary material in support of a motion, the court may strike that material. *See, e.g.*, *Oceana, Inc. v. Locke*, 674 F. Supp. 2d 39, 44-45 (D.D.C. 2009)

---

[2] The Court set a deadline of February 24, 2020, for the Parties to notify the Court of unresolved disputes concerning the administrative record in this case. *See* Minute Order (Jan. 27, 2020). On February 24, 2020, the Parties filed a Joint Status Report in which Plaintiffs stated that the only remaining potential dispute related to "a single document that Plaintiffs believe should have been included in the Department of Homeland Security's administrative record for its Guatemala Full and Fair Determination." ECF No. 35, at 2. That document is not one of the documents that Plaintiffs attached to the motion for summary judgment.

Apart from that one document, Plaintiffs stated that: "For purposes of briefing and deciding the parties' cross-motions for summary judgment . . . Plaintiffs represent that they will consider the administrative records produced to be complete, based on Defendants' representation that these records include all materials that were before the relevant decision-maker, either directly or indirectly, at the time the relevant decisions were made." *Id.*

(granting motion to strike testimony that post-dated the challenged agency decision); *Nat'l Wilderness Inst. v. U.S. Army Corps of Eng'rs*, No. 04-cv-10273, 2005 WL 691775 (D.D.C. Mar. 23, 2005) (same); *Cty. of San Miguel v. Kempthorne*, 587 F. Supp. 2d 64, 78-79 (D.D.C. 2008) (denying motion to take judicial notice of report that post-dated the challenged agency action).

## ARGUMENT

Under the APA, the district court's review of merits issues must be "based on the record the agency presents to the reviewing court." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985); *see Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971); *Camp v. Pitts*, 411 U.S. 138, 142 (1973). The function of the district court is to assess the lawfulness of the agency's action based on the reasons offered by the agency. *Motor Vehicle Mfrs. Ass'n v. State Farm*, 463 U.S. 29, 50 (1983). "The Court's function in administrative-law cases is solely 'to determine whether or not as a matter of law the *evidence in the administrative record* permitted the agency to make the decision it did.'" *Otsuka Pharm. Co. v. Burwell*, 302 F. Supp. 3d 375, 389 (D.D.C. 2016) (emphasis added), *aff'd sub nom. Otsuka Pharm. Co. v. Price*, 869 F.3d 987 (D.C. Cir. 2017). Thus, Plaintiffs may not create a new record for purposes of review of the merits of their APA challenges. *See* 5 U.S.C. § 706.

Plaintiffs do not dispute the record rule, have not moved to depart from it, and have made no showing that would be sufficient to justify such a departure under this Circuit's precedents. For the following reasons, Plaintiffs have no basis to supplement the record.

*First*, "the designation of the Administrative Record, like any established administrative procedure, is entitled to a presumption of administrative regularity." *Oceana, Inc. v. Ross*, 920 F.3d 855, 865 (D.C. Cir. 2019). "A court is ordinarily limited to evaluating the agency's contemporaneous explanation in light of the existing administrative record." *Dep't of Commerce*

*v. New York*, 139 S. Ct. 2551, 2573 (2019). A party may not supplement the record absent "a significant showing—variously described as a strong, substantial, or prima facie showing—that it will find material in the agency's possession indicative of bad faith or an incomplete record," *Air Transp. Ass'n of Am. v. Nat'l Mediation Bd.*, 663 F.3d 476, 487-88 (D.C. Cir. 2011), and may not rely on extra-record materials absent a showing of "bad faith or improper behavior on the part of the agency, or that, 'the record is so bare that it prevents effective judicial review.'" *Fund for Animals v. Williams*, 391 F. Supp. 2d 191, 198 (D.D.C. 2005) (citing *Commercial Drapery Contractors v. United States*, 133 F.3d 1, 7 (D.C. Cir. 1998), & *Fund for Animals v. Williams*, 245 F. Supp. 2d 49, 58 (D.D.C. 2003)); *see also Oceana, Inc.*, 920 F.3d at 865 ("[O]n arbitrary and capricious review, absent a showing of bad faith or improper behavior, agency deliberations not part of the record are deemed immaterial." (punctuation and quotation omitted)); *Children's Hosp. Ass'n of Tex. v. Azar*, 300 F. Supp. 3d 190, 202 (D.D.C. 2018) (extra-record material not properly part of record-review case absent showing of "gross procedural deficiencies—such as where the administrative record itself is so deficient as to preclude effective review"). No such bad faith or deficiencies have even been alleged and none exist here.

