UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| U.T., *et al.* | ) ) ) | |
| *Plaintiffs,* | ) ) ) | Case No.: 1:20-cv-00116-(EGS) |
| v. | ) ) | |
| WILLIAM BARR, *et al.,* | ) ) | |
| *Defendants.* | ) ) ) | |

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE

### INTRODUCTION

Plaintiffs have requested that the Court consider evidence outside of the administrative record for three limited purposes: (1) to establish Plaintiffs' standing; (2) to evaluate whether irreparable harm to Plaintiffs, the balance of the equities, and the public interest support issuance of a permanent injunction; and (3) to assess, using judicially-noticeable government publications, whether Defendants have shown good cause to bypass notice and comment. Defendants concede, as they must, that evidence outside the administrative record can be used to support standing and jurisdiction. ECF No. 84-1 at 1-2. Yet they raise a series of scattershot objections to Plaintiffs' allegedly "improper" use of extra-record evidence, disregarding both settled case law and the procedural history of this litigation.

First, Defendants say that Plaintiffs cannot rely on extra-record evidence concerning the injunction factors because this case is on summary judgment, rather than on preliminary injunction. ECF No. 84-1 at 7. But as this Court has recognized, where Plaintiffs request

*permanent* injunctive relief, the Court must also evaluate irreparable harm and the balance of the equities, and can look beyond the administrative record to do so. *See Grace v. Whitaker*, 344 F. Supp. 3d 96, 112–14 (D.D.C. 2018) (approving use of extra record evidence in evaluating injunctive relief factors). There is no reason to find otherwise here.

Second, Defendants claim that Plaintiffs improperly rely on extra-record evidence to support their merits arguments. ECF No. 84-1 at 6. Yet they identify *two* instances where Plaintiffs cite such evidence in connection with the merits. One is a brief reference to the circumstances of Plaintiff U.T. and a Honduran client of Plaintiff Las Americas, cited as examples of particularly vulnerable asylum-seekers unable to safely seek protection in Guatemala. *Id.* (citing ECF No. 38-1 at 20). The second concerns the notice-and-comment claim, where Plaintiffs cite official statistics and policy announcements published by the government, which undercut the agencies' sweeping claims concerning a threatened "surge" at the southern border. *Id.* (citing ECF No. 38-1 at 40). Even assuming such evidence is "extra-record," such statistics and publications are undoubtedly proper subjects of judicial notice. *See* Fed. R. Evid. 201(b).

Third, Defendants contend that Plaintiffs should be estopped from relying on extra-record evidence, based on Plaintiffs' agreement that the existing administrative record did not require supplementation. ECF No. 84-1 at 5. Yet this contention misrepresents the parties' meet and confer and joint status report, in which Plaintiffs made clear that they would consider the record "complete" for purposes of the parties' cross motions for summary judgment. ECF No. 35 at 2. Defendants' motion elides the crucial difference between supplementing or completing the administrative record, which seeks to add material to the record, and consideration of extra-record evidence for purposes not subject to the record rule. *See Nat'l Min. Ass'n v. Jackson*, 856

F. Supp. 2d 150, 155-57 (D.D.C. 2012) (explaining different standards governing supplementation and consideration of extra-record evidence). Defendants can claim no unfair surprise, as Plaintiffs made their position on this issue clear at every stage of the parties' meet-and-confer process, stressing that they reserved the right to rely on extra-record evidence for certain limited, permissible purposes. For this reason, the parties' joint report to the Court expressly referenced the parties' disagreement regarding "the circumstances under which it is appropriate for Plaintiffs to cite extra-record evidence for certain purposes" and set forth their stipulation that any such disagreements would be resolved through briefing on a motion to strike. ECF No. 35 at 2, 3.

For these reasons, this Court should deny Defendants' motion.

## ARGUMENT

I. **This Court May Rely on Extra-Record Evidence to Determine Whether it Should Issue a Permanent Injunction.**

As this Court has recently recognized, it may consider evidence outside the record to the extent it bears on "[Plaintiffs'] request for injunctive relief." *Grace v. Whitaker*, 344 F. Supp. 3d 96, 114 (D.D.C. 2018). Because the injunction factors are not addressed by the administrative record, courts routinely consider extra-record evidence going to those factors. *See Eco Tour Adventures, Inc. v. Zinke*, 249 F. Supp. 3d 360, 369 n.7 (D.D.C. 2017) (recognizing that "it will often be necessary for a court to take new evidence to fully evaluate" claims "of irreparable harm ... and [claims] that the issuance of the injunction is in the public interest") (quoting *Esch v. Yeutter*, 876 F.2d 976, 991 (D.C. Cir. 1989)).

