## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| U.T., *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 1:20-cv-00116-EGS |
| ) | |
| v. ) | |
| ) | |
| William Barr, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

The government respectfully brings to the Court's attention the Supreme Court's recent decision in *Dep't of Homeland Sec. v. Thuraissigiam*, 140 S. Ct. 1959, 1963 (2020). *Thuraissigiam* forecloses Plaintiffs' seventh claim for relief, which argues that the Suspension Clause requires judicial review of expedited removal orders before an alien can be removed to a third country under an asylum cooperative agreement. Compl. ¶¶ 184-86.

In *Thuraissigiam*, the Supreme Court held that the Suspension Clause "simply provide[s] a means of contesting the lawfulness of restraint"—*i.e.*, through a writ of habeas corpus—"and securing release" from unlawful detention. 140 S. Ct. at 1969. Plaintiffs here do not challenge their detention, as none of them are detained, and did not file this case as a writ of habeas corpus. Rather, they invoke the Suspension Clause to argue for judicial review of expedited removal orders and maintain that the Suspension Clause "requires review of legal claims" in removal cases and "guarantees judicial review of the legality of removal orders." *See* ECF No. 38-1, Plaintiffs' Motion for Summary Judgment, at 28. This is precisely the argument that the Supreme Court rejected in *Thuraissigiam,* where the petitioner sought "to obtain additional administrative review

1

of his asylum claim and ultimately to obtain authorization to stay in this country." 140 S. Ct. at 1963. Plaintiffs similarly ask this Court for an order "paroling [them] into the United States … so that they may apply for asylum." Compl., Prayer for Relief. The Supreme Court was clear, however, that the Suspension Clause does not provide any "right to enter or remain in a country or to obtain administrative review potentially leading to that result." 140 S. Ct. at 1969. The Court noted that such claims were "far beyond" the "scope" of the writ protected by the Suspension Clause "as it was understood when the Constitution was adopted." *Id*. at 1963, 1971. And, in reaching that conclusion, the Supreme Court specifically addressed *Nishimura Ekiu*, *Heikkila*, *St. Cyr*, and *Boumedine*, the same cases Plaintiffs cite here in support of their Suspension Clause argument. *Compare* ECF No. 38-1, Plaintiffs' Motion for Summary Judgment, at 28-29, *with Thuraissigiam* at 1977-78, 1980-81.

Accordingly, Plaintiffs cannot invoke the Suspension Clause as a basis to demand more review, let alone any judicial review, of their removal orders. *Thuraissigiam*, at 1971. *Thuraissigiam* confirms that Congress can "limit[ ] the review that an alien in expedited removal may obtain," as it has done through § 1252(e), without violating the Constitution. 140 S. Ct. at 1966; *see also id.* at 1983; *Castro v. DHS*, 835 F.3d 422, 433 (3d Cir. 2016) ("if jurisdiction exists to review any claim related to an expedited removal order, it exists only under subsection (e) of the statute."). "[N]either the Suspension Clause nor the Due Process Clause of the Fifth Amendment requires any further review" beyond what Congress has provided. *Thuraissigiam*, at 1964.

2

Dated: August 15, 2020        Respectfully submitted,

ETHAN P. DAVIS
Acting Assistant Attorney General

SCOTT G. STEWART
Deputy Assistant Attorney General

WILLIAM C. PEACHEY
Director

EREZ REUVENI
Assistant Director

By: /s/ *Brian C. Ward*
BRIAN C. WARD
Senior Litigation Counsel
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 616-9121
Email: brian.c.ward@usdoj.gov

*Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 15, 2020, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of for the District of Columbia by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

By: */s/ Brian C. Ward*
    BRIAN C. WARD
    Senior Litigation Counsel
    United States Department of Justice