**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                          )
U.T., *et al.*                                           )
                                                          )
                    *Plaintiffs,*                        )
                                                          )        Case No.: 1:20-cv-00116-EGS
v.                                                        )
                                                          )
WILLIAM BARR, *et al.,*                          )
                                                          )
                    *Defendants.*                      )
_____)

**REPLY IN SUPPORT OF PLAINTIFFS'**
**MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD**

The Court should reject Defendants' arguments opposing Plaintiffs' motion to

supplement the administrative record with the Wolf Memo, in which the Department of

Homeland Security ("DHS") acknowledged that Guatemala lacks a functioning asylum system

just months before the DHS Guatemala Designation concluded that the country has a "robust"

system in place.

First, Defendants are incorrect that Plaintiffs' motion is untimely.  Neither the joint

filings nor the scheduling orders Defendants cite purported to foreclose Plaintiffs from moving to

supplement the record with a new agency document that came to light only months later—and

only after another court determined in Freedom of Information Act ("FOIA") litigation that the

document had been unlawfully withheld and compelled its release.  To the extent Defendants'

timeliness argument reduces to a plea to "estop" Plaintiffs from supplementing the record, there

is nothing inequitable about bringing such a clearly relevant, newly-disclosed document to the

Court's attention.

On the merits, Defendants attempt to duck the case law squarely setting forth the supplementation exception Plaintiffs rely upon, concerning relevant agency documents adverse to the decision at issue.  Defendants instead insist that Plaintiffs must meet the different requirements of distinct supplementation exceptions concerning bad faith or a bare record, which are not at issue here.  The Wolf Memo plainly satisfies the requirements for the exception on which Plaintiffs rely: the memo was created by the agency itself, and its conclusion that Guatemala lacks a functioning asylum system bears directly on, and appears to squarely contradict, the Guatemala Designation's contrary conclusion just months later.  Supplementation of the record before the Court is therefore proper.

## ARGUMENT

### I.     Plaintiffs' Motion Is Timely.

The Court should reject Defendants' assertion that Plaintiffs' motion to supplement is untimely under the Court's January and February 2020 minute orders concerning the resolution of *then-existing* disputes about the administrative record.  *See* Opp. 1-2.  First, Plaintiffs' motion is not barred by anything in the January 24, 2020 Joint Statement on Scheduling, ECF No. 19, or this Court's January 27, 2020 minute order adopting the parties' proposed schedule.  In the latter, the Court ordered that if administrative record "disputes exist and remain unresolved," the parties were to file a joint status report addressing "what disputes remain" and "what briefing may be necessary to resolve those disputes."  Minute Order (Jan. 27, 2020).  The current dispute as to the Wolf Memo did not exist at that time and so is not subject to that order.  Plaintiffs did not know, and could not possibly have known, about the Wolf Memo in February 2020.  DHS did not disclose the memo until ordered to do so on October 19, 2020, when another district court held that the agency had wrongfully withheld the document in response to a July 1, 2019 FOIA

request.  *See* Mot. 3; Findings of Fact and Conclusions of Law, *Diocesan Migrant & Refugee Servs. v. Immigration & Customs Enforcement* ("*DMRS v. ICE*"), No. EP-19-cv-00236, Dkt. No. 44 at 1-2, 21 (W.D. Tex. Oct. 19, 2020).[1]  Plaintiffs cannot be faulted for failing in February 2020 to raise a dispute about a document that they did not know, and could not have known, existed because DHS unlawfully withheld the document when it was requested more than seven months earlier.

Defendants' reliance on the parties' February 24, 2020 Joint Status Report, ECF No. 35, is equally misplaced.  *See* Opp. 2.  Plaintiffs there only "represent[ed] that they w[ould] consider the administrative records produced to be *complete*" for purposes of summary judgment.  ECF No. 35 at 2 (emphasis added); *accord id.* ("With the exception of one contested document, Plaintiffs . . . will consider DHS's Guatemala Full and Fair Determination record to be complete.").  Plaintiffs did not foreswear seeking *supplementation* of the administrative record before this Court should relevant, adverse agency records come to light that DHS apparently failed to consider altogether in issuing the Guatemala Designation.  Defendants' argument "conflat[es] . . . completion of the record and supplementation of the record."  *Fort Sill Apache Tribe v. Nat'l Indian Gaming Comm'n*, 345 F. Supp. 3d 1, 9 (D.D.C. 2018).  While completion concerns "the addition of those documents that influenced the agency in its decisionmaking," "[s]upplementation involves the addition of newly created evidence or of documents that were

