**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| U.T., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>MERRICK GARLAND, *et al.*,[1]<br><br>Defendants. | Civil Action No. 1:20-cv-00116-EGS |

# JOINT STATUS REPORT

On February 22, 2021, the parties filed a joint motion to hold this case in abeyance. ECF No. 121. As noted in that motion, the Secretary of State has announced that the asylum cooperative agreements at issue in this case have been suspended and will be terminated, and President Biden has issued an Executive Order directing the Attorney General and Secretary of Homeland Security to review and determine whether to rescind the rule at issue in this case, as well as any associated agency guidance. *Id.* at 2-3. The parties also noted that they were engaged in discussions on whether they could reach an agreement that would resolve this case without the need for any further litigation. *Id.* at 4. The Court granted the parties' motion and issued the following order:

> MINUTE ORDER. In view of the parties' representations that the government is reviewing the remaining policies at issue in this case and that the parties are involved in ongoing discussions to resolve this case without further litigation, see Joint Mot., ECF No. 121, it is hereby ORDERED that this case is STAYED pending further order of the Court. The parties are directed to submit a joint status report with a recommendation for further proceedings by no later than April 23, 2021.

[1] Under Federal Rule of Civil Procedure 25(d), Attorney General Merrick Garland is automatically substituted for the former Acting Attorney General as a Defendant in this case.

*See* Minute Order (Mar. 15, 2021). The Court subsequently granted the parties' joint motion to extend the deadline for this joint status report until May 24, 2021. *See* Minute Order (Apr. 26, 2021).

As noted in the parties' joint extension motion, ECF No. 125, over the last month the parties made final arrangements for the six individual Plaintiffs to return to the United States so that they may apply for asylum, and each has now returned. Given these developments, all Plaintiffs agree that the only additional litigation they may pursue in this case would be to challenge any prospective application of the rule,[2] related guidance, and any associated application of the challenged country-specific determinations under 8 U.S.C. § 1158(a)(2)(A) that a country provides "access to a full and fair procedure for determining a claim to asylum or equivalent temporary protection." However, because President Biden has issued an executive order directing the Attorney General and the Secretary of Homeland Security to "review and determine whether to rescind the interim final rule … as well as any agency memoranda or guidance issued in reliance on that rule," 86 Fed. Reg. at 8,270, the parties agree that any further litigation should wait until the agencies complete that review.

Accordingly, the parties recommend that this case remain stayed to allow the agencies to complete their review of the challenged rule and associated guidance. While there is not a set timeline for how long that review will take, the parties can promptly notify the Court when that review concludes, and can advise the Court at that time whether the parties believe any further litigation is necessary.

---

[2] *See* Implementing Bilateral and Multilateral Asylum Cooperative Agreements Under the Immigration and Nationality Act, 84 Fed. Reg. 63,994 (Nov. 19, 2019).

Dated: May 24, 2021

Respectfully submitted,

/s/ Keren Zwick
KEREN ZWICK (D.D.C. Bar No. IL0055)
National Immigrant Justice Center
224 S. Michigan Ave. Suite 600
Chicago, Illinois 60604
Tel: (312) 660-1364
Email: kzwick@heartlandalliance.org

*Counsel for Plaintiffs*

*/s/ Brian C. Ward*
BRIAN C. WARD
Senior Litigation Counsel
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 616-9121
Email: brian.c.ward@usdoj.gov

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I certify that on May 24, 2021, I served a copy of the foregoing document on all parties of record by filing it with the Clerk of the Court through the CM/ECF system, which will provide electronic notice to all attorneys of record.

Dated: May 24, 2021

*/s/ Brian C. Ward*
BRIAN C. WARD
U.S. Department of Justice