**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| U.T., *et al.*, | |
| Plaintiffs, | |
| v. | Civil Action No. 1:20-cv-00116-EGS |
| MERRICK GARLAND, *et al*., | |
| Defendants. | |

**JOINT STATUS REPORT**

On February 22, 2021, the parties filed a joint motion to hold this case in abeyance.
*See* ECF No. 121. As noted in that motion, the Secretary of State had announced that the asylum
cooperative agreements at issue in this case were being terminated, and the President had issued
an Executive Order directing the Attorney General and Secretary of Homeland Security to review
and determine whether to rescind the rule at issue in this case, as well as any associated agency
guidance. *Id*. at 2-3. The Court granted the parties' motion and issued the following order:

> MINUTE ORDER. In view of the parties' representations that the government is
> reviewing the remaining policies at issue in this case and that the parties are
> involved in ongoing discussions to resolve this case without further litigation, see
> Joint Mot., ECF No. 121, it is hereby ORDERED that this case is STAYED pending
> further order of the Court. The parties are directed to submit a joint status report
> with a recommendation for further proceedings by no later than April 23, 2021.

*See* Minute Order (Mar. 15, 2021). The Court subsequently extended the deadline for that joint
status report until May 24, 2021. *See* Minute Order (Apr. 26, 2021).

On May 24, 2021, the parties submitted a joint status report noting that the six individual
Plaintiffs had returned to the United States. ECF No. 128. The parties also noted that, all Plaintiffs

1

agree that the only additional litigation they may pursue in this case would be to challenge any prospective application of the rule,[1] related guidance, and any associated application of the challenged country-specific determinations under 8 U.S.C. § 1158(a)(2)(A) that a country provides "access to a full and fair procedure for determining a claim to asylum or equivalent temporary protection." ECF No. 128 at 1-2. The parties further noted that, because President Biden had issued an executive order directing the Attorney General and the Secretary of Homeland Security to "review and determine whether to rescind the interim final rule … as well as any agency memoranda or guidance issued in reliance on that rule," 86 Fed. Reg. at 8,270, further litigation should be stayed until the agencies complete that review. *Id.* On August 23 and November 22, 2021, the parties submitted additional joint status reports noting that the agencies' review was still ongoing and recommending that the case remain stayed. *See* ECF Nos. 130, 131.

On November 23, 2021, the Court issued a minute order stating: "In view of 131 joint status report, the parties are directed to file another joint status report with a recommendation for further proceedings by no later than February 22, 2022." *See* Minute Order (Nov. 23, 2021).

The agencies' review of the challenged rule and associated guidance remains ongoing at this point. Accordingly, the parties recommend that this case continue to be stayed to allow the agencies to complete that review.

---

[1] *See* Implementing Bilateral and Multilateral Asylum Cooperative Agreements Under the Immigration and Nationality Act, 84 Fed. Reg. 63,994 (Nov. 19, 2019).

Dated: February 22, 2022

Respectfully submitted,

/s/ Keren Zwick
KEREN ZWICK (D.D.C. Bar No. IL0055)
National Immigrant Justice Center
224 S. Michigan Ave. Suite 600
Chicago, Illinois 60604
Tel: (312) 660-1364
Email: kzwick@heartlandalliance.org

*Counsel for Plaintiffs*


/s/ Brian C. Ward
BRIAN C. WARD
Senior Litigation Counsel
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 616-9121
Email: brian.c.ward@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that on February 22, 2022, I served a copy of the foregoing document on all parties of record by filing it with the Clerk of the Court through the CM/ECF system, which will provide electronic notice to all attorneys of record.

Dated: February 22, 2022              */s/ Brian C. Ward*
                                         BRIAN C. WARD
                                         U.S. Department of Justice