UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| U.T., *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>PAMELA BONDI, *et al.*,<br><br>　　　　　Defendants. | Civil Action No. 1:20-cv-00116-EGS |

**JOINT STATUS REPORT AND MOTION FOR STATUS CONFERENCE**

　　The parties submit this joint status report pursuant to this Court's Minute Order dated June 9, 2025. The parties also respectfully request a status conference with the Court to discuss appropriate next steps in this litigation in light of two new asylum cooperative agreements subject to the interim final rule at issue in this case, which the government entered into since the parties' last status report on June 8, 2025.

　　This case has been held in abeyance at the parties' joint request since March 15, 2021. As explained in the parties' February 22, 2021 joint abeyance motion, the previous administration terminated the asylum cooperative agreements then in effect and was reviewing whether to rescind the interim final rule[1] and associated agency memoranda and guidance. ECF No. 121 at 2-3. The parties thereafter filed a series of status reports recommending that the abeyance continue while that review was ongoing. *See* ECF Nos. 130-146.

---

[1] *See* Implementing Bilateral and Multilateral Asylum Cooperative Agreements Under the Immigration and Nationality Act, 84 Fed. Reg. 63,994 (Nov. 19, 2019).

1

In their most recent status report on June 6, 2025, the parties stated: "At this time the parties recommend that this case remain stayed to give the Administration additional time to determine how to proceed. There are currently no asylum cooperative agreements covered by the rule at issue in this case. If that changes, Defendants will notify Plaintiffs and the parties can confer and submit a status report to the Court on how they propose to proceed." ECF No. 148 at 2. In response to the parties' report in June, the Court ordered the parties "to file another joint status report with a recommendation for further proceedings by no later than August 6, 2025." *See* Minute Order (June 6, 2025).

On June 26, 2025, Defendants notified Plaintiffs that there were new asylum cooperative agreements covered by the rule at issue in this case. On July 1, 2025, Defendants informed Plaintiffs that there were new agreements, but they had not been fully implemented, there was not yet a date for implementation, and that Defendants would share additional updates as they were able. On July 22, 2025, Defendants provided Plaintiffs the Federal Register notices for new agreements with Guatemala and Honduras. *See Agreement Between the Government of the United States of America and the Government of the Republic of Honduras for Cooperation in the Examination of Protection Requests*, 90 Fed. Reg. 30076 (July 8, 2025); *Agreement Between the Government of the United States of America and the Government of the Republic of Guatemala Relating to the Transfer of Nationals of Central American Countries to Guatemala*, 90 Fed. Reg. 31670 (July 15, 2025).

Independently, Plaintiffs have learned that, since at least July 31, 2025, DHS has filed multiple motions in immigration court proceedings seeking to pretermit noncitizens' asylum applications based on at least one of the new agreements.

In light of these developments, the parties respectfully request that the Court schedule a status conference to discuss appropriate next steps in this litigation, including whether it is appropriate to lift the abeyance and, if necessary, a timeline for Plaintiffs to amend their complaint to address any new agency actions implementing the new agreements.

Plaintiffs believe that to determine an appropriate timeline for the litigation, it is necessary to have information such as: whether both the new agreements with Honduras and Guatemala are both currently being implemented; whether the new agreements are being implemented in both expedited removal proceedings and regular removal proceedings in immigration court; whether agency guidance implementing the new agreements has been issued; whether DHS and DOJ have issued the necessary determinations that Guatemala and Honduras provide full and fair asylum procedures; and when any agency guidance or determinations took effect and when they were first applied to noncitizens.

Defendants do not believe that there is any basis for Plaintiffs to seek or for the Court to order disclosure of additional information related to any new agreements at this time.

Dated: August 6, 2025							Respectfully submitted,

/s/ Keren Zwick
KEREN ZWICK (D.D.C. Bar No. IL0055)
National Immigrant Justice Center
111 W. Jackson Blvd., Suite 600
Chicago, Illinois 60604
Tel: (312) 660-1364
Email: kzwick@immigrantjustice.org

*Counsel for Plaintiffs*


/s/ Brian C. Ward
BRIAN C. WARD
Senior Litigation Counsel
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 616-9121
Email: brian.c.ward@usdoj.gov

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

    I certify that on August 6, 2025, I served a copy of the foregoing document on all parties of record by filing it with the Clerk of the Court through the CM/ECF system, which will provide electronic notice to all attorneys of record.

                                            */s/ Brian C. Ward*
                                            BRIAN C. WARD
                                            U.S. Department of Justice