UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| U.T., *et al.*,<br><br>          Plaintiffs,<br><br>     v.<br><br>PAMELA BONDI, *et al.*,<br><br>          Defendants. | Civil Action No. 1:20-cv-00116-EGS |

## JOINT STATUS REPORT

The parties submit this joint status report pursuant to this Court's Minute Order dated August 11, 2025. That order directed the parties file a status report no later than August 14, 2025, "addressing the following: (1) Plaintiffs shall provide a complete list of the additional information they seek from Defendants; (2) Defendants shall explain in full the basis for their position that they 'do not believe that there is any basis for Plaintiffs to seek or for the Court to order disclosure of additional information related to any new agreements at this time'; and (3) the parties shall provide their availability for an in-person status conference on the following dates: August 18, 19, 20, 26, and 27, 2025." Minute Order, Aug. 11, 2025. The parties state the following:

**Information Plaintiffs Seek from Defendants**

As reported in the parties' August 6, 2025, status report and motion, Defendants previously informed Plaintiffs of the existence of new agreements with Guatemala and Honduras subject to the interim final rule (IFR) at issue in this case. ECF No. 150 at 2. Plaintiffs sought and continue to seek the following information from Defendants to inform appropriate next steps in this litigation:

1

1. Whether any further agreements subject to the IFR have been entered besides those with Honduras and Guatemala;[1]

2. Whether each of the new agreements are already being implemented and if so (i) whether they are being implemented in expedited removal proceedings under 8 U.S.C. § 1225, regular removal proceedings under 8 U.S.C. § 1229a, or both; and (ii) when the agreements were first applied to noncitizens;

3. Whether and when DHS and/or DOJ categorical designations concerning the protection systems of the countries involved in each new agreement: (i) were issued; (ii) took effect; and (iii) were first applied to a noncitizen;

4. Whether and when DHS and/or DOJ has issued any guidance for the implementation of each new agreement and, if so, when such guidance: (i) was issued; (ii) took effect; and (iii) was first applied to a noncitizen.

As indicated in the parties' August 6, 2025, filing, Plaintiffs believe this information is necessary to determine an appropriate timeline for next steps in this litigation. ECF No. 150 at 3. In particular, though Defendants represented on July 1, 2025, that the new agreements had not yet been fully implemented as of that date, intervening events suggest that Defendants have begun relying on one or more new agreements, at least in regular removal proceedings in immigration court. As Plaintiffs noted in the parties' last filing, they "have learned that, since at least July 31, 2025, DHS has filed multiple motions in immigration court proceedings seeking to pretermit

---

[1] On August 14, 2025, Plaintiffs learned through a State Department press release that the United States had signed a new "safe third country agreement" with Paraguay, which the press release describes as "provid[ing] asylum seekers currently in the United States the opportunity to pursue their protection claims in Paraguay." *See* U.S. Dep't of State, Press Release, Signing of a Safe Third Country Agreement with Paraguay, Aug. 14, 2025, *available at* https://perma.cc/T6DE-K4XC.

noncitizens' asylum applications based on at least one of the new agreements." *Id.* at 2. The information Plaintiffs request above is of particular importance because cases that address changes to the expedited removal system are subject to a 60-day deadline under 8 U.S.C. § 1252(e)(3), but in the absence of the above information, Plaintiffs are unable to assess if that clock has begun to run or when it will expire.

**Basis for Defendants' Statement Opposing Disclosure**

Defendants do not believe that there is any basis for Plaintiffs to seek or for the Court to order disclosure of additional information related to any new agreements at this time. Plaintiffs' operative complaint does not contain allegations from any Plaintiffs with standing or live claims against any new agreements. As a result, there is no basis for Plaintiffs to seek any non-public information about these new agreements as part of this case. In addition, even if Plaintiffs raised live APA claims against a new agreement, any challenges to those new agreements under the APA must be judged based on the relevant administrative record, and providing an administrative record is premature at this stage. *See, e.g.*, *Air Transp. Ass'n of Am., Inc. v. Nat'l Mediation Bd.*, 663 F.3d 476, 487 (D.C. Cir. 2011); *Menkes v. U.S. Dep't of Homeland Sec.*, 637 F.3d 319, 339 (D.C. Cir. 2011); L. Civil R. 7(n)(1) (requiring filing of certified contents of the administrative record 30 days after an answer or at the time of a dispositive motion).

**Parties' Availability for an In-Person Hearing**

The parties propose that the court hold a status conference on August 20, 2025, in the afternoon.

Dated: August 14, 2025

Respectfully submitted,

*/s/ Keren Zwick*
KEREN ZWICK (D.D.C. Bar No. IL0055)
National Immigrant Justice Center
111 W. Jackson Blvd., Suite 600
Chicago, Illinois 60604
Tel: (312) 660-1364
Email: kzwick@immigrantjustice.org

*Counsel for Plaintiffs*


*/s/ Brian C. Ward*
BRIAN C. WARD
Senior Litigation Counsel
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 616-9121
Email: brian.c.ward@usdoj.gov

*Counsel for Defendants*