UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| U.T., *et al.*,<br><br>              Plaintiffs,<br><br>   v.<br><br>PAMELA BONDI, *et al.*,<br><br>              Defendants. | Civil Action No. 1:20-cv-116-EGS |

**PLAINTIFFS' <u>UNOPPOSED</u> MOTION TO LIFT ABEYANCE**

    This case has been held in abeyance at the parties' joint request since February 22, 2021. *See* Minute Order (Feb. 22, 2021); Minute Order (Mar. 15, 2021). The Court placed the case in abeyance at the parties' joint request in light of the previous administration's review of whether to rescind the interim final rule ("Rule")[1] and other policies challenged in this litigation and the parties' then-ongoing settlement discussions. *See* Stipulated Mot. to Hold Case in Abeyance at 2-4 (Feb. 22, 2021), ECF No. 121. The parties thereafter filed a series of status reports recommending that the abeyance continue while the prior administration's review was ongoing. *See* ECF Nos. 128, 130–146. Plaintiffs now respectfully move the Court to lift the abeyance. Defendants' counsel has informed Plaintiffs' counsel that Defendants do not oppose this motion.

    The last administration terminated the previous agreements issued in 2019 that were covered by the Rule but did not rescind the Rule or the other challenged policies prior to the change

---

[1] *See* Implementing Bilateral and Multilateral Asylum Cooperative Agreements Under the Immigration and Nationality Act, 84 Fed. Reg. 63994 (Nov. 19, 2019).

in administrations; and the parties' previous settlement discussions concluded without an agreement resolving this litigation.[2]

Because the circumstances that justified the abeyance have ended, good cause now exists to lift the abeyance. *See, e.g.*, *Ozark Auto. Distributors, Inc. v. NLRB*, 779 F.3d 576, 577 (D.C. Cir. 2015) (court of appeals placed case in abeyance pending decision of a relevant issue in separate litigation and then granted motion to lift the abeyance once those separate decisions had been issued); Minute Order, *M.A. v. Mayorkas*, 1:23-cv-01843-TSC (July 18, 2025) (granting motion to lift abeyance of case concerning separate asylum regulation where the abeyance was premised on previous settlement negotiations and the parties represented that those negotiations had concluded without resolving the dispute); *see also* Joint Status Report & Joint Mot. for Suppl. Briefing at 1, *M.A. v. Mayorkas*, 1:23-cv-01843-TSC (July 17, 2025), ECF No. 106 (requesting that the abeyance be lifted in light of the conclusion of settlement discussions).

In addition, as the parties previously informed the Court, the current administration has signed a series of new agreements covered by the Rule in recent months. *See* ECF No. 150 at 2. To date, there are new agreements with at least Guatemala, Honduras, Paraguay, and Uganda; and an agreement with Ecuador is reportedly imminent if it has not yet been signed.[3] Further, as

---

[2] As noted in their prior status reports, the parties did reach the following agreement under the prior administration: "[T]he parties made final arrangements for the six individual Plaintiffs to return to the United States so that they may apply for asylum, and each has now returned. Given these developments, all Plaintiffs agree that the only additional litigation they may pursue in this case would be to challenge any prospective application of the [R]ule, related guidance, and any associated application of the challenged country-specific determinations under 8 U.S.C. § 1158(a)(2)(A) that a country provides 'access to a full and fair procedure for determining a claim to asylum or equivalent temporary protection.'" *E.g.*, ECF No. 128 at 2 (May 24, 2021).

[3] *See* 90 Fed. Reg. 30076 (July 8, 2025) (Honduras); 90 Fed. Reg. 31670 (July 15, 2025) (Guatemala); U.S. State Dep't, Press Release, Signing of a Safe Third Country Agreement with Paraguay (Aug. 14, 2025), https://perma.cc/X88Q-C6W7; 90 Fed. Reg. 42597 (September 3,

Plaintiffs previously stated, the government has been invoking these new agreements in removal proceedings "since at least July 31, 2025." ECF No. 150 at 2. And last week, the government published an intended ratification of the Rule by the current Secretary of Homeland Security, which was issued on August 20, 2025. *See* Ratification of Department Action, 90 Fed. Reg. 42309 (Sept. 2, 2025). These developments further warrant lifting the abeyance to prepare for litigation on this new implementation of the Rule after years of dormancy. In light of these new developments, and concurrently with this motion, Plaintiffs will also be filing a motion for leave to amend their complaint to challenge the Rule and the current agency guidance documents and memoranda implementing the Rule and the relevant new agreements signed by the current administration.

With respect to the Court's August 19, 2025 Minute Order—which directed that "[t]o the extent Plaintiffs seek discovery opposed by Defendants, they shall file a motion seeking leave of Court to file a motion relating to the discovery dispute including the legal basis for seeking the discovery"—Plaintiffs intend to assess whether any such motion remains necessary after the present motion and their forthcoming motion for leave to amend are resolved.

## CONCLUSION

The Court should grant Plaintiffs' unopposed motion and lift the abeyance in this case

Dated: September 8, 2025                                 Respectfully submitted,

Keren Zwick (D.D.C. Bar. No. IL0055)         *s/ Lee Gelernt*
Mary Georgevitch**                                         Lee Gelernt*
Gerardo Romo**                                              Omar Jadwat*
Mark Fleming*                                                   Natalie Behr**
Charles G. Roth*                                               Grace Choi**
National Immigrant Justice Center

---

2025) (Uganda); CNN, US working with Ecuador on Agreement to Send Asylum Seekers to the Country (Sept. 4, 2025), https://perma.cc/XV5H-CTDJ.

3

111 W. Jackson Blvd., Suite 800
Chicago, IL 60604
(312) 660-1370
kzwick@immigrantjustice.org
mgeorgevich@immigrantjustice.org
gromo@immigrantjustice.org
mfleming@immigrantjustice.org
croth@immigrantjustice.org

Melissa Crow (D.C. Bar No. 453487)
Center for Gender & Refugee Studies
1121 14th Street, NW, Suite 200
Washington, DC 20005
(202) 355-4471
crowmelissa@uclawsf.edu

Blaine Bookey*
Karen Musalo*
Peter Habib**
Center for Gender & Refugee Studies
200 McAllister St.
San Francisco, CA 94102
(415) 565-4877
bookeybl@uclawsf.edu
musalok@uclawsf.edu
habibpeter@uclawsf.edu

Anwen Hughes**
Inyoung Hwang**
Human Rights First
121 W. 36th St., PMB 520
New York, NY 10004
(202) 547-5692
hughesa@humanrightsfirst.org
hwangs@humanrightsfirst.org

American Civil Liberties Union Foundation, Immigrants' Rights Project
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2660
lgelernt@aclu.org
ojadwat@aclu.org
irp_nbehr@aclu.org
gchoi@aclu.org

Morgan Russell*
Stephen B. Kang*
American Civil Liberties Union Foundation
Immigrants' Rights Project
425 California Street, Suite 700
San Francisco, CA 94104
(415) 343-0770
mrussell@aclu.org
skang@aclu.org

Arthur B. Spitzer (D.C. Bar No. 235960)
Scott Michelman (D.C. Bar No. 1006945)
American Civil Liberties Union Foundation of the District of Columbia
529 14th Street NW, Suite 722
Washington, D.C. 20045
(202) 457-0800
aspitzer@acludc.org
smichelman@acludc.org

*Attorneys for Plaintiffs*
*\* Appearing pro hac vice or pro bono*
*\*\* Application for admission pro hac vice or pro bono appearance forthcoming*