**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| U.T., *et al.*,<br><br>                 Plaintiffs,<br><br>         v.<br><br>PAMELA BONDI, *et al.*,<br><br>                 Defendants. | Civil Action No. 1:20-cv-116-EGS |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

**<u>INTRODUCTION</u>**

In addition to their concurrently filed motion to lift the abeyance in this case, Plaintiffs respectfully seek leave to file a first amended complaint.[1]

The Rule at issue in this case purports to implement the "safe third country" provision of the asylum statute, 8 U.S.C. § 1158(a)(2)(A). *See* Implementing Bilateral and Multilateral Asylum Cooperative Agreements Under the Immigration and Nationality Act, 84 Fed. Reg. 63994 (Nov. 19, 2019). The Rule provides mechanisms for Defendants to bar asylum to noncitizens in both expedited removal proceedings and regular removal proceedings in immigration court and instead remove the noncitizens, pursuant to international agreements, to countries other than the noncitizens' countries of origin.

---

[1] In response to Plaintiffs' request for their position on this motion, Defendants stated as follows: "Defendants cannot take a position on the motion for leave to amend before seeing the proposed amended complaint. Defendants will respond with their position after reviewing the motion and the proposed amended complaint."

1

That Rule at the center of this case remains in place, although it was dormant for the vast majority of the time since this case was first filed.  However, the events of those intervening years—and the last few months—makes amendment proper.  The Rule's initial implementation by the first Trump administration ceased in March 2020 and was never resumed either by that administration or the Biden administration.  And this case has been in abeyance for more than four and a half years in light of the Biden administration's statements that it was considering whether to rescind the Rule.  But the Rule remains on the books and in recent months the current administration has signed and begun implementing new agreements covered by the Rule.  Moreover, Defendants can show no undue delay or prejudice, and the course of events in this case makes amendment both appropriate and just.

Plaintiffs also note that because Defendants have not yet filed either "a responsive pleading" to the operative complaint "or a motion under Rule 12(b), (e), or (f)," Plaintiffs are likely entitled to amend as of right.  *See* Fed. R. Civ. P. 15(a)(1)(B); *see also, e.g.*, *Andresen v. Intepros Fed., Inc.*, No. 15-cv-446 (EGS), 2024 WL 4164660, at *28-29 (D.D.C. Sept. 12, 2024) (summary judgment motion is not a qualifying Rule 12 motion within the meaning of Rule 15(a)(1)(B)); *Plunkett v. Dep't of Justice*, No. 11-cv-341 (RWR), 2011 WL 6396632, at *2 (D.D.C. Dec. 20, 2011) (same); *Adams v. Quattlebaum*, 219 F.R.D. 195, 196 (D.D.C. 2004) (motions for "summary judgment do not qualify as responsive pleadings for the purposes of Rule 15"). However, Plaintiffs file the present motion in the abundance of caution and in light of their prior motion for leave to amend, ECF No. 113, which was filed on November 20, 2020, and has not yet been ruled on.[2]

---

[2] Plaintiffs' November 2020 motion sought leave to amend their complaint to add claims concerning the validity of the service of former Acting Homeland Security Secretaries Kevin McAleenan and Chad Wolf.  ECF No. 113.  Plaintiffs' new proposed amended complaint does not include those claims.

In filing this superseding motion for leave to amend, Plaintiffs also hereby withdraw that prior motion for leave.  Alternatively, Plaintiffs consent to the Court's denial of that prior motion as moot in light of the present motion.

In light of Defendants' recent reimplementation of the Rule after years of dormancy, the Court should grant Plaintiffs leave to update their challenge to the Rule and to challenge the current set of associated agency actions.

## **BACKGROUND**

The government issued the interim final rule ("Rule") challenged here on November 19, 2019.  84 Fed. Reg. 63994.  Plaintiffs filed the operative complaint on January 15, 2020.  Among other things, that prompt filing meant that this suit was timely under the 60-day filing deadline set forth in 8 U.S.C. § 1252(e)(3) for actions challenging new expedited removal regulations and policies.  To Plaintiffs' knowledge, this suit was the only timely challenge to the expedited removal provisions of the Rule and the original set of associated agency policies issued in 2019.

