UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| U.T., *et al.*,<br><br>    Plaintiffs,<br><br>  v.<br><br>PAMELA BONDI, *et al.*,<br><br>    Defendants. | Civil Action No. 1:20-cv-00116-EGS |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii

INTRODUCTION ............................................................................................................................... 1

LEGAL STANDARD.......................................................................................................................... 2

ARGUMENT ....................................................................................................................................... 3

CONCLUSION .................................................................................................................................... 8

# **TABLE OF AUTHORITIES**

## Cases

*American Immigration Ass'n v. Reno*,
  199 F.3d 1352 (D.C. Cir. 2000) .................................................................................................. 4

*Bode & Grenier, LLP v. Knight*,
  808 F.3d 852 (D.C. Cir. 2015) .................................................................................................... 5

*Church Joint Venture, L.P. v. Blasingame*,
  947 F.3d 925 (6th Cir. 2020) ...................................................................................................... 2

*Daugherty v. Sheer*,
  No. 22-5103, 2023 WL 6380539 (D.C. Cir. Oct. 2, 2023) ...................................................... 2, 6

*Doe v. McMillan*,
  566 F.2d 713 (D.C. Cir. 1977) .................................................................................................... 2

*Elkins v. D.C.*,
  690 F.3d 554 (D.C. Cir. 2012) ................................................................................................ 2, 6

*Food & Drug Admin. v. All. for Hippocratic Med.*,
  602 U.S. 367 (2024) .................................................................................................................... 4

*Garland v. Aleman Gonzalez*,
  596 U.S. 543 (2022) .................................................................................................................... 5

*Harrison v. Rubin*,
  174 F.3d 249 (D.C. Cir. 1999) .................................................................................................... 6

*Hecht v. Ludwig*,
  82 F.3d 1085 (D.C. Cir. 1996) ................................................................................................ 2, 7

*In re Agent Orange Product Liability Litigation*,
  220 F.R.D. 22 (E.D.N.Y. 2004) .................................................................................................. 2

*M.M.V. v. Barr*,
  456 F. Supp. 3d 193 (D.D.C. 2020) ............................................................................................ 7

*M.M.V. v. Garland*,
  1 F.4th 1100 (D.C. Cir. 2021) ..................................................................................................... 7

*Masson v. Aramark Inc.*,
  310 F. Supp. 3d 128 (D.D.C. 2018) ............................................................................................ 2

*Moldea v. New York Times Co.*,
 22 F.3d 310 (D.C. Cir. 1994) ................................................................................................ 2

*Palacios v. MedStar Health, Inc.*,
 298 F. Supp. 3d 87 (D.D.C. 2018) ..................................................................................... 3, 7

**Statutes**

8 U.S.C. § 1252(e)(3) ................................................................................................................ 5, 6

8 U.S.C. § 1252(e)(3)(B) ............................................................................................................... 1

8 U.S.C. § 1252(f)(1) .................................................................................................................... 5

**Rules**

Fed. R. Civ. P. 15(a)(2) ............................................................................................................. 2, 6

**Regulations**

84 Fed. Reg. 63994 (Nov. 19, 2019) ............................................................................................. 3

## **INTRODUCTION**

Defendants submit this response in opposition to Plaintiffs' Motion for Leave to File First Amended Complaint, ECF No. 157. Plaintiffs seek leave to add new individual Plaintiffs and new claims, including new class claims, to challenge an interim final rule issued nearly six years ago in a case that has been pending nearly that long. The Court should deny leave to file an amended complaint that would significantly alter the claims and the Plaintiffs in this case long after the Parties have completed extensive summary judgment briefing on the existing claims.

A significant delay in seeking leave to amend is itself a sufficient basis deny leave where the amendment would alter the claims or parties, and even if some showing of prejudice were required, it can be presumed in these circumstances, where this suit has spanned three presidential administrations. Moreover, the proposed amendment is also futile to the extent the new proposed Plaintiffs seek to challenge the 2019 interim final rule at issue in this case, because those claims are untimely under 8 U.S.C. § 1252(e)(3)(B)—the provision Plaintiffs cite to invoke this Court's jurisdiction. And the D.C. Circuit has squarely held that adding new Plaintiffs to a case that was timely filed under Section 1252(e)(3)(B) does not make the claims of the new Plaintiffs timely. Plaintiffs assert that time bar as the reason they need to amend rather than file a new suit, but the amendment does not relate back to render timely the new claims of new Plaintiffs.

