UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| U.T., *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>PAMELA BONDI, *et al.*,<br><br>    Defendants. | Civil Action No. 1:20-cv-116-EGS |

**PLAINTIFFS' REPLY IN SUPPORT OF**
**MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

**<u>INTRODUCTION</u>**

The Court should permit Plaintiffs to file their proposed first amended complaint. First, the Court can hold that leave is not required and that Plaintiffs can amend as of right for the reasons Plaintiffs explained in their motion, particularly since Defendants do not argue otherwise. And if leave is required, it should be freely granted here. Plaintiffs' proposed amendment is not futile. And there has been neither undue delay by Plaintiffs nor any undue prejudice to Defendants because this case is not at a "late stage." Defendants stress that the case was filed more than five years ago. They ignore that it has been stayed since early 2021 based on *their own* representations that the challenged policies could be rescinded. Indeed, nothing has happened other than the filing of now-stale summary judgment briefs that were never adjudicated and that would need to be thoroughly revised and updated even if amendment were denied. None of the cases Defendants cite suggest that leave should be denied in such circumstances.

1

Defendants' alternative proposal for how to proceed is neither just nor economical. They suggest that this case should move ahead with only supplemental briefing on the five-year-old summary judgment motions and that the proposed new Plaintiffs should be required to file a separate suit. But even setting aside the proposed new Plaintiffs, an amended complaint and new summary judgment briefing by the original Plaintiffs would still be necessary to address the current set of agency actions implementing the Rule. And the claims of the proposed new Plaintiffs largely overlap with those of the original Plaintiffs, so it would not serve judicial economy to litigate those claims in two suits rather than one.

## ARGUMENT

Plaintiffs should be permitted to file their proposed first amended complaint.

*First*, while Plaintiffs sought leave "in the abundance of caution," the Court can hold that leave is not required and that Plaintiffs are instead entitled to amend as of right "because Defendants have not filed either 'a responsive pleading' to the operative complaint 'or a motion under Rule 12(b), (e), or (f).'" Mot. for Leave ("Mot.") at 2, ECF No. 157 (quoting Fed. R. Civ. P. 15(a)(1)(B)); *see also, e.g.*, *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1007 (9th Cir. 2015) (permitting amendment as of right under Rule 15(a)(1) after plaintiff previously sought leave to amend under Rule 15(a)(2)). Defendants do not argue otherwise.

*Second*, Defendants' arguments that amendment would be futile lack merit. Defendants contend that all the original Plaintiffs' claims are moot because "the [2019] Guatemala ACA [asylum cooperative agreement] they challenged was later rescinded." Mem. in Opposition ("Opp.") at 3-4, ECF No. 161. But neither the original complaint nor the proposed amended complaint challenges any ACA itself. Rather, Plaintiffs challenge the Rule and its implementing Guidance as well as the related Designations finding that the relevant countries have "full and fair"

2

asylum systems. Notably, Defendants still decline to say whether either the 2019 guidance documents or the 2019 Guatemala designations addressed in the parties' previous summary judgment briefs have been rescinded or superseded. But if they have been rescinded or superseded, that is simply a reason to allow amendment so that Plaintiffs can challenge the current set of implementing agency actions along with the Rule itself (which remains in place). As Plaintiffs explained, that is particularly appropriate because of the unusual sequence of events here: Defendants ceased using the Rule and related agency actions in March 2020 when they closed the border to asylum seekers entirely; the case then entered a years-long abeyance based on Defendants' representations that they might rescind the Rule and related agency actions; and Defendants are now re-implementing the Rule pursuant to a new or expanded set of agency actions. *See* Mot. 3-4, 6-8.

Defendants also assert that amendment by the Organizational Plaintiffs would be futile because "they lack standing" and fall "outside the zone of interests of the relevant statutes." Opp. 4. But those arguments have repeatedly been rejected by courts in this Circuit addressing asylum restrictions—including in cases brought by Plaintiff Las Americas Immigrant Advocacy Center ("Las Americas")—even after *FDA v. Alliance for Hippocratic Med.*, 602 U.S. 367 (2024), on which Defendants rely. *See, e.g.*, *Las Americas Immigrant Advoc. Ctr. v. DHS*, 783 F. Supp. 3d 200, 216-18 (D.D.C. 2025) (holding that Las Americas had standing to challenge asylum restriction under *Alliance for Hippocratic Medicine* and fell within the relevant zone of interests), *appeal filed*, No. 25-5313 (D.C. Cir.); *Refugee & Immigrant Ctr. for Educ. & Legal Servs. v. Noem*, --- F. Supp. 3d ----, 2025 WL 1825431, at *23-24, 28 (D.D.C. July 2, 2025) (same), *partially stayed pending appeal on other grounds*, No. 25-5243 (D.C. Cir. Aug. 1, 2025). In any event, the fact that Defendants plan to contest the Organizational Plaintiffs' standing hardly makes amendment futile.

