**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| U.T., *et al.*, | |
| Plaintiffs, | |
| v. | Civil Action No. 1:20-cv-116-EGS |
| PAMELA BONDI, *et al*., | |
| Defendants. | |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

**INTRODUCTION**

Plaintiffs respectfully seek leave to file the attached proposed Second Amended Complaint.[1] This further amendment is appropriate in light of additional intervening factual developments that postdate Plaintiffs' First Amended Complaint. These include, on information and belief, Defendants' issuance and use of new Designations asserting that additional countries satisfy the statutory requirements to receive asylum seekers pursuant to additional so-called Asylum Cooperative Agreements ("ACAs") signed in the intervening months; and Defendants' issuance and use of new agency Guidance containing additional directives for implementing the challenged Rule. Amendment is proper to permit both existing and proposed new Plaintiffs to challenge these agency actions, and Defendants cannot show undue delay or prejudice from permitting this further amendment.

---

[1] In response to Plaintiffs' request for their position on this motion, Defendants stated that they would respond with their position after reviewing Plaintiffs' filings.

## BACKGROUND

The interim final rule ("Rule") at issue in this case purports to implement the "safe third country" provision of the asylum statute, 8 U.S.C. § 1158(a)(2)(A). *See* Implementing Bilateral and Multilateral Asylum Cooperative Agreements Under the Immigration and Nationality Act, 84 Fed. Reg. 63994 (Nov. 19, 2019). The Rule provides mechanisms for Defendants to bar asylum to noncitizens in both expedited removal proceedings and regular Section 240 removal proceedings in immigration court and instead remove the noncitizens, pursuant to international agreements, to countries other than the noncitizens' countries of origin.

The government issued the Rule on November 19, 2019. 84 Fed. Reg. 63994. Plaintiffs filed their initial complaint on January 15, 2020. That filing meant that this suit is timely as to the Rule and the original expedited removal Guidance under the 60-day filing deadline set forth in 8 U.S.C. § 1252(e)(3) for actions challenging new expedited removal regulations and policies.

The parties filed cross-motions for summary judgment, and briefing was completed on those motions on April 29, 2020. However, implementation of the Rule and the original associated policies was "paused [in] mid-March 2020 due to COVID-19."[2] The Court had not yet ruled on the summary judgment motion when, in February 2021, it placed the case in abeyance at the parties' joint request in light of the Biden administration's review of the original set of policies and the parties' then-ongoing settlement discussions. *See* Minute Order (Feb. 22, 2021); Minute Order (Mar. 15, 2021); Stipulated Mot. to Hold Case in Abeyance (Feb. 22, 2021), ECF No. 121 at 2-4. The Biden administration thereafter terminated the three previous agreements signed in

---

[2] U.S. State Dep't, Press Release, Suspending and Terminating the Asylum Cooperative Agreements with the Governments of El Salvador, Guatemala, and Honduras (Feb. 6, 2021), https://perma.cc/BLB4-AVRD.

2019 that were covered by the Rule, which were with Guatemala, Honduras, and El Salvador.[3] However, the Biden administration did not rescind the Rule or the other challenged policies prior to the change in administrations; and the parties' previous settlement discussions concluded without reaching an agreement resolving this case.

Between June 2025 and September 8, 2025, when Plaintiffs moved to file their First Amended Complaint, the current administration signed new ACAs with Guatemala, Honduras, Paraguay, Uganda, and Ecuador. *See* 1st Am. Compl., ECF No. 166 ¶¶ 3, 91-105; *see also* 90 Fed. Reg. 51376 (Nov. 17, 2025) (Ecuador agreement concluded on July 23, 2025).

Since Plaintiffs prepared their First Amended Complaint, they have learned of two additional new ACAs. An ACA with Belize was signed on October 20, 2025 and was publicly acknowledged by the government of Belize.[4] And on information and belief, the United States also recently signed an ACA with Liberia, which has not yet been published or otherwise made public. Defendants have therefore presumably also issued new agency Designations asserting that those countries have full and fair asylum procedures.[5] In addition, on information and belief, since September 8, 2025, Defendants have issued additional Guidance implementing the Rule concerning these latest ACAs as well as the ACAs identified in the First Amended Complaint.

