UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| U.T., *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>PAMELA BONDI, *et al.*,<br><br>    Defendants. | Civil Action No. 1:20-cv-116-EGS |

# PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

## INTRODUCTION

A class action is appropriate for this challenge to the government's policies that unlawfully implement its so-called "asylum cooperative agreements" ("ACAs"). Specifically, the Court should certify a class of noncitizens subject to the unlawful policies in regular removal proceedings in immigration court ("Section 240 proceedings") to challenge Defendants' unlawful Rule, Guidance documents, and country-specific Designations, which violate the asylum statute's safe third country provision, 8 U.S.C. § 1158(a)(3), and the Administrative Procedure Act ("APA").[1]

The Court should certify the following class under Federal Rules of Civil Procedure 23(a) and 23(b)(2):

> All noncitizens whom Defendants have sought or will seek to bar from asylum, withholding of removal, or protection under the Convention Against Torture in removal proceedings under 8 U.S.C. § 1229a on the basis that they can be removed to a third country under an Asylum Cooperative Agreement pursuant to the Rule, Guidance, or Designations.

---

[1] Pursuant to LCvR 7(m), Plaintiff contacted Defendants' counsel for their position on this motion prior to filing. Defendants' counsel stated that Defendants oppose this motion.

1

Numerosity is present because the class includes at least hundreds of members and will continue to grow. All class members suffer the same injury: unlawful denial of their rights to seek and be granted such protection. And the class raises common questions that will generate common answers, including whether the Rule, Guidance, and the country-specific Designations violate the asylum statute and whether the policies are arbitrary and capricious in violation of the APA. The claims of the proposed class representatives—the 21 current and proposed "Section 240 Individual Plaintiffs," all of whom are noncitizens against whom Defendants have sought to bar from asylum and other protection in Section 240 removal proceedings in immigration court—are typical of the proposed class. Plaintiffs are represented by counsel with significant experience litigating class actions on behalf of noncitizens, including before this Court. And Rule 23(b)(2) is satisfied because Defendants have acted or refused to act on grounds that apply generally to the class.

This Court previously certified a similar nationwide class of noncitizens denied the opportunity to pursue asylum and other protection. *Huisha-Huisha v. Mayorka*s, 560 F. Supp. 3d 146, 161-66 (D.D.C. 2021) (Sullivan, J.), *rev'd in part on other grounds*, 27 F.4th 718 (D.C. Cir. 2022). Other courts in this District have certified under Rule 23(b)(2) similar nationwide classes of noncitizens challenging restrictive immigration policies. *See, e.g.*, *Refugee & Immigrant Ctr. for Educ. & Legal Servs. v. Noem*, 793 F. Supp. 3d 19, 103 (D.D.C. 2025) (noncitizens subject to presidential proclamation barring asylum at the border), *appeal pending*, D.C. Cir. No. 25-05243; *P.J.E.S. v. Wolf*, 502 F. Supp. 3d 492, 501-02, 509-10 (D.D.C. 2020) (unaccompanied children subject to "Title 42" expulsion policy); *O.A. v. Trump*, 404 F. Supp. 3d 109, 160 (D.D.C. 2019) (noncitizens subject to regulation restricting asylum); *see also J.D. v. Azar*, 925 F.3d 1291, 1312-25 (D.C. Cir. 2019) (pregnant noncitizen children); *Ramirez v. ICE*, 338 F. Supp. 3d 1, 42-50

(D.D.C. 2018) (noncitizen teens challenging transfers to ICE custody); *R.I.L.-R. v. Johnson*, 80 F. Supp. 3d 164, 179-83 (D.D.C. 2015) (noncitizen mothers and children denied release).

The same result is warranted here, and the Court should grant class certification under Rule 23(b)(2), appoint Plaintiffs J.C., A.S., Y.A., E.M., L.H., Y.V., D.M., I.B., A.M., M.S., M.A., L.T., A.T., A.J., N.S., D.D., N.V., M.O., S.M., J.M., and J.D. (the "Section 240 Individual Plaintiffs") as Class Representatives, and appoint the undersigned as Class Counsel.

