UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| U.T., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>PAMELA BONDI, *et al.*,<br><br>Defendants. | Civil Action No. 1:20-cv-116-EGS |

**DECLARATION OF KEREN ZWICK IN SUPPORT OF CLASS CERTIFICATION**

I, Keren Zwick, declare the following under penalty of perjury and pursuant to 28 U.S.C. § 1746:

1. I am the Director of Litigation at the National Immigrant Justice Center (NIJC), a nonprofit organization dedicated to providing free or low-cost legal services to indigent immigrants and to pursuing legal and policy reform of the immigration system. I have personal knowledge of the facts in this declaration, and I can testify to them if needed.

2. I am co-counsel to the Plaintiffs in this case, *U.T. et al. v. Bondi et al.*, No. 1:20-cv-116-EGS (D.D.C. filed Jan. 2020). Plaintiffs seek to represent a class of noncitizens whom Defendants have sought or will seek to bar from asylum, withholding of removal, or protection under the Convention Against Torture in removal proceedings under 8 U.S.C. § 1229a on the basis that they can be removed to a third country under an Asylum Cooperative Agreement pursuant to the Rule, Guidance, or Designations.

3.     I write this declaration in support of a request from myself and my colleagues Mark Fleming, Charles Roth, Mary Georgevich, and Gerardo Romo to represent the proposed class in this case.

**The National Immigrant Justice Center**

4.     NIJC represents immigrants, refugees, and asylum seekers pro bono or at low cost. NIJC handles cases before United States Citizenship & Immigration Services (USCIS), in immigration courts, before the Board of Immigration Appeals (BIA), and in federal courts. NIJC serves more than 10,000 people each year and provides full representation to more than 2,500 people at any given time. NIJC also has a long history in federal court litigation and maintains one of the largest federal-court litigation dockets of any immigration nonprofit organization.

5.     NIJC frequently collaborates with other immigration-focused nonprofits. These collaborations enable NIJC to expand its capacity. We have used this collaborative model in numerous class actions. *See, e.g., Refugee and Immigrant Center for Education and Legal Services (RAICES) e al., v. Noem et al.*, 793 F. Supp. 3d 19, 40 (D.D.C. 2025) *appeal pending at* 25-5243 (D.C. Cir.) (class counsel for successful challenge to Presidential proclamation ending access to asylum at the southern border); *Garcia Ramirez v. ICE*, 568 F. Supp. 3d 10 (D.D.C. 2021) (class counsel for successful APA action on behalf of immigrant teens); *O.A. v. Trump*, 404 F. Supp. 3d 109 (D.D.C. 2019) (class counsel on challenge to immigration regulation limiting access to asylum and related relief under APA); *Jimenez Moreno v. Napolitano*, 213 F.Supp.3d 999 (N.D. Ill. 2016) (class counsel on challenge regarding the use of immigration detainers); *Roy v. County of Los Angeles*, 2016 WL 5219468 (C.D. Cal. Sept. 9, 2016) (class counsel in two consolidated class actions regarding collaboration between ICE and local law enforcement); *see also Ahmed v. DHS*, No. 3:23-cv-1892 (N.D. Cal. filed Apr. 19, 2023) (class counsel in action that resulted in settlement

expediting asylum adjudications for thousands of Afghan people); *Castañon Nava v. Dep't of Homeland Sec.*, 435 F. Supp. 3d 880 (N.D. Ill 2020) (representing noncitizens challenging ICE's use of its warrantless arrest authority that resulted in class settlement); *Xirum v. ICE*, S.D. Ind. No. 1:22-cv-801 (filed Apr. 25, 2022) (class counsel in ongoing challenge to inspection scheme at detention facility); *B.L.R. v. DHS*, No. 2:23-cv-13230 (E.D. Mich. filed Dec. 19, 2023) (challenge to delays in providing preliminary relief to U-visa applicants; class certification motion filed).

6. NIJC also has significant experience litigating on behalf of noncitizens under the APA outside of the class context. *See, e.g.*, *Las Americas Immigrant Advocacy Center v. DHS*, 783 F. Supp. 3d 200, 207 (D.D.C. 2025), *appeal pending* at 25-5313 (D.C. Cir.); *M.A. v. Mayorkas*, No. 1:23-cv-1843 (D.D.C. filed June 23, 2023); *AsylumWorks v. Mayorkas*, 590 F. Supp. 3d 11 (D.D.C. 2022); *I.A. v. Barr*, 471 F. Supp. 3d 25 (D.D.C. June 2020), *appeal dismissed sub nom. I.A. v. Garland* (D.C. Cir. No. 20-5271); *NIJC v. EOIR*, No. 21-cv-00054 (D.D.C. filed Jan. 8, 2021).

