**DECLARATION OF MELISSA CROW**

I, Melissa Crow, declare the following under penalty of perjury and pursuant to 28 U.S.C. § 1746.

1.     I am co-counsel for the Plaintiffs in the above-captioned case and submit this declaration in support of Plaintiffs' Motion for Class Certification to demonstrate adequate class representation.

2.     I am the Director of Litigation at the Center for Gender and Refugee Studies (CGRS), have personal knowledge of the facts set forth herein, and can testify to them if needed.

3.     For twenty-six years, CGRS has advanced the rights of refugees through litigation, scholarship, and policy recommendations intended to ensure that humanitarian protection under U.S. law comports with our international obligations. CGRS litigates in two key areas: advancing substantive asylum law to keep legal avenues open for refugees and protecting the asylum system to ensure that those seeking protection have access to a fair legal process. We also provide nationwide technical assistance to attorneys representing individuals seeking asylum, withholding of removal, and protection under the Convention Against Torture, reaching over 9,000 unique fear of return cases at all levels of the immigration and federal court system in the past year alone. CGRS is based in San Francisco, California and also has an office in Washington, DC, where I am based.

4.     Since joining CGRS in 2022, I have been integrally involved in the following class actions or complex litigation matters seeking to protect the rights of individuals seeking asylum and other protection: *Noem v. Al Otro Lado, et al.*, 2025 WL 3198572 (U.S. Nov. 17, 2025) (Supreme Court granted government's petition for a writ of certiorari concerning certified border-wide class of asylum seekers challenging turnbacks by immigration officers at ports of entry along the U.S.-Mexico border); *Al Otro Lado, et al. v. Trump, et al.*, No. 3:25-cv-01501

(S.D. Cal. June 11, 2025) (putative class action challenging executive action denying access to the U.S. asylum process to individuals attempting to seek asylum at ports of entry along U.S.-Mexico border); *Refugee and Immigrant Center for Education and Legal Services, et al. v. Noem, et al.*, No. 25-306 (D.D.C., amended complaint filed February 19, 2025) (putative class action challenging executive action denying access to the U.S. asylum process to individuals on U.S. soil); *Al Otro Lado and Haitian Bridge Alliance, et al. v. Noem, et al.*, 2024 WL 4370577 (S.D. Cal. September 30,2024) (putative class action on behalf of asylum seekers without CBP One appointments challenging turnbacks by immigration officers at ports of entry along the U.S.-Mexico border); *Immigrant Defenders Law Center, et al. v. Noem, et al.*, 2023 WL 3149243 (C.D. Cal. March 15, 2023) (certified class of individuals outside the United States challenging 2019 Migrant Protection Protocols); *East Bay Sanctuary Covenant, et al. v. Trump*, et al., 134 F.4th 545 (9th Cir. 2025) (vacating district court's vacatur of Circumvention of Lawful Pathways rule and remanding for further proceedings); *M.A., et al. v. Mayorkas, et al.*, No. 1:23-cv-1843 (D.D.C. amended complaint filed July 10, 2023) (challenging expedited removal provisions of Circumvention of Lawful Pathways rule); *Las Americas Immigrant Advocacy Center v. DHS,* 2025 WL 1403811 (D.D.C. May 9, 2025) (largely vacating Securing the Borders rule); *Innovation Law Lab v. Wolf*, 951 F.3d 1073 (9th Cir. 2020), *vacated as moot by* 5 F.4th 1099 (9th Cir. 2021) (challenge to Migrant Protection Protocols).

5. Prior to joining CGRS, I served as a Senior Supervising Attorney with the Immigrant Justice Project of the Southern Poverty Law Center (SPLC). In that capacity, I served as lead counsel or co-counsel in many of the cases listed above, as well as the following additional class actions or complex litigation matters on behalf of noncitizens seeking asylum and other protection: *East Bay Sanctuary Covenant v. Trump*, 993 F.3d 640 (9th Cir. 2023)

(affirming district court's preliminary injunction of interim final rule rendering individuals who entered the United States between ports of entry ineligible for asylum); *East Bay Sanctuary Covenant v. Barr* (affirming district court's preliminary injunction of interim final rule rendering most individuals who transited through third countries en route to the United States ineligible for asylum and denying rehearing en banc).