*Second*, as noted above, *see supra* n.2, Plaintiffs had ample time to meet and confer on the administrative records and to raise to Defendants and the Court any issues with respect to the records. Plaintiffs did not challenge or move to supplement any of the administrative records. Instead Plaintiffs agreed that the records were complete for purposes of resolving the parties' motions for summary judgment. After agreeing that the records were complete, Plaintiffs should be estopped from now attempting to supplement the records, contrary to the parties' settled expectations and the Court's order setting a date certain for resolving any record disputes.

*Third*, while a court may consider evidence outside the record in determining its Article III jurisdiction, Plaintiffs' reliance on extra-record evidence here is not limited to that purpose. *See Grocery Mfrs. Ass'n v. EPA*, 693 F.3d 169, 174 (D.C. Cir. 2012). Instead, they offer extra-record information to support their merits arguments. *See* Pls.' MSJ Mem. 20 (citing evidence in support of argument that "Defendants' policies conflict with" 8 U.S.C. § 1158(a)(2)(A)); 40 (citing evidence in support of argument that the government violated the APA). Plaintiffs also cite extra-record evidence extensively to show country conditions and potential risks of harm to individuals in Guatemala, *see* Pls.' MSJ Mem. 41-43—which, as explained further below, is also improper for a summary judgment motion on APA claims. Because Plaintiffs have made no showing that the current record is "so deficient as to preclude effective review," Plaintiffs should not be permitted to construct a new record for purposes of summary judgment. *Hill Dermaceuticals, Inc. v. FDA*, 709 F.3d 44, 47 (D.C. Cir. 2013). "[I]t is only where there are '*gross procedural deficiencies*' that render the 'administrative record . . . so deficient as to preclude judicial review' that a plaintiff may add more than the agency had before it." *Bellion Spirits, LLC v. United States*, 335 F. Supp. 3d 32, 41 (D.D.C. 2018) (quoting *id.* at 47); *see also Dep't of Commerce*, 139 S. Ct. at 2573; *United Student Aid Funds, Inc. v. Devos*, 237 F. Supp. 3d 1, 6 (D.D.C. 2017). Plaintiffs have not met this standard. The administrative records here are extensive, sufficiently developed on the challenged issues, and entitled to a presumption of regularity. Plaintiffs extra-record evidence should therefore be stricken. *See Texas Rural Legal Aid, Inc. v. Legal Servs. Corp.*, 940 F.2d 685, 698 (D.C. Cir. 1991) ("[J]udicial review of informal agency rule-making is confined to the

administrative record; neither party is entitled to supplement that record with litigation affidavits or other evidentiary material that was not before the agency.").

*Fourth*, now that the parties have filed cross-motions for summary judgment, Plaintiffs cannot rely on extra-record materials to demonstrate irreparable harm or a balance of the equities. These factors relate to the standard for a *preliminary* injunction under Federal Rule of Civil Procedure 65. When a court is instead considering a motion for injunctive relief in connection with a motion for summary judgment, this "moots the Court's consideration of the preliminary injunctive factors because the Court will enter judgment on the merits." *Children's Hosp. Ass'n of Texas v. Azar*, 300 F. Supp. 3d 190, 202 (D.D.C. 2018), *rev'd on other grounds*, 933 F.3d 764 (D.C. Cir. 2019). In other words, if the motion for injunctive relief is combined with "a full hearing" on a plaintiff's claim, "considerations of irreparable harm are out the window." *Cronin v. U.S. Dep't of Agric.*, 919 F.2d 439, 445 (7th Cir. 1990). Any attempt to supplement the record by invoking injunction-related concepts like irreparable harm and balancing of the equities is therefore improper because these factors are irrelevant at this stage of the litigation. *See Herman v. Assoc. Elec. Coop., Inc.*, 994 F. Supp. 1147, 1153 (E.D. Mo. 1998), *rev'd on other grounds*, 172 F.3d 1078 (8th Cir. 1999) (noting how the "Court need not and does not further address the factors ordinarily considered in the preliminary injunction context"); *Dangler v. Yorktown Central Schools*, 771 F. Supp. 625, 632 (S.D.N.Y. 1991) ("If the trial of the merits is accelerated and consolidated with the preliminary injunction hearing, then no determination of irreparable harm need be made by this court.").