Here, Plaintiffs seek a permanent injunction to vacate the challenged regulations and written policies and enjoin Defendants from continuing to apply them in both expedited and full removal proceedings. Plaintiffs also request an order vacating the individual Plaintiffs' expedited

removal orders and returning them to the United States for new, lawful, immigration proceedings. To demonstrate entitlement to such relief, Plaintiffs must show irreparable injury, and that the public interest would not be disserved by a permanent injunction. *See Sierra Club v. U.S. Dep't of Agric., Rural Utilities Serv.*, 841 F. Supp. 2d 349, 356 (D.D.C. 2012). To meet this burden, Individual Plaintiffs have put forth evidence concerning the harm they have already suffered in their home countries, as well as the circumstances they faced after being denied the opportunity to apply for asylum and being removed to Guatemala under the challenged Rule, guidance, and designations. *See* SUF ¶¶ 126-36. Organizational Plaintiffs have also introduced evidence concerning the Rule's interference with their missions, and the numerous ways in which it has inhibited their efforts to provide legal services to asylum seekers and required them to divert resources to respond. *See* SUF ¶¶ 151, 153-54, 161. To provide further background on the harms Plaintiffs face, they have included expert documentation concerning dangerous conditions in the Northern Triangle countries and other barriers to accessing asylum procedures in Guatemala. This Court has previously relied on similar evidence, such as "plaintiffs' declarations, the UNHCR reports, and the country reports" to evaluate Plaintiffs' request for injunctive relief. *Grace*, 344 F. Supp. 3d at 114. There is no reason to rule otherwise here.

Defendants cite a string of cases for the broad view that "injunction-related concepts like irreparable harm and balancing of the equities" are irrelevant at this stage, ECF No. 84-1 at 7, but their authorities give no help. In *Children's Hosp. Ass'n of Texas v. Azar*, 300 F. Supp. 3d 190, 202 (D.D.C. 2018), *rev'd on other grounds*, 933 F.3d 764 (D.C. Cir. 2019), the plaintiff sought only vacatur of the challenged rule and conceded that evidence of irreparable harm was not necessary. *Id.* at 202. In *Herman v. Assoc. Elec. Coop., Inc.*, 994 F. Supp. 1147, 1153 (E.D. Mo. 1998), *rev'd on other grounds*, 172 F.3d 1078 (8th Cir. 1999), the governmental plaintiff was

suing under a specific statutory enforcement mechanism where obtaining permanent relief did not require a showing of irreparable harm. *Id.* at 1153. And *Cronin v. U.S. Dep't of Agric.*, 919 F.2d 439 (7th Cir. 1990), was an out-of-circuit decision arising in a different procedural posture. *See id.* at 445 (addressing scope of agency's waiver of objection to evidentiary preliminary injunction hearing).

Regardless, Defendants' cases cannot undermine controlling Supreme Court and D.C. Circuit decisions requiring a showing of irreparable injury to obtain permanent injunctive relief. *See, e.g.*, *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006) (setting out "four-factor test" that court must evaluate before granting permanent injunction, including irreparable injury); *Cy Ellis Raw Bar v. D.C. Redevelopment Land Agency*, 433 F.2d 543, 549 (D.C. Cir. 1970) (similar). Because vacatur cannot fully redress their injuries, Plaintiffs seek injunctive relief beyond vacatur of the challenged policies. As the extra-record evidence is necessary to meet Plaintiffs' burden on the equitable relief factors for injunctive relief, the Court should consider it. *See Grace*, 344 F. Supp. 3d at 114.

**II.     On the Merits, Plaintiffs' Limited Reliance on Extra-Record and Judicially-Noticeable Evidence Is Proper.**

Defendants broadly claim that Plaintiffs are relying on extra-record evidence to support their merits claims, yet only cite two instances in Plaintiffs' 45-page brief to support this assertion. ECF No. 84-1 at 6 (citing ECF No. 38-1 at 20, 40). The first instance concerns a brief citation to evidence concerning two gay individuals—Plaintiff U.T. and a Honduran client of Plaintiff Las Americas—as examples of asylum seekers whose "particular circumstances" may make them especially vulnerable and unable to safely seek protection from persecution in Guatemala. ECF No. 38-1 at 20 (citing SUF ¶¶ 126, 142). To the extent the Court must rely on *any* evidence to support this commonsense proposition, it could easily refer to court decisions or

other judicially-noticeable facts. *See*, *e.g.*, *Barrios-Aguilar v. Holder*, 386 F. App'x 587, 590-91 (9th Cir. 2010) (holding that gay person from Guatemala had shown that Guatemalan authorities would be unable or unwilling to protect him from homophobic persecution).