---

[1] *Available at* http://www.dmrs-ep.org/wp-content/uploads/2020/11/Doc-44-DMRS-FF.CL_.pdf; Final Judgment, *DMRS v. ICE*, No. EP-19-cv-00236, Dkt. No. 45 (W.D. Tex. Oct. 19, 2020), *available at* http://www.dmrs-ep.org/wp-content/uploads/2020/11/Doc-45-DMRS-Judgment.pdf

not before the agency when the decision was made, *but should have been*." *Id.* (emphasis added) (citing *Oceana, Inc. v. Ross*, 290 F. Supp. 3d 73, 77-78 (D.D.C. 2018)).

Similarly, Defendants mischaracterize the agreed-upon process for resolving disputes concerning "extra-record evidence" set forth in the February 24 Joint Status Report.  *See* Opp. 2. That portion of the status report concerned the dispute as to whether Plaintiffs could "cite extra-record evidence for certain purposes in their motion for summary judgment and any response brief."  ECF No. 35 at 2-3.  The parties agreed to address that dispute through briefing on a motion to strike to be filed by Defendants together with their cross-motion for summary judgment.  *Id.* at 3.  The Court adopted the parties' proposed schedule for briefing on that issue, *see* Minute Order (Feb. 25, 2020), and the parties have fully briefed Defendants' motion to strike.  *See* ECF Nos. 84-1, 90, 91.  However, neither this portion of the February 24 Joint Status Report nor the February 25 Minute Order bear on supplementation of the record with the Wolf Memo, because that memo was not among the extra-record documents Plaintiffs cited "in their motion for summary judgment and . . . response brief."  ECF No. 35 at 2-3; *see also* ECF No. 84-1 ("Defendants move to strike the declarations and other *extra-record evidence that Plaintiffs submitted in connection with their motion for summary judgment* . . . for any purpose other than demonstrating standing and subject-matter jurisdiction.") (emphasis added).  The summary judgment briefs Plaintiffs submitted in February and April 2020 did not and could not possibly have cited the Wolf Memo, which was not disclosed until October.

With no support for their timeliness argument to be found in the parties' joint submissions or this Court's scheduling orders, Defendants suggest that "Plaintiffs should be estopped" from asking the Court to supplement the administrative record.  Opp. 3.  To the extent Defendants mean to suggest that Plaintiffs' motion should be barred by equitable estoppel, that

argument fails.  "The traditional elements of equitable estoppel include 'one person making a definite misrepresentation of fact to another person' who reasonably relies on that misrepresentation to his detriment."  *Bowman v. D.C.*, 496 F. Supp. 2d 160, 163 (D.D.C. 2007).  But Plaintiffs could not have even known the Wolf Memo existed at the time of the joint filings Defendants cite, much less have made definite misrepresentations about whether they might later seek to supplement the record with it.  Nor have Defendants identified any unfair detriment or prejudice they will suffer should the Court grant Plaintiffs' motion.  There is nothing inequitable about Plaintiffs promptly asking this Court to lawfully supplement the record before it with a DHS document that appears to directly contradict the central conclusion in the agency's Guatemala Designation, particularly in light of Defendants' earlier erroneous withholding of the document.  To the contrary, denying Plaintiffs' motion would allow Defendants to inappropriately "skew the record in its favor by excluding pertinent but unfavorable information."  *Fund for Animals v. Williams*, 391 F. Supp. 2d 191, 197 (D.D.C. 2005).