The parties filed cross-motions for summary judgment, and briefing was completed on those motions on April 29, 2020.  However, implementation of the Rule and the original associated policies was "paused [in] mid-March 2020 due to COVID-19."[3]  The Court had not yet ruled on the parties' cross-motions for summary judgment when the parties then jointly requested in February 2021 that the Court place this case in abeyance.

This case has been held in abeyance at the parties' joint request since February 22, 2021.  *See* Minute Order (Feb. 22, 2021); *see also* Minute Order (Mar. 15, 2021).  The Court placed the case in abeyance at the parties' joint request in light of the Biden administration's review of

---

[3] U.S. State Dep't, Press Release, Suspending and Terminating the Asylum Cooperative Agreements with the Governments of El Salvador, Guatemala, and Honduras (Feb. 6, 2021), https://perma.cc/BLB4-AVRD.

whether to rescind the Rule and other policies challenged in the original complaint and the parties' then-ongoing settlement discussions.  *See* Stipulated Mot. to Hold Case in Abeyance (Feb. 22, 2021), ECF No. 121 at 2-4.

The Biden administration terminated the previous agreements signed in 2019 that were covered by the Rule, which were with Guatemala, Honduras, and El Salvador.[4]  However, the Biden administration did not rescind the Rule or the other challenged policies prior to the change in administrations; and the parties' previous settlement discussions concluded without reaching an agreement resolving this case.

Since June 2025, the current administration has signed new third country agreements, covered by the Rule, with a series of dangerous, repressive, and far-flung countries with inadequate asylum systems.  *See* ECF No. 150 at 2.  To date, these nations include at least Guatemala, Honduras, Paraguay, and Uganda; and an ACA with Ecuador is reportedly imminent, if it has not yet been signed.[5]  Since July, the government has begun implementing those new agreements pursuant to new guidance documents and new agency memoranda inaccurately and unlawfully concluding that the foreign nations at issue have "full and fair" asylum processes.  *See* ECF No. 150 at 2.  Last week, the government published an intended ratification of the Rule by the current Secretary of Homeland Security, which was issued on August 20, 2025.  *See* Ratification of Department Action, 90 Fed. Reg. 42309 (Sept. 2, 2025).

---

[4]  U.S. State Dep't, Press Release, Suspending and Terminating the Asylum Cooperative Agreements with the Governments of El Salvador, Guatemala, and Honduras (Feb. 6, 2021), https://perma.cc/BLB4-AVRD.

[5]  *See* 90 Fed. Reg. 30076 (July 8, 2025) (Honduras); 90 Fed. Reg. 31670 (July 15, 2025) (Guatemala); U.S. State Dep't, Press Release, Signing of a Safe Third Country Agreement with Paraguay (Aug. 14, 2025), https://perma.cc/X88Q-C6W7; 90 Fed. Reg. 42597 (September 3, 2025) (Uganda); CNN, US working with Ecuador on Agreement to Send Asylum Seekers to the Country (Sept. 4, 2025), https://perma.cc/XV5H-CTDJ.

Concurrently with this motion for leave to amend their complaint, Plaintiffs have filed an unopposed motion to lift the abeyance in the case.

## **LEGAL STANDARD**

Rule 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "The decision to grant or deny leave to amend . . . is vested in the sound discretion of the trial court," *Doe v. McMillan*, 566 F.2d 713, 720 (D.C. Cir. 1977), which should "determine the propriety of amendment on a case by case basis, using a generous standard," *Harris v. Sec'y, U.S. Dep't of Veterans Affairs*, 126 F.3d 339, 344 (D.C. Cir. 1997). "Leave to amend a complaint should be freely given in the absence of undue delay, bad faith, undue prejudice to the opposing party, repeated failure to cure deficiencies, or futility." *Richardson v. United States*, 193 F.3d 545, 548–49 (D.C. Cir. 1999) (citing *Foman*, 371 U.S. at 182).