Should Plaintiffs wish to proceed to a ruling on their original claims, Defendants suggest that the Parties submit limited supplemental briefing addressing whether the original Plaintiffs have any live claims and, if so, on any additional legal and factual developments related to the existing Parties and claims that have occurred since the Parties completed summary judgment briefing. To the extent the proposed new Plaintiffs wish to bring new claims that are not time-barred, they should file a new lawsuit to do so. But this lawsuit should not be sent back to square one at this late date.

**LEGAL STANDARD**

While Rule 15 provides that the Court should freely give leave to amend when justice so requires, Fed. R. Civ. P. 15(a)(2), the "decision to grant or deny leave to amend" is ultimately left to the "discretion of the trial court," *Doe v. McMillan*, 566 F.2d 713, 720 (D.C. Cir. 1977). "Among the more common reasons for denying leave to amend are that the amendment …is unduly delayed." *McMillan*, 566 F.2d at 720 (upholding denial of amendment sought 38 months after case was filed) (quoting 3 J. Moore, Federal Practice PP 15.02, 15.08 (1964)). "When a plaintiff seeks to file an amended complaint this tardily, it is within the sound discretion of the district court, in consideration of the potential prejudice to the other party and the interest in eventual resolution of litigation, to deny leave to amend." *Id*.

The longer the delay in seeking leave to amend, the less the opposing party has to show in terms of prejudice, and prejudice can be presumed if the delay is significant. *See, e.g.*, *Daugherty v. Sheer*, No. 22-5103, 2023 WL 6380539, at *3 (D.C. Cir. Oct. 2, 2023) (noting the D.C. Circuit has left open the question of whether prejudice is always required and collecting cases); *Church Joint Venture, L.P. v. Blasingame*, 947 F.3d 925 (6th Cir. 2020); *In re Agent Orange Product Liability Litigation*, 220 F.R.D. 22 (E.D.N.Y. 2004). Delay alone is also a sufficient basis to deny leave to amend when the amendment would add new parties or claims: "Undue delay is a valid reason to reject a party's attempt to add a new theory of liability to a complaint." *Elkins v. D.C.*, 690 F.3d 554, 565 (D.C. Cir. 2012) (upholding denial of leave to amend "five years after the initial complaint" without addressing prejudice). Finally, "Courts may deny a motion to amend a complaint as futile … if the proposed claim would not survive a motion to dismiss." *James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996); *see also Moldea v. New York Times Co.*, 22 F.3d 310, 319 (D.C. Cir. 1994); *Masson v. Aramark Inc.*, 310 F. Supp. 3d 128, 131 (D.D.C. 2018) (denying leave to amend as futile where claims would be barred by statute of

limitations); *Palacios v. MedStar Health, Inc.*, 298 F. Supp. 3d 87, 90 (D.D.C. 2018) ("In particular, if an amendment would not survive a motion to dismiss—such as where a claim sought to be added is barred by the statute of limitations—amendment is futile and should be denied").

## ARGUMENT

The Court should deny Plaintiffs' attempt to restart this litigation at the beginning through an amended complaint adding new Plaintiffs and new claims many years into this case and well after the Parties have already completed extensive briefing on cross motions for summary judgment. The proper route for the new Plaintiffs to raise new claims is through a new case, not by piggybacking Plaintiffs' claims here. None of the existing Plaintiffs has standing or any basis to invoke the Court's jurisdiction to raise these new proposed claims, nor do the new proposed Plaintiffs have any basis to press the original claims in this case. It therefore makes far more sense for the Court to deny leave to amend, resolve the existing claims on the existing motions with limited supplemental briefing, and for the proposed new Plaintiffs to file a separate case to raise any claims they may have.

To begin, the existing Plaintiffs' original challenges in this case are moot. Plaintiffs filed this case in January 2020 to challenge an interim final rule, *Implementing Bilateral and Multilateral Asylum Cooperative Agreements Under the Immigration and Nationality Act*, 84 Fed. Reg. 63994 (Nov. 19, 2019), and an asylum cooperative agreement (ACA) the United States signed with Guatemala. ECF No. 3, Compl. ¶¶ 3-5. Plaintiffs are two organizations that provide legal services to asylum seekers and six individual aliens. *Id.* ¶¶ 20-32. All of the individual Plaintiffs alleged that they were sent to Guatemala under the Guatemala ACA, *id.* ¶¶ 20-30, depriving them of an opportunity to apply for asylum in the United States, *id.* ¶¶ 5, 17, 147. But, as Plaintiffs acknowledge, the Guatemala ACA they challenged was later rescinded, *see* ECF No. 157 at 4 & n.4, and each of the individual Plaintiffs subsequently returned to the United States to pursue their

3

asylum claims here, *see* ECF No. 125 at 2, ECF No. 128 at 2. Accordingly, there is no longer any relief the Court can grant to these Plaintiffs based on the claims in the complaint, and those claims are moot.