3

Defendants' last futility argument also fails. They suggest that the proposed new Plaintiffs' claims are untimely as to the Rule's expedited removal provisions to the extent that they are brought pursuant to 8 U.S.C. § 1252(e)(3). Opp. 1, 5-7. Section 1252(e)(3) provides for review of changes to the expedited removal system and sets forth a 60-day deadline to file such actions. However, Defendants do not argue that the proposed new Plaintiffs' claims are untimely under § 1252(e)(3) with respect to newly-issued Guidance and new country-specific Designations, to the extent either are subject to § 1252(e)(3). That alone defeats Defendants' timeliness argument. And, in any event, the proposed new Plaintiffs are individual noncitizens in *regular* removal proceedings in immigration court rather than in expedited removal proceedings. *See* Prop. Am. Compl., ECF No. 157-1, ¶¶ 19-23. They can therefore bring their APA claims pursuant to 28 U.S.C. § 1331 rather than § 1252(e)(3). And the class certification bar in 8 U.S.C. § 1252(e)(1), Opp. 5, is inapplicable for the same reason.

*Third*, should the Court conclude that leave is required, Defendants fail to show either undue delay or undue prejudice. Defendants principally rely on *Bode & Grenier, LLP v. Knight*, 808 F.3d 852 (D.C. Cir. 2015) (cited at Opp. 5-6), where leave was sought and denied following "[t]wo rounds of discovery," "one year after summary judgment motions were *decided*," and "only days before trial." *Id.* at 860 (emphasis added). But none of that is true here. There has been no discovery, no trial is upcoming, and the parties' prior summary judgment motions have not been decided. Indeed, despite being filed several years ago, the case remains at its very beginning stages—again, because Defendants represented that they might rescind the Rule and all related policies.

Defendants' other delay cases are similarly inapposite. *See Daugherty v. Sheer*, No. 22-5103, 2023 WL 6380539, at *2 (D.C. Cir. Oct. 2, 2023) (unpublished) (cited at Opp. 2, 6) (leave denied when sought "41 months after [court of appeals] issued its mandate on [a] first appeal, 34 months after the Supreme Court denied certiorari, and 18 months after the deadline [plaintiffs] themselves had proposed for returning the case to the district court's active docket and amending their complaint"); *Elkins v. District of Columbia*, 690 F.3d 554, 564 (D.C. Cir. 2012) (cited at Opp. 2, 6) (argument asserting new supervisory liability theory raised in response to defendants' second summary judgment motion, "after discovery had closed," was construed as request for leave to amend and denied as untimely); *Doe v. McMillan*, 566 F.2d 713, 719-20 (D.C. Cir. 1977) (cited at Opp. 2) (leave to amend to add new defendants denied where case had already gone up to the Supreme Court and back after adjudication of dispositive motion); *cf. Harrison v. Rubin*, 174 F.3d 249, 252 (D.C. Cir. 1999) (cited at Opp. 6) (denial of leave reversed even though leave was sought when "[t]he case [was] nearing trial, and the parties ha[d] almost concluded their pre-trial discovery"). As Plaintiffs previously explained, "[t]he mere passage of time does not preclude amendment." Mot. 6 (collecting cases).

Nor do Defendants show the necessary undue prejudice. *See* Mot. 5, 7; *Atchinson v. District of Columbia*, 73 F.3d 418, 426 (D.C. Cir. 1996). "[T]o show prejudice sufficient to justify a denial of leave to amend," Defendants "must show that [they would be] unfairly disadvantaged or deprived of the opportunity to present facts or evidence." *In re Vitamins Antitrust Litig.*, 217 F.R.D. 30, 32 (D.D.C. 2003) (cleaned up). But Defendants demonstrate no such prejudice. At most, they suggest that they would need to spend time briefing new summary judgment motions even though there has already been "significant summary judgment briefing." Opp. 6. But that inconvenience does not amount to undue prejudice. *See In re Vitamins Antitrust Litig.*, 217 F.R.D.

5

at 32. Moreover, the need for additional litigation in this case years after it was filed is due to a series of decisions *by Defendants*: they represented that they might rescind the Rule and stipulated to the abeyance based on those representations; and they have now decided to reverse course years later and re-implement the Rule.

*Fourth*, Defendants also fail to show that the interests of justice and practical considerations militate against granting leave. *See Easter v. District of Columbia*, 128 F. Supp. 3d 173, 177 (D.D.C. 2015) (the non-movant generally "bears the burden of persuasion that a motion to amend should be denied"). Defendants suggest that instead of permitting amendment, the Court should have this case proceed with supplemental briefing on the nearly six-year-old summary judgment motions; and should require the proposed new Plaintiffs to file a separate suit. Opp. 1, 3-4, 8. But that would serve neither the interests of justice nor judicial economy. Even as to the original Plaintiffs, amendment—rather than merely supplemental summary judgment briefing—is necessary so that those Plaintiffs can address the current set of agency actions implementing the Rule. *See* Prop. Am. Compl., ECF No. 157-1, ¶¶ 106-13 (alleging on information and belief that Defendants have issued new procedural Guidance and country-specific Designations implementing the Rule); *id.* ¶¶ 134-37 (Claim One, challenging the current Designations); *id.* ¶¶ 138-63 (Claims Two through Six, challenging the current Guidance as well as the Rule); *id.* ¶¶ 164-66 (Claim Seven, challenging the current Designations and Guidance as well as the Rule). Indeed, only one claim—the notice and comment claim—challenges solely the Rule. *Id.* ¶¶ 167-169 (Claim Eight).[1]

---

[1] This largely mirrors the original complaint, in which all but the last two claims challenged guidance documents and/or country designations then in effect rather than just the Rule. *See* ECF No. 3 ¶¶ 156-80.