---

[3] U.S. State Dep't, Press Release, Suspending and Terminating the Asylum Cooperative Agreements with the Governments of El Salvador, Guatemala, and Honduras (Feb. 6, 2021), https://perma.cc/BLB4-AVRD.

[4] Gov't of Belize Press Office, Belize Signs Safe Third Country Agreement With United States (Oct. 20, 2025), https://perma.cc/4EHR-57XG. with Liberia.

[5] The Rule's preamble states that "[p]rior to implementation of an ACA, the Attorney General and the Secretary of Homeland Security" will "make a categorical determination whether a country to which [noncitizens] would be removed under such an agreement provides 'access to a full and fair procedure for determining a claim to asylum or equivalent temporary protection.'" 84 Fed. Reg. at 63997 (quoting 8 U.S.C. § 1158(a)(2)(A)). Plaintiffs refer to these determinations as the "Designations."

Plaintiffs' proposed Second Amended Complaint seeks to challenge all applicable Designations and Guidance including those issued since their last amended complaint was filed.

## LEGAL STANDARD

Rule 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "The decision to grant or deny leave to amend . . . is vested in the sound discretion of the trial court," *Doe v. McMillan*, 566 F.2d 713, 720 (D.C. Cir. 1977), which should "determine the propriety of amendment on a case by case basis, using a generous standard," *Harris v. Sec'y, U.S. Dep't of Veterans Affairs*, 126 F.3d 339, 344 (D.C. Cir. 1997). "Leave to amend a complaint should be freely given in the absence of undue delay, bad faith, undue prejudice to the opposing party, repeated failure to cure deficiencies, or futility." *Richardson v. United States*, 193 F.3d 545, 548–49 (D.C. Cir. 1999). The non-movant generally "bears the burden of persuasion that a motion to amend should be denied." *Easter v. District of Columbia*, 128 F. Supp. 3d 173, 177 (D.D.C. 2015).

## ARGUMENT

The Court should grant Plaintiffs' motion for leave to amend. There is no undue delay or prejudice to Defendants from Plaintiffs' proposed amendments. The case is at its very beginning stages. Pursuant to the Court's Minute Orders issued on October 15, 2025, the years-long abeyance in the case was lifted, the parties' prior summary judgment motions premised on the original complaint from 2019 were denied, and Plaintiffs' First Amended Complaint was docketed. Defendants have not yet filed an answer to that First Amended Complaint and instead sought and received an extension of time of which to do so until January 6, 2025. *See* ECF No. 170; Minute

Order (Nov. 25, 2025). Particularly because Plaintiffs seek to amend before Defendants' own requested extension of time to answer the First Amended Complaint has elapsed, Defendants cannot demonstrate any harm, much less the required undue prejudice.

As Plaintiffs explained in their last motion for leave, prior to the Court's Minute Orders, the case had been in abeyance at the parties' joint request for the vast majority of the time since it was originally filed: the original complaint was filed in January 2020 but the case was in abeyance from February 2021 until October 15, 2025. The case was also effectively on hold for much of the first year it was pending, because implementation of the Rule and associated policies "had been paused since mid-March 2020 due to COVID-19."[6] Even absent such unusual circumstances, "[p]arties are routinely permitted to amend pleadings well after suit has been filed." *Howard v. Gutierrez*, 237 F.R.D. 310, 312 (D.D.C. 2006); *see, e.g.*, *Does I through III v. District of Columbia*, 815 F. Supp. 2d 208, 215 (D.D.C. 2011) (permitting amendment seven years after complaint filed, and after discovery and summary judgment motions); *Jiggetts v. Cipullo*, 285 F. Supp. 3d 156, 162 (D.D.C. 2018) (permitting amendment two years after initial complaint was filed and while discovery was ongoing); *Ellis v. Georgetown Univ. Hosp.*, 631 F. Supp. 2d 71, 80 (D.D.C. 2009) (permitting amendment one day before the close of discovery).