## BACKGROUND

This suit challenges a Rule and related agency actions that purport to implement the "safe third country" provision of the asylum statute, 8 U.S.C. § 1158(a)(2)(A). The Rule provides mechanisms for Defendants to bar asylum, withholding of removal, and Convention Against Torture protection to noncitizens in both expedited removal proceedings and regular removal proceedings in immigration court and instead remove the noncitizens to countries other than their countries of origin pursuant to so-called ACAs. *See* 84 Fed. Reg. 63994 (Nov. 19, 2019). The Rule is implemented in part through agency Guidance, including Guidance concerning expedited removal proceedings and Guidance concerning regular removal proceedings in immigration court. *See, e.g.*, 1st Am. Compl., ECF 166 ¶¶ 108-13. The Rule's implementation also depends on the issuance of country-specific memoranda—which Plaintiffs refer to as the "Designations"—in which "the Attorney General and the Secretary of Homeland Security . . . make a categorical determination whether a country to which [noncitizens] would be removed under [an ACA] provides 'access to a full and fair procedure for determining a claim to asylum or equivalent temporary protection.'" 84 Fed. Reg. at 63997 (quoting 8 U.S.C. § 1158(a)(2)(A)).

This case was first filed in January 2020 and entered a multi-year abeyance prior to resolution of cross-motions for summary judgment concerning the original implementation of the

Rule by the first Trump administration. All prior ACAs were terminated by the Biden administration, but the Rule was not rescinded. By June 2025, the current administration began taking steps to implement the Rule anewACAs. On September 8, 2025, Plaintiffs moved to file a First Amended Complaint, which challenged new Guidance and Designations concerning this new implementation of the Rule and added four Section 240 Individual Plaintiffs whom Defendants had sought to bar from asylum and other protection in Section 240 removal proceedings in immigration court based on the challenged policies. ECF No. 157. One of those four, former plaintiff D.G., has since voluntarily dismissed his claims. ECF No. 172. The Court docketed the First Amended Complaint on October 15, 2025. ECF No. 166.

Since Plaintiffs prepared their First Amended Complaint, Defendants have aggressively expanded their utilization of the Rule and the other challenged policies in Section 240 proceedings in immigration courts across the country. On information and belief, they have done so in part pursuant to recently issued Guidance and Designations that Plaintiffs seek to challenge in their proposed Second Amended Complaint. That proposed Second Amended Complaint seeks to add 18 more Section 240 Individual Plaintiffs who seek to challenge the Rule and all implementing Guidance and Designations on their own behalf and on behalf of the proposed class.

All 21 of the existing and proposed Section 240 Individual Plaintiffs now move for certification of a class of similarly situated noncitizens as defined below.

## ARGUMENT

A plaintiff whose suit satisfies the requirements of Federal Rule of Civil Procedure 23(a) and (b) has a "categorical" right "to pursue his claim as a class action." *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010).

### I. THE PROPOSED CLASS SATISFIES THE REQUIREMENTS OF RULE 23(a)

#### A. The Proposed Class Is Numerous.

Rule 23(a)(1) requires that a class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Although "[t]here is no specific threshold that must be surpassed," courts in this District "have observed that a class of at least forty members is sufficiently large to meet this requirement." *Taylor v. D.C. Water & Sewer Auth.*, 241 F.R.D. 33, 37 (D.D.C. 2007) (quotation omitted). Moreover, "classes including future claimants generally meet the numerosity requirement." *J.D.*, 925 F.3d at 1322 (quotation omitted).

Defendants have already invoked the challenged policies to bar or seek to bar at least hundreds of noncitizens from seeking or being granted asylum or other protection in Section 240 proceedings just in the past few months. *See* Decl. of Keren Zwick ¶ 13; Decl. of Melissa Crow ¶ 14; Decl. of Anwen Hughes ¶ 7. That is sufficient to satisfy Rule 23(a)(1)'s numerosity requirement. *See, e.g.*, *O.A.*, 404 F. Supp. 3d at 155 (classes of at least 40 members are sufficient); *R.I.L-R*, 80 F. Supp. 3d at 181 (same). Moreover, the proposed class will continue to grow over time. *See J.D.*, 925 F.3d at 1322. Joinder is also impracticable because class members are dispersed geographically across the country. *See J.D.*, 925 F.3d at 1323 (joinder may be impracticable in light of "fluidity" of custody and "the dispersion of class members across the country); *Ramirez*, 338 F. Supp. 3d at 45 (similar). Indeed, the Section 240 Individual Plaintiffs are themselves located in at least 8 different states, including multiple different detention centers.

#### B. The Class Presents Common Questions Of Law And Fact.

Commonality is satisfied where "there are questions of law or facts common to the class." Fed. R. Civ. P. 23(a)(2). At bottom, "[c]ommonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury.'" *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338,

5

349-50 (2011). "[W]here plaintiffs allege widespread wrongdoing by a defendant . . . a uniform policy or practice that affects all class members" satisfies that requirement. *Thorpe v. Dist. of Columbia*, 303 F.R.D. 120, 145 (D.D.C. 2014); *accord R.I.L-R*, 80 F. Supp. 3d at 181.