**Adequacy of Proposed Representatives**

7. NIJC seeks to rely on five attorneys—myself, Mary Georgevich, Mark Fleming, Charles Roth, and Gerardo Romo—to serve as class counsel, in collaboration with co-counsel at other nonprofit organizations. I am admitted to the bar of this Court; others have been authorized for pro bono representation in this case.

8. I am a 2009 graduate of Columbia Law School, and I am licensed to practice law in Illinois. Before joining NIJC, I worked for the United States Court of Appeals for the Seventh Circuit as a staff law clerk for two years. I joined NIJC in 2011. In addition to working on much of the litigation described above, I have significant experience and expertise representing asylum seekers. Before becoming NIJC's Director of Litigation, I oversaw two different projects within

NIJC that serve people who are seeking asylum: NIJC's Adult Detention Project and NIJC's LGBTQ Immigrant Rights Initiative.

9. Ms. Georgevich graduated from University of Minnesota Law School in 2019 and is licensed to practice law in Minnesota. Ms. Georgevich joined NIJC in 2022, where she has worked on several of the cases listed above, after completing an Equal Justice Works Fellowship with the Immigrant Law Center of Minnesota, where she focused on representation of detained Somali noncitizens. Ms. Georgevich clerked for the Minnesota Supreme Court.

10. Mr. Fleming graduated from Georgetown University Law Center in 2006 and is licensed to practice law in New York. Mr. Fleming joined NIJC in 2010 and has been appointed class in many of the cases listed above, including *Garcia Ramirez*, *Roy*, *Jimenez Moreno*, *Castañon Nava*, and *Xirum*.

11. Mr. Roth graduated from Notre Dame Law School in 1996 and is licensed to practice law in New York. Mr. Roth joined NIJC in 2001, when it was known as the Midwest Immigrant and Human Rights Center. He has been appointed class counsel in several of the cases listed above, including *I.A.*, *O.A.*, and *Jimenez Moreno*.

12. Mr. Romo graduated from New York University School of Law in 2019, where he was a student advocate in the Advanced Immigrant Rights Clinic, and is licensed to practice law in New York. Mr. Romo joined NIJC in August 2025 and has worked on cases like those listed above. Before joining NIJC, Mr. Romo was an associate at a nationally recognized litigation boutique specializing in wrongful convictions civil rights cases and was a Karpatkin Fellow at the ACLU's Racial Justice Program. He clerked on the Eastern and Southern Districts of New York.

13. I, along with my colleagues mentioned above and other members of NIJC's litigation and asylum teams, have participated in the investigation and preparation of this lawsuit.

Through the process of identifying appropriate plaintiffs to serve as class representatives, we have spoken to many individual noncitizens and attorneys representing noncitizens in immigration court. I can confidently estimate that there are hundreds of individuals who have had an ACA applied as the basis for pretermission of their asylum cases. Indeed, we have learned both that DHS has been instructed to seek pretermission for removal under an ACA in many cases, including on the eve of a hearing on the individual merits of an asylum claim. We have also learned that some DHS motions to pretermit had to be dismissed because Honduras had been the designated country, but Honduras agreed to receive just 240 people for the year and that cap has already been reached.

14. In addition to this factfinding, NIJC has also participated in developing the legal arguments, and in the drafting of the complaint and briefing.

15. NIJC is committed to zealously representing the Plaintiffs and the class whom they seek to represent. Additionally, I am aware of no conflicts of interest between myself, any of my colleagues, and any class members.

16. NIJC is representing Plaintiffs on a pro bono basis. NIJC is not being reimbursed for its representation of the individual plaintiffs or from other members of the proposed class; nor, to my knowledge, is co-counsel.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on December 18, 2025, in Chicago, Illinois.

s/ Keren Zwick
Keren Zwick, Counsel for Plaintiffs
National Immigrant Justice Center
111 W. Jackson Blvd. Suite 800
Chicago, Illinois 60604
312.660.1364 | kzwick@immigrantjustice.org