6. Prior to joining SPLC, I spent seven years as the Litigation Director of the American Immigration Council in Washington, DC. In that capacity, I served as lead counsel orco-counsel in a number of class actions seeking to protect the rights of noncitizens. These included: *A.B.T. v. USCIS,* 2013 WL 5913323 (W.D. Wash. November 4, 2013) (nationwide class action on behalf of asylum applicants seeking work authorization; class certified prior to court approval of settlement); *Rosario v. USCIS,* 2017 WL 3034447 (W.D. Wash. July 18, 2017) (certified nationwide class of asylum applicants challenging delays in U.S. Citizenship and Immigration Services' adjudication of work authorization applications); *Brown v. CBP,* 132 F. Supp. 3d 1170 (N.D. Cal. 2015) (nationwide putative class action challenging Customs and Border Protection's extensive delays in processing FOIA requests); *J.E.F.M. v. Lynch*, 837 F.3d 1026 (9th Cir. 2016) (seeking recognition of right to appointed counsel for certified nationwide class of unrepresented children in removal proceedings); *Doe v. Johnson,* 878 F.3d 710 (9th Cir. 2017) (challenge to deplorable conditions in Customs and Border Protection detention facilities on behalf of certified class of individuals detained in U.S. Border Patrol's Tucson Sector).

7. I received my J.D. degree from New York University School of Law in 1994 and am admitted to practice law in the District of Columbia, Maryland, and New York. I am admitted to the U.S. District Court for the District of Columbia, the U.S. Courts of Appeals for the First, Second, Fourth, Fifth, Ninth, and District of Columbia Circuits, and the U.S. Supreme Court.

8. I have practiced immigration law since 2000. During that time, I have personally litigated cases and/or supervised law students in litigating cases on behalf of noncitizens before immigration judges, the Board of Immigration Appeals, federal district courts, and federal circuit courts of appeals. I have also litigated cases on behalf of *amici curiae* before various federal circuit courts of appeals, the Board of Immigration Appeals, and state courts.

9. From November 2007 to January 2010, I was a partner with Brown, Goldstein & Levy, LLP, a prominent public interest and civil rights law firm in Baltimore, Maryland. In that capacity, I served as lead counsel in numerous collective actions on behalf of noncitizens, including *Gonzalez Corrado et al. v. Tempo, Inc. et al.,* No. 1:2008cv02759 (collective action on behalf of immigrant workers seeking unpaid wages under Fair Labor Standards Act), and *Lopez et al. v. NTL LLC et al.,* No. 8:2008cv01579 (collective action on behalf of immigrant workers seeking unpaid wages under Fair Labor Standards Act), both in the U.S. District Court for the District of Maryland. As a result of my work on *Lopez et al. v. NTL LLC et al.,* the firm received the Outstanding Achievement Award in the field of Immigrant and Refugee Rights from the Washington Lawyers' Committee for Civil Rights and Urban Affairs.

10. Prior to entering private practice, I taught for a total of four years in the Safe Harbor Clinic at Brooklyn Law School and the International Human Rights Clinic at American University's Washington College of Law. In both positions, I supervised second and third-year law students on immigration court cases. I also spent a year as the Gulf Coast Policy Attorney at the National Immigration Law Center in Washington, DC, where I undertook a range of litigation on behalf of immigrant workers in post-Katrina New Orleans, including serving as co-counsel (admitted *pro hac vice*) in *Castellanos-Contreras et al. v. Decatur Hotels, LLC,* 622 F.3d 393 (E.D. La. 2010) (collective action on behalf of immigrant workers seeking unpaid wages

under Fair Labor Standards Act). In addition, I worked as an associate in the Washington, DC office of Foley Hoag LLP, where I handled immigration-related and other matters for foreign governments and represented asylum seekers on a pro bono basis.

11. The team of CGRS attorneys working on this case includes Blaine Bookey, Legal Director, based in San Francisco, California; and Peter Habib, a Staff Attorney based in San Francisco, California.