*Fifth*, it is also inappropriate for the Court to take judicial notice of these extra-record materials, particularly where Plaintiffs have not moved for the Court to do so. *See* Fed. R. Evid. 201(e) (guaranteeing Defendants a hearing on this issue). As another judge in this District recently

explained in a case synthesizing case law in this District, "[j]udicial notice is typically an inadequate mechanism for a court to consider extra-record evidence when reviewing an agency action." *Level the Playing Field v. FEC*, 381 F. Supp. 3d 78, 92 (D.D.C. 2019). "This general rule rests on the premise that plaintiffs should not be permitted to exploit the standard for judicial notice to circumvent the strict standard for supplementing the administrative record." *Id.*; *accord Rifflin v. Surface Transp. Bd.*, No. 16-1147, 2016 WL 6915552, at *1 (D.C. Cir. Oct. 6, 2016); *Silver State Land, LLC v. Beaudreau*, 59 F. Supp. 3d 158, 172 (D.D.C. 2014). In other words, a document should be given judicial notice only "if it qualifies for supplementation as extra-record evidence." *Id.* (quoting *Dist. Hosp. Partners*, 971 F. Supp. 2d at 32 n.14); *see also Hispanic Affairs Project v. Acosta*, 263 F. Supp. 3d 160, 176 (D.D.C. 2017) ("The plaintiffs' position that the Court may take judicial notice of documents on an agency's website does not find support in the caselaw. To the contrary, to take judicial notice in a § 706 APA case, the materials must still come within one of the judicially delineated exceptions to the rule against supplementation and consideration of extra-record documents."), *aff'd in part, rev'd in part on other grounds*, 901 F.3d 378 (D.C. Cir. 2018).

*Sixth*, Local Civil Rule 7(h)(2) expressly notes that the requirement that a motion for summary judgment be accompanied by a statement of materials facts "shall not apply to cases in which judicial review is based solely on the administrative record." LCvR 7(h)(2). In lieu of that statement of facts, the parties must cite only the administrative record. *Id.* Therefore, the Court should also strike Plaintiffs' extraneous Statement of Material Facts Not in Genuine Dispute.

## CONCLUSION

For the foregoing reasons, the Court's review of merits issues must be "based on the record the agency presents to the reviewing court." *Fla. Power & Light Co.*, 470 U.S. at 743-44.

Defendants respectfully request that the Court grant their motion and strike Plaintiffs' Statement of Material Facts Not in Genuine Dispute, ECF No. 38-2; strike Plaintiffs' exhibits to their motion for summary judgment that contain extra-record evidence, ECF No. 38-3, ECF No. 38-4, ECF No. 38-5, ECF No. 38-6, ECF No. 38-7, ECF No. 38-8, ECF No. 38-9, ECF No. 38-10, ECF No. 38-11, and ECF No. 38-12; and decline to consider these materials and all other extra-record materials cited by Plaintiffs in support of their motion for summary judgment, ECF No. 38, or in any opposition to Defendants' motion for summary judgment.

Dated: March 25, 2020

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

SCOTT G. STEWART
Deputy Assistant Attorney General

WILLIAM C. PEACHEY
Director

EREZ REUVENI
Assistant Director

By: /s/ *Brian C. Ward*
BRIAN C. WARD
Senior Litigation Counsel
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 616-9121
Email: brian.c.ward@usdoj.gov

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 25, 2020, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of for the District of Columbia by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

          By: _/s/ Brian C. Ward_
               BRIAN C. WARD
               Senior Litigation Counsel
               United States Department of Justice