Defendants also identify instances where Plaintiffs cite extra-record evidence to support the argument that there was no good cause to bypass notice-and-comment in issuing the Rule. ECF No. 84-1 at 6 (citing ECF No. 38-1 at 40). The only extra-record evidence Plaintiffs cite on that issue involves statistical information (published on CBP's own website) concerning apprehensions at the southern border, ECF No. 38-1 at 40 (citing SUF ¶ 167), and the dates and contents of a White House press release and a Spanish language version of a DHS fact sheet (again, both published on government websites), *id.* (citing SUF ¶ 168-70). The English language version of the DHS fact sheet is in the administrative record. USCIS2-3.

All these materials are "from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Numerous courts in this district have taken judicial notice of similar information, including in APA cases. *See, e.g.*, *Farrell v. Tillerson*, 315 F. Supp. 3d 47, 54 n.3 (D.D.C. 2018) (taking judicial notice of forms published on State Department website); *Pharm. Research & Mfrs. of Am. v. U.S. Dep't of Health & Human Servs.*, 43 F. Supp. 3d 28, 33 (D.D.C. 2014) (observing that "[c]ourts in this jurisdiction have frequently taken judicial notice of information posted on official public websites of government agencies," and noticing FAQ document posted on FDA website in APA case); *Seifert v. Winter*, 555 F. Supp. 2d 3, 11 n.5 (D.D.C. 2008) (taking judicial notice of court martial manual published on agency website, but not included in administrative record); *see also Mitchell v. Pompeo*, No. 1:15-CV-1849 (KBJ), 2019 WL 1440126, at *1 n.3 (D.D.C. Mar. 31, 2019) (taking judicial notice of information published on State Department website).

Defendants assert that Plaintiffs seek to "exploit" the standard for judicial notice, ECF No. 84-1 at 8, yet Defendants cannot credibly claim that citations to a small sample of government statistics and publications "exploits" judicial notice rules. *See Nebraska v. EPA*, 331 F.3d 995, 999 (D.C. Cir. 2003) ("Although the administrative record does not contain these facts, we take judicial notice of the information on the EPA's database."). And while Defendants broadly assert that any judicially-noticeable evidence must also satisfy the rules governing record supplementation, ECF No. 84-1 at 8, their cases are all far afield. In *Level the Playing Field v. FEC*, 381 F. Supp. 3d 78 (D.D.C. 2019), the court declined to notice materials such as books, videos, polling information, and articles about the 2016 election because the documents were either irrelevant or subject to reasonable dispute. *See id.* at 91-92. In *Silver State Land, LLC v. Beaudreau*, 59 F. Supp. 3d 158, 172 (D.D.C. 2014), the court denied judicial notice of a state court order in a tangentially related case, largely on the basis that the order shed no light on Plaintiffs' claims. *Id.* at 168-72 (explaining why order did not bear significantly on reasons for challenged agency action). And in *Hispanic Affairs Project v. Acosta*, 263 F. Supp. 3d 160 (D.D.C. 2017), *aff'd in part, rev'd in part*, 901 F.3d 378 (D.C. Cir. 2018), Plaintiffs sought to use certain Department of Labor certifications "for demonstrative purposes," apparently seeking to establish broad facts concerning certain labor markets.[1] *Id.* at 175, 176.

By contrast, *Defendants* have published the documents and statistics Plaintiffs cite here, and Plaintiffs rely on them only for information contained within their four corners. And Defendants cannot claim that statistical information concerning border apprehensions, and the timing of their own policy announcements, is irrelevant to the "good cause" analysis when the

---

[1] Defendants also cite *Rifflin v. Surface Transp. Bd.*, No. 16-1147, 2016 WL 6915552, at *1 (D.C. Cir. Oct. 6, 2016), but that cursory unpublished disposition contains no information about the materials the court refused to judicially notice, and no explanation as to why.

Rule itself asserts a connection between agency immigration policies and migration flows. *See, e.g.*, 84 Fed. Reg. at 64,006-007. And even if these government documents were required to satisfy the standards governing admission of extra-record evidence, they are undoubtedly relevant "background information" concerning migration patterns. *Nio v. U.S. Dep't of Homeland Sec.*, 385 F. Supp. 3d 44, 61–62 (D.D.C. 2019); *Nat'l Min. Ass'n*, 856 F. Supp. 2d at 157 (explaining that resort to extra-record evidence is proper where it "enable[s] judicial review to become effective").

Defendants also complain that Plaintiffs should file a motion for judicial notice, ECF No. 84-1 at 7, but their insistence on formalities makes no sense given that the parties have agreed on a process for resolving any evidentiary disputes, ECF No. 35, and Defendants have had ample time to state their objections. Also, this Court does not even require a motion to invoke Rule 201. *See* Fed. R. Evid. 201(c)(1).