## II.     Plaintiffs Satisfy All Requirements for Supplementation.

Defendants' arguments that Plaintiffs fail to make the requisite showing for supplementation are likewise meritless.  *See* Opp. 3-7.  Defendants first assert that supplementation requires showing either "bad faith or improper behavior on the part of the agency" or that "'the record is so bare that it prevents effective judicial review.'"  *Id.* at 3 (quoting *Fund for Animals*, 391 F. Supp. 2d at 198).  They similarly contend that Plaintiffs "make no argument that the agency deliberately or negligently excluded [the Wolf Memo] from the record."  *Id.* at 4.[2]  But as *Fund for Animals* illustrates, no separate showing of impropriety or negligence is required "when an

_____

[2] Although Plaintiffs need not show bad faith to supplement the record under these circumstances, Plaintiffs do not concede, in the absence of discovery, that the agency did not act in bad faith.

agency excludes information adverse to its position from the administrative record." 391 F. Supp. 2d at 198 (citing *Public Citizen v. Heckler*, 653 F. Supp. 1229, 1237 (D.D.C. 1986)).[3]

All that is required for supplementation under this adverse-document exception is a "showing that . . . the documents at issue (1) were known to the agency at the time it made its decision, (2) 'are directly related to the decision,' and (3) 'are adverse to the agency's decision.'" *Id.* (quoting *Public Citizen*, 653 F. Supp. at 1237). Plaintiffs clearly satisfy those requirements.

On the first requirement, Defendants argue (without citation to any authority) that the fact that the Wolf Memo was created by DHS is insufficient, because "this does not mean that it reached or was known to the relevant agency decision maker." Opp. 5. Here too, Defendants conflate supplementation and completion. Completion requires a showing that the document sought to be added to the record was "before the agency" and "influenced the agency in its decisionmaking." *Fort Sill Apache Tribe*, 345 F. Supp. 3d at 6, 9. Supplementation, by contrast, concerns documents which were "not previously before the agency decisionmakers" but which "should have been," *id.* at 9—for instance, because they contain directly relevant information adverse to the agency's decision. Here, as with the agency-created documents in *Fund for Animals* and *Public Citizen*, the Wolf Memo satisfies the first requirement because it was "created by the agency itself." *Fund for Animals*, 391 F. Supp. 2d at 198; *see also Public Citizen*, 653 F. Supp. at 1237.[4]

---

[3] Defendants suggest that the Wolf Memo could possibly constitute a "deliberative" document that need not be included in an "agency's administrative record." Opp. 5 n.1. First, Defendants—who are in a position to know—do not actually assert that the memo is deliberative, *id.*, and the document was ordered produced in FOIA litigation and is now public. Second, although deliberative process privilege may justify withholding a document from an *agency's* administrative record, Plaintiffs need not and do not contend that the Wolf Memo constitutes part of record here, as would be the case if Plaintiffs sought completion. *Cf. Fort Sill Apache Tribe*, 345 F. Supp. 3d at 9.

[4] Defendants assert that Plaintiffs "merely speculate about when [the Wolf Memo] may have been written." Opp. 4; *see also id.* at 6. But Plaintiffs' assessment that the Wolf Memo was prepared "between February 14 and April 18, 2019," Mot. 3, is based on comparing clear

On the second requirement, Defendants assert that the Wolf Memo *as a whole* is not directly related to the question at issue in the Guatemala Designation because it instead generally concerns the Migration Protection Protocols. Opp. 5-6. But Plaintiffs need not show that the entire memo relates to the substance of the Designation. It is enough that the Wolf Memo "contain[s] information that is directly relevant to" the Designation. *Fund for Animals*, 391 F. Supp. 2d at 198. By its own terms, that Designation purported to consider whether "[a]pplicants for protection in Guatemala have a meaningful opportunity to make a protection claim, receive a hearing and adjudication regarding that claim, and safely remain in Guatemala until their protection claim is resolved." DHSFF1282. It is obviously relevant that just a few months earlier, a high-level official tasked with leading DHS's "international engagement and negotiations," Mot. 4, concluded that Guatemala has not "created [a] functioning asylum system[] to provide protection to refugees fleeing neighboring countries," ECF No. 115-2 at 3. *See Kent Cty., Del. Levy Court v. EPA*, 963 F.2d 391, 396 (D.C. Cir. 1992) (documents were plainly relevant where they "relate[d] to the position of the agency's own experts on the question central to th[e] case").

As to the third requirement, Defendants cannot and do not contest that Wolf's statement that Guatemala lacks a functioning asylum system is adverse to the conclusion in the DHS Guatemala Designation just months later. That is the end of the matter. *Fund for Animals*, 391 F. Supp. 2d at 198; *Public Citizen*, 653 F. Supp. at 1237.