"Rule 15(a) does not prescribe any time limit within which a party may apply to the court for leave amend" and "[i]n most cases delay alone is not a sufficient reason for denying leave" absent prejudice to the non-moving party. *Caribbean Broad. Sys., Ltd. v. Cable & Wireless P.L.C.*, 148 F.3d 1080, 1084 (D.C. Cir. 1998) (internal quotation marks omitted) (citing 6 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Fed. Prac. & Proc. Civ. 2d § 1488, at 652, 659, 662–69 (1990 & Supp. 1997)); *see also Atchinson v. District of Columbia*, 73 F.3d 418, 426 (D.C. Cir. 1996) ("Consideration of whether delay is undue . . . should generally take into account . . . the possibility of any resulting prejudice."). The non-movant generally "bears the burden of

persuasion that a motion to amend should be denied." *Easter v. District of Columbia*, 128 F. Supp. 3d 173, 177 (D.D.C. 2015).

## ARGUMENT

The Court should grant Plaintiffs' motion for leave to amend. There is no undue delay or prejudice to Defendants from Plaintiffs' proposed amendments. There has been no discovery, the Court has not yet ruled on the parties' prior cross-motions for summary judgment, and there is no trial scheduled. Rather, the case has been in abeyance at the parties' joint request for the vast majority of the time since it was filed: it was filed roughly five and a half years ago (in January 2020) and has been in abeyance for roughly four and a half years (since February 2021). The case was also effectively on hold for much of the first year it was pending, because implementation of the Rule and associated policies "had been paused since mid-March 2020 due to COVID-19."[6]

The mere passage of time does not preclude amendment. Rather, "[p]arties are routinely permitted to amend pleadings well after suit has been filed." *Howard v. Gutierrez*, 237 F.R.D. 310, 312 (D.D.C. 2006). Courts in this District have granted leave to amend after far more substantial delays, even in the midst of or after the close of discovery. *See, e.g.*, *Does I through III v. District of Columbia*, 815 F. Supp. 2d 208, 215 (D.D.C. 2011) (permitting amendment seven years after complaint filed, and after discovery and summary judgment motions); *Jiggetts v. Cipullo*, 285 F. Supp. 3d 156, 162 (D.D.C. 2018) (permitting amendment two years after initial complaint was filed and while discovery was ongoing); *Ellis v. Georgetown Univ. Hosp.*, 631 F. Supp. 2d 71, 80 (D.D.C. 2009) (permitting amendment one day before the close of discovery); *compare, e.g.*, *Bode & Grenier, LLP v. Knight*, 808 F.3d 852, 860 (D.C. Cir. 2015) (undue delay

---

[6] U.S. State Dep't, Press Release, Suspending and Terminating the Asylum Cooperative Agreements with the Governments of El Salvador, Guatemala, and Honduras (Feb. 6, 2021), https://perma.cc/BLB4-AVRD.

where "motion to amend arrived four years after litigation began, one year after summary judgment motions were decided, eight months after filing an amended answer and only days before trial").

Defendants cannot demonstrate the required prejudice from any delay between the original complaint and the proposed amendment. *See Atchinson*, 73 F.3d at 426 (prejudice to non-movant should be considered in determining whether delay is undue). An amendment is not prejudicial merely because it causes the non-movant inconvenience or to expend additional resources. *Jiggetts*, 285 F. Supp. 3d at 162-63. Instead, Defendants "must show that [they were] unfairly disadvantaged or deprived of the opportunity to present facts or evidence which [they] would have offered had the amendments been timely." *In re Vitamins Antitrust Litig.*, 217 F.R.D. 30, 32 (D.D.C. 2003) (internal quotation marks omitted); *see also City of Moundridge v. Exxon Mobil Corp.*, 250 F.R.D. 1, 6 (D.D.C. 2008) (explaining that "[u]ndue prejudice is not mere harm to the non-movant") (internal quotation marks omitted). Here, Defendants cannot demonstrate any harm, much less meet this high prejudice threshold.

Moreover, given the many intervening developments since the initial phase of litigation in this case—even while the Rule at the heart of the case remains the same—it is likely that new cross-summary judgment motions (or at the very least, significant supplemental briefing) would be appropriate even if Plaintiffs did *not* amend their complaint. *See, e.g.*, Minute Order, *M.A. v. Mayorkas*, 1:23-cv-01843-TSC (July 24, 2025) (denying previously-filed cross-motions for summary judgment in case concerning separate asylum regulation and ordering filing of new cross-motions "[g]iven that this case was stayed for over a year and the parties already planned to brief additional issues for summary judgment"); Joint Status Report & Joint Mot. for Suppl. Briefing at 2, *M.A. v. Mayorkas*, 1:23-cv-01843-TSC (July 17, 2025), ECF No. 106 (government sought "leave to provide supplemental briefing on, among other issues, the standing of the organizational

7

plaintiffs in light of the Supreme Court's decision in *FDA v. Alliance for Hippocratic Medicine*, 602 U.S. 367 (2024)").