The organizational Plaintiffs, Las Americas Immigrant Advocacy Center and Tahirih Justice Center, alleged that the Rule would "frustrate" their "mission of providing legal services" to asylum seekers by preventing aliens from reaching "full removal proceedings," or requiring investment of more resources when they do. ECF No. 3, Compl. ¶¶ 148-49, 152-54. To the extent those allegations were based on the rescinded Guatemala ACA, those claims are now also moot and, as Defendants argued in earlier briefing, there was never any basis for the organizations to challenge the Rule or the Guatemala ACA to begin with. These organizations lack standing, *see, e.g.*, ECF No. 111-1 at 26-29, and are outside the zone of interests of the relevant statutes, *id*. at 29-30. *Cf. American Immigration Ass'n v. Reno*, 199 F.3d 1352, 1360 (D.C. Cir. 2000) ("Congress meant to allow litigation challenging the new system by, and only by, aliens against whom the new procedures had been applied."). Subsequent developments in the law have only strengthened the argument that organizations cannot bring the type of challenge Plaintiffs seek to pursue here. *See, e.g.*, *Food & Drug Admin. v. All. for Hippocratic Med.*, 602 U.S. 367 (2024) (addressing the limits on organizational standing).

At this point, more than five and a half years into this litigation, if Plaintiffs wish to proceed with this case, the Parties should provide limited supplemental briefing on the additional legal and factual developments that have occurred since the Parties completed briefing on their cross motions for summary judgment and the Court should resolve whether Plaintiffs have any live or viable claims rather than beginning the case again with an amended complaint raising different claims. Plaintiffs acknowledge that their proposed amended complaint raises new and different

claims from their initial complaint. They seek to challenge "new third country agreements," Mot. at 4, address "the many intervening developments since the initial phase of litigation in this case," *id*. at 7, and the new "context in which the Rule is now operating," which they assert "is very different than when this case was originally filed during the first Trump administration," *id*. at 8. Specifically, they argue they want to address the application of "the Rule and the new agreements … in regular removal proceedings in immigration court," a different context than the claims raised in their original complaint, and their proposed new Plaintiffs assert claims based on that new context. *Id*. at 8.

Even more glaring, these new Plaintiffs seek to represent a new nationwide class that covers a group of aliens who are in completely different factual circumstances from those alleged by the original Plaintiffs in this case such that those original Plaintiffs would not even be part of the new proposed class. *See* ECF No. 157-1 at ¶¶ 114-21. The attempt to add these class claims is futile if Plaintiffs continue to assert that this Court has jurisdiction on the theory that "[t]he policies challenged here purport to implement expedited removal." ECF No. 38-1 at 13-14 (asserting jurisdiction under 8 U.S.C. § 1252(e)(3)); *see also* ECF No. 157-1 (Proposed Amended Complaint) at ¶ 6 (citing 8 U.S.C. § 1252(e)(3)). Section 1252(e)(1) provides that "no court may … certify a class under Rule 23 of the Federal Rules of Civil Procedure in any action for which judicial review is authorized under a subsequent paragraph of this subsection." *See also* 8 U.S.C. § 1252(f)(1) (limiting class-wide relief related to covered provisions); *Garland v. Aleman Gonzalez*, 596 U.S. 543, 550 (2022).

The Court should reject this attempt "to fundamentally reshape the landscape of the litigation" at this late stage in the case. *Bode & Grenier, LLP v. Knight*, 808 F.3d 852, 860 (D.C. Cir. 2015) (holding court did not abuse its discretion in denying leave to amend to add new