As Plaintiffs noted, this suit is to their knowledge the only timely challenge to the Rule's expedited removal provisions under 8 U.S.C. § 1252(e)(3)'s filing deadline. Mot. 3, 8. Defendants do not suggest otherwise. Therefore, justice requires that this case proceed as to at least the original Plaintiffs. And it would make no sense to have those original Plaintiffs proceed with their claims against the Rule in *this* suit based on stale summary judgment motions and to have to file a *separate* suit to challenge the current Guidance and Designations—particularly because, as in their original complaint, most of their claims challenge the Guidance and/or Designations as well as the Rule.

Therefore, in addition to the new summary judgment briefing as to standing that Defendants say would be necessary, Opp. 4, amendment and new briefing in this case would also be needed to address the legality of the current Guidance and Designations. For example, new briefing will have to address whether the Designations finding that the current set of ACA countries have "full and fair" asylum systems are arbitrary and capricious in light of their respective administrative records. On information and belief, such Designations have been issued concerning Guatemala, Honduras, Uganda, Paraguay, and Ecuador. *See* Prop. Am. Compl., ECF No. 157-1 ¶¶ 92-105, 107. But only the designations issued in 2019 concerning Guatemala were addressed in the prior summary judgment briefs—and Defendants have declined to state even whether those 2019 designations were eventually rescinded or are still in effect. *See id.* ¶ 90; *see generally* Opp.

Moreover, the proposed new Plaintiffs' claims overlap almost entirely with those of the original Plaintiffs. As noted, the proposed new Plaintiffs are individual noncitizens whom Defendants are seeking to remove under the Rule and its implementing Guidance and Designations in regular removal proceedings rather than in expedited removal proceedings. Prop. Am. Compl., ECF No. 157-1, ¶¶ 19-23. The only one of the eight proposed claims not brought by the proposed

7

new Plaintiffs is Claim Six, which is specific to the expedited removal context. *Id.* ¶¶ 158-63; *see generally id.* ¶¶ 134-69 (claims for relief). Therefore, it would be neither just nor economical to require Plaintiffs to litigate their largely overlapping claims in two separate suits rather than one.

## CONCLUSION

The Court should grant Plaintiffs' motion for leave to file their proposed first amended complaint.

Dated: September 29, 2025

Respectfully submitted,

Keren Zwick (D.D.C. Bar. No. IL0055)
Mary Georgevitch**
Gerardo Romo**
Mark Fleming*
Charles G. Roth*
National Immigrant Justice Center
111 W. Jackson Blvd., Suite 800
Chicago, IL 60604
(312) 660-1370
kzwick@immigrantjustice.org
mgeorgevich@immigrantjustice.org
gromo@immigrantjustice.org
mfleming@immigrantjustice.org
croth@immigrantjustice.org

Melissa Crow (D.C. Bar No. 453487)
Center for Gender & Refugee Studies
1121 14th Street, NW, Suite 200
Washington, DC 20005
(202) 355-4471
crowmelissa@uclawsf.edu

Blaine Bookey*
Karen Musalo*
Peter Habib**
Center for Gender & Refugee Studies
200 McAllister St.
San Francisco, CA 94102

s/ Lee Gelernt
Lee Gelernt*
Omar Jadwat*
Noor Zafar*
Natalie Behr**
Grace Choi**
American Civil Liberties Union Foundation,
Immigrants' Rights Project
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2660
lgelernt@aclu.org
ojadwat@aclu.org
nzafar@aclu.org
irp_nbehr@aclu.org
gchoi@aclu.org

Morgan Russell*
American Civil Liberties Union Foundation
Immigrants' Rights Project
425 California Street, Suite 700
San Francisco, CA 94104
(415) 343-0770
mrussell@aclu.org

Arthur B. Spitzer (D.C. Bar No. 235960)
Scott Michelman (D.C. Bar No. 1006945)

8

(415) 565-4877
bookeybl@uclawsf.edu
musalok@uclawsf.edu
habibpeter@uclawsf.edu

Anwen Hughes**
Inyoung Hwang**
Human Rights First
121 W. 36th St., PMB 520
New York, NY 10004
(202) 547-5692
hughesa@humanrightsfirst.org
hwangs@humanrightsfirst.org

American Civil Liberties Union Foundation of the District of Columbia
529 14th Street NW, Suite 722
Washington, D.C. 20045
(202) 457-0800
aspitzer@acludc.org
smichelman@acludc.org

*Attorneys for Plaintiffs*
*\* Appearing pro hac vice or pro bono*
*\*\* Application for admission pro hac vice or pro bono appearance forthcoming*