Defendants cannot demonstrate the required prejudice from the proposed amendment. *See Atchinson*, 73 F.3d at 426 (prejudice to non-movant should be considered in determining whether delay is undue). An amendment is not prejudicial merely because it causes the non-movant inconvenience or to expend additional resources. *Jiggetts*, 285 F. Supp. 3d at 162-63. Instead, Defendants "must show that [they were] unfairly disadvantaged or deprived of the opportunity to

---

[6] U.S. State Dep't, Press Release, Suspending and Terminating the Asylum Cooperative Agreements with the Governments of El Salvador, Guatemala, and Honduras (Feb. 6, 2021), https://perma.cc/BLB4-AVRD.

present facts or evidence which [they] would have offered had the amendments been timely." *In re Vitamins Antitrust Litig.*, 217 F.R.D. 30, 32 (D.D.C. 2003) (internal quotation marks omitted); *see also City of Moundridge v. Exxon Mobil Corp.*, 250 F.R.D. 1, 6 (D.D.C. 2008) (explaining that "[u]ndue prejudice is not mere harm to the non-movant") (internal quotation marks omitted). Defendants can make no such showing here.

Permitting amendment is also just and proper. As explained above, since Plaintiffs' First Amended Complaint was submitted on September 8, 2025, the government has entered into a new ACA with Belize and, on information and belief, a new ACA with Liberia that Defendants have not been publicly disclosed. Through their proposed Second Amended Complaint, Plaintiffs seek to challenge the Designations concerning those countries, which they could not have done previously. Defendants have also begun actively utilizing more of the ACAs referenced in Plaintiffs' First Amended Complaint since September 2025. And, on information and belief, Defendants have issued agency Guidance implementing the Rule pertaining to the implementation of the ACAs with these countries. The proposed Second Amended Complaint also seeks to add several new Individual Plaintiffs—in addition to those added in the First Amended Complaint— who are subject to the challenged policies in regular removal proceedings in immigration court who seek to serve as Class Representatives on behalf of similarly situated noncitizens.[7]

## CONCLUSION

The Court should grant Plaintiffs' motion for leave to file their proposed first amended complaint.

---

[7] A Motion for Class Certification is being filed concurrently with this motion. Former Plaintiff D.G., who had been added in the First Amended Complaint, has since been dismissed from the case. ECF No. 172.

Dated: December 19, 2025

Respectfully submitted,

Keren Zwick (D.D.C. Bar. No. IL0055)
Mary Georgevitch**
Gerardo Romo**
Mark Fleming*
Charles G. Roth*
National Immigrant Justice Center
111 W. Jackson Blvd., Suite 800
Chicago, IL 60604
(312) 660-1370
kzwick@immigrantjustice.org
mgeorgevich@immigrantjustice.org
gromo@immigrantjustice.org
mfleming@immigrantjustice.org
croth@immigrantjustice.org

Melissa Crow (D.C. Bar No. 453487)
Center for Gender & Refugee Studies
1901 Pennsylvania Avenue, NW
Suite 900, PMB 228
Washington, DC 20006
(202) 355-4471
crowmelissa@uclawsf.edu

Blaine Bookey**
Peter Habib**
Center for Gender & Refugee Studies
200 McAllister St.
San Francisco, CA 94102
(415) 565-4877
bookeybl@uclawsf.edu
habibpeter@uclawsf.edu

Anwen Hughes**
Inyoung Hwang**
Human Rights First
121 W. 36th St., PMB 520
New York, NY 10004
(202) 547-5692
hughesa@humanrightsfirst.org

s/ Lee Gelernt
Lee Gelernt*
Omar Jadwat*
Natalie Behr**
American Civil Liberties Union Foundation,
Immigrants' Rights Project
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2660
lgelernt@aclu.org
ojadwat@aclu.org
irp_nbehr@aclu.org

Morgan Russell*
American Civil Liberties Union Foundation
Immigrants' Rights Project
425 California Street, Suite 700
San Francisco, CA 94104
(415) 343-0770
mrussell@aclu.org

Arthur B. Spitzer (D.C. Bar No. 235960)
Scott Michelman (D.C. Bar No. 1006945)
American Civil Liberties Union Foundation of
the District of Columbia
529 14th Street NW, Suite 722
Washington, D.C. 20045
(202) 457-0800
aspitzer@acludc.org
smichelman@acludc.org

*Attorneys for Plaintiffs*
*\* Appearing pro hac vice or pro bono*
*\*\* Application for admission pro hac vice or*
*pro bono appearance forthcoming*

7

hwangs@humanrightsfirst.org