Here, the members of the proposed class all "face the same threat of injury: loss of the right to seek asylum" and other protection because of the application of an ACA and the related policies. *O.A.*, 404 F. Supp. 3d at 156; *see also P.J.E.S.*, 502 F. Supp. 3d at 509 (similar). In addition to this common injury, multiple central questions are common to the proposed class—and "a single common issue" is sufficient. *Howard v. Liquidity Servs. Inc.*, 322 F.R.D. 103, 118 (D.D.C. 2017) (quoting *Wal-Mart*, 564 U.S. at 350). These common questions include but are not limited to: whether the Designations violate the asylum statute by failing to consider whether ACA countries are, in reality, safe and provide full and fair procedures to ensure access to protection; whether the Rule and Guidance violate the statute by failing to ensure consideration of individualized fear claims as to third countries and individualized assessments as to the availability of a full and fair procedures in such countries; whether, the Rule and Guidance violate the statute by erroneously depriving immigration judges of their authority to apply the statutory "public interest" exception; whether the Rule, Guidance, and Designations are arbitrary and capricious; and whether the Rule was impermissibly issued without notice and comment. *See* 1st Am. Compl. ¶¶ 134-69, ECF 166; Proposed 2nd Am. Compl. ¶¶ 158-95. Given these common questions, "factual variations among the class members will not defeat the commonality requirement." *Damus*, 313 F. Supp. 3d at 332; *accord Bynum v. District of Columbia*, 214 F.R.D. 27, 33 (D.D.C. 2003).

Finally, answering the common legal questions will "drive the resolution of the litigation." *Ramirez*, 338 F. Supp. 3d at 45 (cleaned up) (quoting *Wal-Mart*, 564 U.S. at 350). Should the Court agree that the Rule, Guidance, and/or Designations are unlawful, all class members will

benefit from the requested relief, which includes a declaration to that effect, vacatur of the policies, and an injunction prohibiting Defendants from implementing the policies against class members.

### C. The Individual Plaintiffs' Claims Are Typical of Class Members' Claims.

Rule 23(a)(3) requires that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The "requirement focuses on whether the representatives of the class suffered a similar injury from the same course of conduct" that affects the class. *Bynum*, 214 F.R.D. at 34 (emphasis omitted).

Typicality is satisfied here for largely the same reasons that commonality is satisfied. *See, e.g.*, *Huisha-Huisha*, 560 F. Supp. 3d at 165; *O.A.*, 404 F. Supp. 3d at 155-56; *P.J.E.S.*, 502 F. Supp. 3d at 509. Each proposed class member, including the Section 240 Individual Plaintiffs who seek to serve as class representatives, faces the same principal injury (denial of access to statutorily mandated opportunities to seek protection), based on the same agency actions (the Rule, Guidance, and Designations), which are unlawful as to the entire class because they violate the immigration laws and the APA. Plaintiffs and the proposed class members seek to redress injury from "a unitary course of conduct by a single system," *Huisha-Huisha*, 560 F. Supp. 3d at 165, and "share an identical interest in invalidation of" the challenged policies, *O.A.*, 404 F. Supp. 3d at 156. Moreover, as with commonality, any factual differences that might exist here between the proposed class representatives and proposed class members are not enough to defeat typicality. *See Bynum*, 214 F.R.D. at 34-35; *Afghan & Iraqi Allies*, 334 F.R.D. at 461.

### D. Plaintiffs and Plaintiffs' Counsel Will Adequately Protect The Interests Of The Proposed Class.

Rule 23(a)(4) requires that "[t]he representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Adequate representatives "must not have antagonistic or conflicting interests with the unnamed members of the class" and "must appear

7

able to vigorously prosecute the interests of the class through qualified counsel." *Ramirez*, 338 F. Supp. 3d at 47. Here, Plaintiffs will fairly and adequately protect the interests of the proposed class. Plaintiffs do not seek any unique benefit from this litigation that may make their interests different from or adverse to those of absent class members. Instead, Plaintiffs aim to secure relief that will protect them and the entire class from the challenged policies. Nor do Plaintiffs seek financial gain at the cost of absent class members' rights.

As demonstrated by their attached declarations, proposed class counsel have extensive experience in complex immigration cases and class action litigation; and many of them have been class counsel in successful class actions on behalf of noncitizens.[2]

## II.     THE PROPOSED CLASS SATISFIES RULE 23(b)'S REQUIREMENTS

Certification of a class under Rule 23(b)(2) requires that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). A "principal purpose of Rule 23(b)(2) … is to enable class resolution of civil-rights claims alleging classwide deprivations of protected rights." *J.D.*, 925 F.3d at 1314. "'The key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them.'" *Id.* at 1314-15 (quoting *Wal-Mart*, 564 U.S. at 360).