12. Ms. Bookey is an attorney licensed to practice law in the State of California since 2009. She has been an attorney at CGRS since 2011 and Legal Director since 2014. She has served as co-counsel in several class actions or complex litigation matters to protect the rights of noncitizens including: *Al Otro Lado, et al. v. Trump, et al.*, No. 3:25-cv-01501 (S.D. Cal. June 11, 2025) (putative class action challenging executive action denying access to the U.S. asylum process to individuals attempting to seek asylum at ports of entry along U.S.-Mexico border); *Huisha-Huisha v. Mayorkas*, 642 F. Supp. 3d 1 (D.D.C. Nov. 15, 2022), *cert. and stay granted sub nom. Arizona v. Mayorkas*, 143 S. Ct. 478, 214 L. Ed. 2d 312 (2022), *and vacated*, No. 22-5325, 2023 WL 5921335 (D.C. Cir. Sept. 7, 2023) (class action challenge to Title 42 policy); *P.J.E.S. by & through Francisco v. Mayorkas*, 652 F. Supp. 3d 103 (D.D.C. 2023) (class action challenge to Title 42 policy on behalf of unaccompanied noncitizen children); *Pangea Legal Servs. v. DHS*, 512 F. Supp. 3d 966 (N.D. Cal. 2021) (challenge to omnibus asylum rule); *Grace v. Barr*, 965 F.3d 883 (D.C. Cir. 2020) (challenge to application of asylum precedent decision in credible fear proceedings); *U.T. v. Barr*, 1:20-cv-00116-EGS (D.D.C. amended complaint filed September 8, 2025) (challenge to asylum cooperative agreements); *Innovation Law Lab v. Wolf*, 951 F.3d 1073 (9th Cir. 2020), *vacated as moot* by 5 F.4th 1099 (9th Cir. 2021) (challenge to Migrant Protection Protocols); *Matter of A-B-*, 28 I&N Dec. 307 (A.G. 2021) (challenge to

Attorney General precedent asylum decision); and *Matter of A-C-A-A-*, 28 I&N Dec. 351 (A.G. 2021) (challenge to Attorney General precedent asylum decision). Before joining CGRS, Ms. Bookey served as a federal judicial law clerk for the Honorable Dolores K. Sloviter on the U.S. Court of Appeals for the Third Circuit. Ms. Bookey has been admitted to the U.S. District Courts for the Northern District of California, Central District of California, Southern District of California, District of Columbia and the U.S. Courts of Appeals for the First, Third, Fourth, Fifth, Ninth, and District of Columbia Circuits.

13. Mr. Habib is an attorney licensed to practice law in the State of California. He has been a staff attorney at CGRS since 2025, and prior to that was an Equal Justice Works Fellow since 2023. Mr. Habib has served as co-counsel in the class action litigation *Al Otro Lado, et al. v. Trump, et al.*, No. 3:25-cv-01501 (S.D. Cal. June 11, 2025) (putative class action challenging executive action denying access to the U.S. asylum process to individuals attempting to seek asylum at ports of entry along U.S.-Mexico border). Mr. Habib graduated from the University of California College of the Law, San Francisco in 2023, where he was a student advocate in the Refugee and Human Rights Clinic. He has been admitted to the U.S. District Courts for the Eastern District of California, Central District of California, Southern District of California, and the U.S. Court of Appeals for the Fourth Circuit.

14. Ms. Bookey, Mr. Habib, and other CGRS colleagues have also corresponded with immigration attorneys across the country who have received motions to pretermit their clients' protection applications or observed DHS make such motions in cases involving pro se respondents based on the Rule and the other challenged policies implementing the ACAs. Based on those communications, I can confidently estimate that the government has already sought to pretermit at least hundreds, if not thousands, of noncitizens' applications for asylum, withholding

of removal, and/or CAT protection so far this year based on the ACAs and the policies challenged in this case.

15. Ms. Bookey, Mr. Habib, and I have committed substantial time and resources to representing the proposed class in this case. CGRS has been heavily involved in the investigation and litigation of issues relating to the Executive Orders issued on and after January 20, 2025, including Executive Order No. 14165, 90 Fed. Reg. 8467 (Jan. 30, 2025), as well as the "Asylum Cooperative Agreements" pursued by the Secretary of State pursuant to that order and the original 2019 regulation, 84 Fed. Reg. 63994. CGRS has also dedicated substantial time and effort to researching the asylum systems and conditions for migrants in the various countries with which the United States has entered into an agreement. CGRS has sufficient resources to vigorously prosecute the case. Neither CGRS nor I are receiving reimbursement from the Plaintiffs or putative class members in this case.

16. I am aware of no conflicts of interest between myself, Ms. Bookey, Mr. Habib, and any member of the class.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 18th day of December 2025 at North Potomac, Maryland.

s/ Melissa Crow<br>
Melissa Crow<br>
*Counsel for Plaintiffs and the Putative Class*