**III.   Plaintiffs Are Not Estopped from Relying on Extra-Record Evidence.**

Defendants claim that because Plaintiffs did not move to supplement the administrative record, Plaintiffs should be precluded from relying on extra-record evidence. ECF No. 84-1 at 6. But as they did in *Grace*, Defendants elide the critical distinction between completing the administrative record (also referred to as "supplementing"), and reliance on extra-record evidence for certain limited purposes ordinarily not restricted to the record. Numerous courts have recognized the key distinction between those two concepts. *See, e.g.*, *Oceana, Inc. v. Pritzker*, 126 F. Supp. 3d 110, 113 n.2 (D.D.C. 2015) ("As other judges of this Court have recognized, there is an important distinction between 'supplementing' an administrative record, on the one hand, and considering 'extra-record evidence,' on the other."); *Nat'l Min. Ass'n v.*

*Jackson*, 856 F. Supp. 2d 150, 159 (D.D.C. 2012) (declining to supplement record, but considering certain documents as extra-record evidence).

Defendants state it would upset "settled expectations" to permit reliance on extra-record evidence, ECF No. 84-1 at 5, but Plaintiffs made their position clear to Defendants throughout the meet-and-confer process. Before filing the joint status report regarding record-related disputes, ECF No. 35, Plaintiffs stressed that they viewed completion of the record and reliance on extra-record evidence as distinct issues. Plaintiffs agreed not to contest (at this juncture) that the administrative record contains all the evidence the agency had before it at the time it issued its decisions and they do not seek completion or supplementation now. But Plaintiffs repeatedly clarified that they—and the courts—saw completion and supplementation of the record and reliance on extra-record evidence as distinct issues, and that they reserved the right to rely on evidence outside the record for limited, judicially-recognized purposes. The parties even set out in the joint status report their stipulation that any disagreements about Plaintiffs' citation to extra-record evidence would be resolved through Defendants' filing of a motion to strike along with its cross motion for summary judgment, to which Plaintiffs would respond along with their combined opposition and reply. *Id.* at 2. Defendants cannot claim surprise when they agreed to this very process in a filing before this Court.

Moreover, Defendants cannot claim to be surprised by Plaintiffs' position, given that the parties in *Grace* litigated this very question. *See Grace*, 344 F. Supp. 3d at 114. There, this Court rejected Defendants' claims that Plaintiffs should be foreclosed from relying on extra-record evidence. It should rule the same way here.

**IV.     Plaintiffs' Statement of Facts Complies with the Local Rules.**

Finally, Defendants assert that Plaintiffs' statement of facts violates Local Rule 7(h)(2), largely rehashing their previous objections. ECF No. 84-1 at 8. And while they suggest that the Local Rules somehow categorically prohibit the citation of extra-record evidence in APA cases, the plain text of the Rule does no such thing. All it does is note that summary judgment motions in APA cases should come with a statement of facts with citations to the administrative record, and nowhere precludes the inclusion of extra-record citations where appropriate. *See* Local Rule 7(h)(2) (applying where judicial review is "based *solely* on the administrative record") (emphasis added).

## CONCLUSION

This Court should deny Defendants' motion to strike.

Dated: April 10, 2020                                     Respectfully submitted,

/s/ Katrina Eiland
Katrina Eiland*

Keren Zwick (D.D.C. Bar. No. IL0055)          Katrina Eiland*
Gianna Borroto**                                          Julie Veroff
Ruben Loyo**                                              Morgan Russell*
Mark Fleming**                                            Stephen Kang
Charles G. Roth**                                         Adrienne Harrold
National Immigrant Justice Center              American Civil Liberties Union Foundation
224 S. Michigan Avenue, Suite 600           Immigrants' Rights Project
Chicago, IL 60604                                       39 Drumm Street
(312) 660-1370                                            San Francisco, CA 94111
                                                                   (415) 343-0770

Arthur B. Spitzer (D.C. Bar No. 235960)
Scott Michelman (D.C. Bar No. 1006945)   Omar Jadwat*
American Civil Liberties Union Foundation of  Lee Gelernt*
the District of Columbia                             American Civil Liberties Union Foundation,
915 15th Street, NW, 2nd floor                 Immigrants' Rights Project
Washington, D.C. 20005                           125 Broad Street, 18th Floor
(202) 457-0800                                         New York, NY 10004
                                                                (212) 549-2660

Blaine Bookey*
Annie Daher*
Sayoni Maitra*

Karen Musalo*
Center for Gender & Refugee Studies
200 McAllister St.
San Francisco, CA 94102
(415) 565-4877

Hardy Vieux (D.C. Bar No. 474762)
Patricia Stottlemyer (D.C. Bar No. 888252536)
Human Rights First
805 15th Street, N.W., Suite 900
Washington, D.C. 20005
(202) 547-5692

*Attorneys for Plaintiffs*
*\* Admitted Pro Hac Vice*
*\*\*Admitted Pro Bono*

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2020, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

By: */s/ Katrina Eiland*
KATRINA EILAND