---

indications in the Wolf Memo to objective facts concerning the operation of the Migrant Protection Protocols program, which Defendants do not dispute. Mot. 3 & n.4. In any event, the only aspect of the timing of the Wolf Memo that Plaintiffs must establish is that the memo predated the DHS Guatemala Designation, and so was known to DHS when it made the Designation. That sequencing is indisputable: the Guatemala Designation was issued on October 16, 2019, and the Wolf Memo was produced in response to a FOIA request made on July 1, 2019, and so must have been written on or before July 1. Defendants do not contest that fact, despite being in a position to know precisely when the Wolf Memo was issued.

Defendants instead take issue with Plaintiffs' observation that "'nothing in the Designation suggests that it was based on considerations that changed after the Wolf Memo was prepared.'" Opp. 6 (quoting Mot. 5). But Defendants fail to identify any indication *in the DHS Guatemala Designation* that it was based on a recent transformation of Guatemala's asylum system. *See id.* at 6-7. They instead cite documents from the record prepared by another agency (the Department of Justice), which they suggest could support a finding that such a transformation took place. *Id.* (citing DOJFF20-23). However, those DOJ record citations are irrelevant: Plaintiffs' arbitrary and capricious challenges to the Guatemala Designations turn on the deficient reasoning in the Designations themselves, which did not consider the *actual* functioning of the system or asylum seekers' safety at all, not on whether the record evidence was sufficient. *See* ECF No. 40-1 at 35-36; ECF No. 89 at 37 ("Plaintiffs do not challenge the agencies' substantive decision or even 'how the agency viewed the record.'").

Moreover, to the extent Defendants seek to shoehorn a merits defense of the Designations into their opposition to the present motion, their DOJ record citations do not support any suggestion that Guatemala went from having no functioning asylum system to having a robust one that adequately protects asylum seekers in a matter of months, let alone that DHS determined as much in the Designation. Indeed, as Defendants acknowledge in their opposition, the DOJ record documents largely "set[] out [the] timeline" of DHS's engagement with Guatemalan authorities about the Asylum Cooperative Agreement. Opp. 6-7 (citing DOJFF20-23).

Accordingly, Plaintiffs satisfy all three requirements and supplementation is appropriate. *Fund for Animals*, 391 F. Supp. 2d at 198-99; *Public Citizen*, 653 F. Supp. at 1237.

## CONCLUSION

The Court should grant Plaintiffs' motion and supplement the record with the Wolf Memo.

Dated: December 29, 2020                          Respectfully submitted,


                                                  /s/ Katrina Eiland
Keren Zwick (D.D.C. Bar. No. IL0055)              Katrina Eiland*
Gianna Borroto**                                  Julie Veroff*
Ruben Loyo**                                      Morgan Russell*
Mark Fleming**                                    Stephen Kang*
Charles G. Roth**                                 American Civil Liberties Union Foundation
National Immigrant Justice Center                 Immigrants' Rights Project
224 S. Michigan Avenue, Suite 600                 39 Drumm Street
Chicago, IL 60604                                 San Francisco, CA 94111
(312) 660-1370                                    (415) 343-0770

Arthur B. Spitzer (D.C. Bar No. 235960)           Omar Jadwat*
Scott Michelman (D.C. Bar No. 1006945)            Lee Gelernt*
American Civil Liberties Union Foundation of      Noor Zafar***
the District of Columbia                          Ming Cheung***
915 15th Street, NW, 2nd floor                    American Civil Liberties Union Foundation,
Washington, D.C. 20005                            Immigrants' Rights Project
(202) 457-0800                                    125 Broad Street, 18th Floor
                                                  New York, NY 10004
Blaine Bookey*                                    (212) 549-2660
Jamie Crook (D.C. Bar No. 1002504)
Annie Daher*                                      Hardy Vieux (D.C. Bar No. 474762)
Sayoni Maitra*                                    Patricia Stottlemyer (D.C. Bar No. 888252536)
Karen Musalo*                                     Human Rights First
Center for Gender & Refugee Studies               805 15th Street, N.W., Suite 900
200 McAllister St.                                Washington, D.C. 20005
San Francisco, CA 94102                           (202) 547-5692
(415) 565-4877
                                                  Attorneys for Plaintiffs
                                                  * Admitted Pro Hac Vice
                                                  **Admitted Pro Bono
                                                  *** Pro Hac Vice Forthcoming