And as noted above, to Plaintiffs' knowledge this suit was the only challenge to the Rule's expedited removal provisions timely filed under 8 U.S.C. § 1252(e)(3)'s deadline for challenging expedited removal regulations.  It is therefore important that this case be able to proceed as to the Rule and any of the other related 2019 expedited removal policies first challenged in the operative complaint that are still in effect.

At the same time, the context in which the Rule is now operating is very different than when this case was originally filed during the first Trump administration.  The current administration has signed a flurry of agreements covered by the Rule in recent months with dangerous and repressive countries, including new agreements with Guatemala and Honduras (with whom there were prior agreements in 2019), but also even more unprecedented agreements with other countries as far away as South America and Africa.  *See, e.g.*, Uganda Agreement, 90 Fed. Reg. 42597; U.S. State Dep't, Press Release, Signing of a Safe Third Country Agreement with Paraguay, Aug. 14, 2025, https://perma.cc/X88Q-C6W7.

Additionally, while the prior implementation of the Rule in 2019 occurred only in expedited removal proceedings, under this administration Defendants are also actively invoking the Rule and the new agreements to seek to bar asylum to noncitizens in regular removal proceedings in immigration court.  Plaintiffs' proposed amended complaint would add new individual Plaintiffs who face harm because of that new implementation of the Rule, its implementing guidance, and the unlawful country-specific memoranda concluding that the countries with which new agreements have been signed have full and fair asylum systems.

## CONCLUSION

The Court should grant Plaintiffs' motion for leave to file their proposed first amended complaint.

Dated: September 8, 2025

Keren Zwick (D.D.C. Bar. No. IL0055)
Mary Georgevitch**
Gerardo Romo**
Mark Fleming*
Charles G. Roth*
National Immigrant Justice Center
111 W. Jackson Blvd., Suite 800
Chicago, IL 60604
(312) 660-1370
kzwick@immigrantjustice.org
mgeorgevich@immigrantjustice.org
gromo@immigrantjustice.org
mfleming@immigrantjustice.org
croth@immigrantjustice.org

Melissa Crow (D.C. Bar No. 453487)
Center for Gender & Refugee Studies
1121 14th Street, NW, Suite 200
Washington, DC 20005
(202) 355-4471
crowmelissa@uclawsf.edu

Blaine Bookey*
Karen Musalo*
Peter Habib**
Center for Gender & Refugee Studies
200 McAllister St.
San Francisco, CA 94102
(415) 565-4877
bookeybl@uclawsf.edu
musalok@uclawsf.edu
habibpeter@uclawsf.edu

Respectfully submitted,

*s/ Lee Gelernt*
Lee Gelernt*
Omar Jadwat*
Natalie Behr**
Grace Choi**
American Civil Liberties Union Foundation,
Immigrants' Rights Project
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2660
lgelernt@aclu.org
ojadwat@aclu.org
irp_nbehr@aclu.org
gchoi@aclu.org

Morgan Russell*
Stephen B. Kang*
American Civil Liberties Union Foundation
Immigrants' Rights Project
425 California Street, Suite 700
San Francisco, CA 94104
(415) 343-0770
mrussell@aclu.org
skang@aclu.org

Arthur B. Spitzer (D.C. Bar No. 235960)
Scott Michelman (D.C. Bar No. 1006945)
American Civil Liberties Union Foundation of
the District of Columbia
529 14th Street NW, Suite 722
Washington, D.C. 20045
(202) 457-0800

Anwen Hughes**
Inyoung Hwang**
Human Rights First
121 W. 36th St., PMB 520
New York, NY 10004
(202) 547-5692
hughesa@humanrightsfirst.org
hwangs@humanrightsfirst.org

aspitzer@acludc.org
smichelman@acludc.org


*Attorneys for Plaintiffs*
\* *Appearing pro hac vice or pro bono*
\*\* *Application for admission pro hac vice or pro bono appearance forthcoming*