defenses "four years after litigation began" and after summary judgment). The D.C. Circuit has recognized that a showing of prejudice is not required or that it can be presumed when plaintiffs seek to amend a complaint to add new claims and parties years into litigation. *See also Elkins*, 690 F.3d at 565 (D.C. Cir. 2012) (upholding denial of leave to amend "to add a new theory of liability" on the basis of undue delay alone without finding of prejudice); *Harrison v. Rubin*, 174 F.3d 249, 253 (D.C. Cir. 1999) (noting that "this Circuit has recognized undue delay as a basis for denying a motion to amend" without any showing of prejudice in cases where "where plaintiffs sought to add new factual allegations" as opposed to merely clarifying legal theories or making technical corrections); *Daugherty v. Sheer*, No. 22-5103, 2023 WL 6380539, at *2-3 (D.C. Cir. Oct. 2, 2023) (addressing attempt to amend to add new allegations and parties years into the litigation and noting "[t]his court has presumed prejudice under such circumstances"). And even if some showing of prejudice were required, Defendants would clearly be prejudiced by having to start this case over at this late stage following significant summary judgment briefing, particularly where the new proposed Plaintiffs raise a different set of claims than those the Parties have already briefed.

Plaintiffs have provided no justification for inserting these new and disparate claims into this long-pending case and restarting this case at the beginning rather than raising these claims on behalf of these new proposed Plaintiffs as part of a new case. They have thus failed to show that "justice [ ] requires" granting leave to amend. Fed. R. Civ. P. 15(a)(2). Plaintiffs' only argument that justice requires permitting amendment appears to be the deadline for filing claims in 8 U.S.C. § 1252(e)(3)—a deadline that, for challenges to the rule, passed in January 2020, 60 days after the rule was issued. Plaintiffs state that, "to Plaintiffs' knowledge this suit was the only challenge to the Rule's expedited removal provisions timely filed under 8 U.S.C. § 1252(e)(3)'s deadline for challenging expedited removal regulations" and that "[i]t is therefore important that this case be

6

able to proceed as to the Rule and any of the other related 2019 expedited removal policies first challenged in the operative complaint that are still in effect." Mot. at 8. But the fact that this deadline has passed cuts against rather than in favor of amendment. It would be prejudicial to Defendants if Plaintiffs could evade the statutory limitations period by simply tacking new claims and new Plaintiffs onto a distinct, earlier-filed action. Moreover, this gambit fails on its own terms, because Plaintiffs cannot make timely the new Plaintiffs' untimely claims by adding them to an earlier filed case. The D.C. Circuit has squarely held that the 60-day jurisdictional limit runs "from a fixed point, the initial implementation of the challenged provisions," rather than from the application of the challenged provisions to a particular alien. *M.M.V. v. Garland*, 1 F.4th 1100, 1111 (D.C. Cir. 2021). And it further upheld the dismissal of untimely claims filed in an amended complaint even if the earlier-filed claims of the original plaintiffs were timely, finding that the new claims do not relate back to the date of the original pleading. *Id*.

To the extent the new Plaintiffs seek to challenge the interim final rule under Section 1252(e)(3), the Court should thus also deny leave to amend as futile. An amendment "is futile and should be denied" when it "would not survive a motion to dismiss—such as where a claim sought to be added is barred by the statute of limitations." *Palacios v. MedStar Health, Inc.*, 298 F. Supp. 3d 87, 90 (D.D.C. 2018); *see also, e.g.*, *James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996). Courts have thus denied motions to add new plaintiffs to an existing suit on futility grounds where the new plaintiffs do not seek to raise their claims within the 60-day limit in Section 1252(e)(3)(B). *M.M.V. v. Barr*, 456 F. Supp. 3d 193, 223 (D.D.C. 2020), *aff'd sub nom. M.M.V. v. Garland*, 1 F.4th 1100 (D.C. Cir. 2021) (noting that granting a joinder motion does not resuscitate claims that are barred by the statute of limitations and denying the motion on futility

7

grounds as a result because the prospective plaintiffs' claims would not survive a motion to dismiss based on the statute of limitations).

## **CONCLUSION**

Plaintiffs' arguments for adding a new case on the back of this five-year old litigation lack merit. Any new claims the proposed Plaintiffs seek to raise can be raised to the same extent in a new case that they could as part of this one. And the claims of the existing Plaintiffs in this case must continue to rise or fall based on whether the original Plaintiffs can still pursue them, regardless of whether the Court permits amendment. Accordingly, the Court should deny Plaintiffs leave to amend and give the Parties time to confer and provide a proposal for submitting supplemental briefing so that the Court can resolve the existing claims raised in the operative complaint and addressed in the Parties' fully briefed cross motions for summary judgment.

Dated: September 22, 2025

Respectfully submitted,

*/s/ Brian C. Ward*
BRIAN C. WARD
Acting Assistant Director
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 616-9121
Email: brian.c.ward@usdoj.gov

*Counsel for Defendants*