---

[2] "It is far from clear that there exists in this district a requirement that a class certified under Rule 23(b)(2) must demonstrate ascertainability to merit certification." *O.A.*, 404 F. Supp. 3d at 159 (cleaned up); *accord Huisha-Huisha*, 560 F. Supp. 3d at 162. Any such requirement has been "disavowed by four federal appellate courts." *O.A.*, 404 F. Supp. 3d at 159. Even assuming the requirement exists, membership is readily ascertainable here because the class is defined by clear and objective criteria that are known to Defendants and because identifying class members is administratively feasible. *See, e.g.*, *Huisha-Huisha*, 560 F. Supp. 3d at 162-64.

Rule 23(b)(2) is satisfied here. Plaintiffs request classwide remedies—including declaratory and injunctive relief concerning the Rule, Guidance, and Designations—are "generally applicable to the class and [are] indivisible." *Huisha-Huisha*, 560 F. Supp. 3d at 166; *see also O.A.*, 404 F. Supp. 3d at 157. Plaintiffs also request the indivisible relief of vacatur of the challenged Rule, Guidance, and Designations, and "[c]ourts in this District have certified claims seeking indivisible APA relief such as vacatur under Rule 23(b)(2)." *Luna Gutierrez v. Noem*, No. 25-cv-1766 (SLS), 2025 WL 3496390, at *11 (D.D.C. Dec. 5, 2025). The relief that Plaintiffs seek, moreover, would prevent Defendants from applying the challenged aspects of the policies "to every member of the proposed class 'in one stroke.'" *See O.A.*, 404 F. Supp. 3d at 157 (quoting *Wal-Mart*, 564 U.S. at 350); *see, e.g.*, *J.D.*, 925 F.3d at 1315. And that relief would benefit the proposed class representatives as well as all members of the proposed class in the same fashion. Certification under Rule 23(b)(2) is therefore proper.

## CONCLUSION

The Court should certify the proposed Class under Rule 23(a) and 23(b)(2), appoint the Section 240 Individual Plaintiffs as Class Representatives, and appoint the undersigned as Class Counsel.

Dated: December 19, 2025                Respectfully submitted,

| | |
|---|---|
| Keren Zwick (D.D.C. Bar. No. IL0055) | s/ Lee Gelernt |
| Mary Georgevich** | Lee Gelernt* |
| Gerardo Romo* | Omar Jadwat* |
| Mark Fleming* | Natalie Behr** |
| Charles G. Roth* | American Civil Liberties Union Foundation, |
| National Immigrant Justice Center | Immigrants' Rights Project |
| 111 W. Jackson Blvd., Suite 800 | 125 Broad Street, 18th Floor |
| Chicago, IL 60604 | New York, NY 10004 |
| (312) 660-1370 | (212) 549-2660 |

9

kzwick@immigrantjustice.org
mgeorgevich@immigrantjustice.org
gromo@immigrantjustice.org
mfleming@immigrantjustice.org
croth@immigrantjustice.org

Melissa Crow (D.C. Bar No. 453487)
Center for Gender & Refugee Studies
1901 Pennsylvania Avenue, NW
Suite 900, PMB 228
Washington, DC 20006
(202) 355-4471
crowmelissa@uclawsf.edu

Blaine Bookey**
Peter Habib**
Center for Gender & Refugee Studies
200 McAllister St.
San Francisco, CA 94102
(415) 565-4877
bookeybl@uclawsf.edu
habibpeter@uclawsf.edu

Anwen Hughes**
Inyoung Hwang**
Human Rights First
121 W. 36th St., PMB 520
New York, NY 10004
(202) 547-5692
hughesa@humanrightsfirst.org
hwangs@humanrightsfirst.org

lgelernt@aclu.org
ojadwat@aclu.org
irp_nbehr@aclu.org

Morgan Russell*
American Civil Liberties Union Foundation
Immigrants' Rights Project
425 California Street, Suite 700
San Francisco, CA 94104
(415) 343-0770
mrussell@aclu.org

Arthur B. Spitzer (D.C. Bar No. 235960)
Scott Michelman (D.C. Bar No. 1006945)
American Civil Liberties Union Foundation of the District of Columbia
529 14th Street NW, Suite 722
Washington, D.C. 20045
(202) 457-0800
aspitzer@acludc.org
smichelman@acludc.org

*Attorneys for Plaintiffs*
*\* Appearing pro hac vice or pro bono*
*\*\* Application for admission pro hac vice or pro bono appearance forthcoming*