UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| U.T., *et al.*,<br><br>            Plaintiffs,<br><br>   v.<br><br>PAMELA BONDI, *et al.*,<br><br>            Defendants. | Civil Action No. 1:20-cv-116-EGS |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................................. 1

ARGUMENT ................................................................................................................................... 1

    I.    The Class Definition Is Sufficiently Precise and Any Potential Overbreadth is Easily Addressed. ................................................................................................................ 1

    II.    The Proposed Class Satisfies Rule 23(a). .......................................................................... 5

        A.    The Class Presents Common Questions of Law and Fact. ....................................... 5

        B.    The Proposed Class Representatives' Claims Are Typical of Class Members' Claims. ..................................................................................................................... 7

        C.    The Proposed Class Is Numerous. ............................................................................ 8

        D.    The Proposed Class Representatives Will Adequately Protect The Interests of the Proposed Class. .................................................................................................. 10

    III.    The Proposed Class Satisfies Rule 23(b). ....................................................................... 12

CONCLUSION ............................................................................................................................ 13

# TABLE OF AUTHORITIES

**Cases**

*Am. Mining Congress v. U.S. Army Corps of Eng'rs.*, 951 F. Supp. 267 (D.D.C. 1997) ............... 3

*Daskalea v. Washington Humane Soc.*, 275 F.R.D. 346 (D.D.C. 2011) ........................................ 8

*Duggan v. Bowen*, 691 F. Supp. 1487 (D.D.C. 1988) ..................................................................... 6

*Huisha-Huisha v. Mayorkas*, 560 F. Supp. 3d 146 (D.D.C. 2021) ............................................ 5-6

*J.D. v. Azar*, 925 F.3d 1291 (D.C. Cir. 2019) ........................................................................ 11, 12

*Luna Gutierrez v. Noem*, No. 25-cv-1766 (SLS), 2025 WL 3496390 (D.D.C. Dec. 5, 2025) ..... 12

*Nat'l Mining Ass'n v. U.S. Army Corps of Eng'rs*, 145 F.3d 1399 (D.C. Cir. 1998) ...................... 3

*Nat'l Veterans Legal Servs. Program v. United States*, 235 F. Supp. 3d 32 (D.D.C. 2017) .... 9, 10

*O.A. v. Trump,* 404 F. Supp. 3d 109 (D.D.C. 2019) ........................................... 3, 5, 6, 7, 8, 11, 12

*P.J.E.S. v. Wolf*, 502 F. Supp. 3d 492 (D.D.C. 2020) ..................................................................... 5

*Refugee & Immigrant Ctr. for Educ. & Legal Servs. (RAICES) v. Noem*,
  793 F. Supp. 3d 19 (D.D.C. 2025) ......................................................................................... 3, 11

*Robertson v. District of Columbia*,
  No. 24-cv-656, 2026 WL 125237 (D.D.C. Jan. 16, 2026) ..................................................... 9, 10

*Thorpe v. District of Columbia*, 303 F.R.D. 120 (D.D.C. 2014) .................................................... 4

*Twelve John Does v. District of Columbia*, 117 F.3d 571 (D.C. Cir. 1997) ........................... 10, 11

*Wagner v. Taylor*, 836 F.2d 578 (D.C. Cir. 1987) ......................................................................... 4

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011) .................................................................... 7

*Webb v. Merck & Co., Inc.*, 206 F.R.D. 399 (E.D. Pa. 2002) ......................................................... 8

**Statutes**

8 U.S.C. § 1229a ........................................................................................................................ 1, 4

**Regulations**

*Implementing Bilateral and Multilateral Asylum Cooperative Agreements Under the Immigration and Nationality Act*, 84 Fed. Reg. 63,994 (Nov. 19, 2019) ................................... 2

**Other Authorities**

7A Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1759 (4th ed. 2025) ........................................................................................................ 4

CBS News, *Trump Administration Seeks to Cancel Thousands of Asylum Cases, Saying Applicants Can Be Deported to Third Countries* (Dec. 23, 2025) ............................................. 9

N.Y. Times, *Trump Administration Pushes Asylum Seekers to Apply in Other Countries* (Dec. 20, 2025) ..................................................................................................................... 9

# INTRODUCTION

Class certification is warranted for the reasons set forth in Plaintiffs' motion. Defendants' arguments in opposition all fail. Among other defects, their assertions concerning the requirements of Rule 23(a) and (b)(2) fall short because they repeatedly ignore Plaintiffs' claims, harms, and requests for relief concerning *the Rule itself*, which indisputably applies to all proposed class members. And Defendants' concern about potential overbreadth of the proposed class is easily addressed by a minor modification of the class definition. The Court should grant Plaintiffs' motion.[1]

# ARGUMENT

## I. The Class Definition Is Sufficiently Precise and Any Potential Overbreadth is Easily Addressed.

Plaintiffs proposed the following class definition:

> All noncitizens whom Defendants have sought or will seek to bar from asylum, withholding of removal, or protection under the Convention Against Torture in removal proceedings under 8 U.S.C. § 1229a on the basis that they can be removed to a third country under an Asylum Cooperative Agreement pursuant to the Rule, Guidance, or Designations.

Defendants argue that this definition is imprecise and overbroad. First, they contend that it is unclear if the definition includes noncitizens "whom the government will seek to remove pursuant

---

[1] In the introduction to their opposition, Defendants assert that "Plaintiffs' choice to exclude the original Plaintiffs from the putative class is an implicit acknowledgment that the original Plaintiffs lack standing." Defs.' Opp. to Class Cert. ("Opp") at 3 n.1, ECF No. 181. That is incorrect. The six original Individual Plaintiffs do not seek to serve as class representatives (and would not be class members) because they were subjected to the Rule in expedited removal proceedings whereas the proposed class would consist of noncitizens subject to the challenged policies in regular Section 240 removal proceedings in immigration court. *See* Proposed 2d Am. Compl. ("SAC") ¶¶ 8-18, 135-42, ECF No. 173-1.

to future ACAs . . . or if the class only includes [noncitizens] subject to the ACAs Plaintiffs attempt to challenge in the proposed SAC." Opp. 7.[2]

But the class definition is clear. As Defendants themselves note, the class would cover all noncitizens "whom the government will seek to remove *under the Rule*, which would include [noncitizens] subject to future ACAs"—regardless of which country-specific Designations the government relies upon. Opp. 7 (emphasis added); *see also Implementing Bilateral and Multilateral Asylum Cooperative Agreements Under the Immigration and Nationality Act*, 84 Fed. Reg. 63,994 ("Rule") at 64,002 (Nov. 19, 2019) (stating that the Rule serves as the "regulatory framework" for all ACAs other than the agreement with Canada). That does not mean that Plaintiffs or the class members would have *claims* against hypothetical future country Designations that have not been challenged in Plaintiffs' pleadings. It just means that because the class would include all those in Section 240 proceedings against whom Defendants seek to apply the Rule, it would not *exclude* noncitizens merely because Defendants seek to impose the Rule in conjunction with future Designations concerning future ACAs.

Defendants attempt to inject ambiguity by stating that "the definition then simultaneously limits the class to [noncitizens] subject to the 'Designations' . . . at issue in this case." Opp. 7. But that ignores that the class definition is phrased in the disjunctive: it would include all noncitizens against whom Defendants seek to apply "the Rule, Guidance, *or* Designations" in Section 240 proceedings. It therefore would include all such noncitizens against whom Defendants seek to

---

[2] Here and throughout their opposition, Defendants erroneously conflate the Designations with the ACAs themselves. Plaintiffs do not challenge the ACAs, i.e., the international agreements. Plaintiffs instead challenge the separate Designations issued by the Attorney General and DHS Secretary, each of which makes "a categorical determination" that "a country to which [noncitizens] would be removed under [an ACA]" provides "full and fair" asylum procedures. *See* Rule, 84 Fed. Reg. 63,994, 63,997 (Nov. 19, 2019).

apply the Rule—which applies to all class members—regardless of which country-specific Designations are at play in any individual case. Moreover, invalidating the Rule and its framework would prevent Defendants from subjecting noncitizens to *any* Designation. *See, e.g.*, *O.A. v. Trump,* 404 F. Supp. 3d 109, 156 (D.D.C. 2019) (certifying class of asylum seekers challenging an asylum rule "on the same grounds" and uniformly seeking "invalidation of the [r]ule"); *Am. Mining Congress v. U.S. Army Corps of Eng'rs.*, 951 F. Supp. 267, 278 (D.D.C. 1997) (ordering that a rule "declared invalid and set aside . . . *is not to be applied or enforced*") (emphasis added), *aff'd Nat'l Mining Ass'n v. U.S. Army Corps of Eng'rs*, 145 F.3d 1399 (D.C. Cir. 1998).

A similar argument by the government was rejected in *Refugee and Immigrant Center for Education and Legal Services (RAICES) v. Noem*, 793 F. Supp. 3d 19 (D.D.C. 2025), *appeal pending*, No. 25-5243 (D.C. Cir. argued Nov. 3, 2025). That case concerned a class action challenging a presidential proclamation restricting asylum as well as implementing guidance issued by DHS. *Id.* at 40-41, 53. The plaintiffs proposed a class of noncitizens subject to the proclamation and guidance. *Id.* at 98. The government argued that the proposed class was overbroad and imprecise because DHS in the future might issue further guidance modifying the "procedures for implementing" the proclamation. *Id.* at 100. The court rejected the argument, explaining that classwide resolution of the plaintiffs' requests for declaratory and injunctive relief concerning the proclamation and "vacatur of the current guidance" did "not depend on hypothetical future procedures." *Id*. Similarly here, whether Defendants issue additional country Designations in the future would not change the fact that the class would include all noncitizens against whom Defendants seek to apply the Rule in Section 240 proceedings, regardless of the Designations at issue in individual cases. And it would not alter Plaintiffs' ability to seek classwide relief against the Rule, Guidance, and current Designations.

3

For these reasons, the class definition satisfies the requirement that Plaintiffs set out "the general demarcations of the class of individuals who are being harmed by" the challenged policies. *See Thorpe v. District of Columbia*, 303 F.R.D. 120, 139 (D.D.C. 2014).

Second, Defendants argue that the class is overbroad because it could include noncitizens who managed to receive final grants of asylum despite Defendants' efforts to pretermit their claims pursuant to the challenged policies. Opp. 7-8. Plaintiffs agree that final and unappealable adjudication of a noncitizen's asylum claim on the merits should except them from the class, but this concern is easily addressed by modifying the class definition with the italicized addition:

> All noncitizens whom Defendants have sought or will seek to bar from asylum, withholding of removal, or protection under the Convention Against Torture in removal proceedings under 8 U.S.C. § 1229a on the basis that they can be removed to a third country under an Asylum Cooperative Agreement pursuant to the Rule, Guidance, or Designations, *except that the class does not include noncitizens who have received final and unappealable adjudications on the substantive merits of such claims not premised on application of the Rule, Guidance, or Designations*.

The Court has ample authority to adopt this proposed modification. *Wagner v. Taylor*, 836 F.2d 578, 589-90 (D.C. Cir. 1987) (district courts have "broad discretion to redefine and reshape the proposed class to the point that it qualifies for certification under Rule 23"); *accord* 7A Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1759 (4th ed. 2025).[3]

Finally, the Court should reject Defendants' suggestion that an immigration judge's denial of an ACA-based pretermission motion, alone, eliminates the threat that a noncitizen could still be

---

[3] As Defendants note, Opp. 8, Plaintiffs L.T., A.T., and A.J. were granted asylum by an immigration judge on December 15, 2025. *See* Proposed SAC ¶ 28, ECF No. 173-1. The government did not timely appeal the immigration judge's grant of asylum in their removal proceedings, so that decision became final on January 15, 2026—after Plaintiffs moved for class certification on December 19, 2025. As reflected in the updated Proposed Order filed with this reply, Plaintiffs therefore withdraw Plaintiffs L.T., A.T., and A.J. as proposed class representatives. And if the Court grant's Plaintiffs leave to file the proposed SAC, Plaintiffs L.T., A.T., and A.J. intend to voluntarily dismiss their claims in this action.

denied asylum and removed pursuant to the challenged policies. Opp. 8. As the proposed class representatives' experiences demonstrate, Defendants have repeatedly sought to pretermit protection claims in the same cases based on multiple ACAs, often on the eve of removal hearings or at the final hearing itself, and in some cases at the immigration judge's own motion. *See, e.g.*, Proposed SAC ¶¶ 22-24, 26, 33, ECF No. 173-1; Decl. of Y.A. ¶ 7, ECF No. 158-4; Decl. of E.M. ¶ 13, ECF No. 175-1; Decl. of L.H. ¶ 9, ECF No. 175-2; Decl. of D.M. ¶ 10–11, ECF No. 175-3; Decl. of M.O. ¶¶ 11, 13, ECF No. 175-7; Decl. of S.M. ¶ 10, ECF No. 175-8. Therefore, an immigration judge's denial of one pretermission motion invoking a particular ACA does not eliminate the threat of removal pursuant to the Rule, Guidance, and Designations because Defendants may still seek to pretermit protection claims by invoking other ACAs. The injury common to all class members exists until there is a final and unappealable adjudication on the substantive merits of the class member's asylum and related claims.

## II. The Proposed Class Satisfies Rule 23(a).

Plaintiffs have satisfied the commonality and typicality elements by identifying "a uniform policy or practice that affects all class members." *O.A.*, 404 F. Supp. 3d at 156 (quotation marks omitted); *see also id.* at 155 (noting that "commonality and typicality[] often overlap"). Defendants' pervasive use of the Rule and the other challenged policies in Section 240 proceedings leaves no doubt that the proposed class is sufficiently numerous. And Defendants fail to identify any conflict preventing the proposed class representatives from fairly and adequately protecting the interests of the class.

### A. The Class Presents Common Questions of Law and Fact.

Defendants' attempts to undermine commonality lack merit. Courts in this District have certified analogous classes of noncitizens unlawfully deprived of access to protection in the United States. *See* Pls.' Mot. for Class Cert ("Mot.") 2-3, 5-7, ECF No. 174; *see, e.g.*, *Huisha-Huisha v.*

5

*Mayorkas*, 560 F. Supp. 3d 146, 164-66 (D.D.C. 2021) (Sullivan, J.), *rev'd in part on other grounds*, 27 F.4th 718 (D.C. Cir. 2022); *P.J.E.S. v. Wolf*, 502 F. Supp. 3d 492, 531-32 (D.D.C. 2020); *O.A.*, 404 F. Supp. 3d at 155-59. The same result is warranted here.

First, Defendants argue that class members face no common injury. Opp. 9-10. But every class member "face[s] the same threat of injury: loss of the right to seek asylum" because of the challenged policies. *See O.A.*, 404 F. Supp. 3d at 156. Defendants contend that there is no such injury because noncitizens subject to removal under ACAs do not have a right to seek asylum. Opp. 9. But that incorrectly assumes the lawfulness of the challenged policies: Plaintiffs argue that the challenged policies are *unlawfully* depriving class members of their right to seek protection.

Defendants also argue that class members do not suffer a common injury because some may respond differently to Defendants' attempts to subject them to the Rule, Guidance, and Designations—for example in opposing pretermission motions, filing administrative appeals, or seeking reconsideration. Opp. 9-10. But the steps particular class members may take to try to avoid pretermission due to the Rule does not change the fact that they all face the common harm of being subjected to the Rule in the first place. *See O.A.*, 404 F. Supp. 3d at 156 (the fact that each "member of the putative class will have a unique interest in pursuing his or her own claim to asylum" did not defeat class certification because the suit sought to ensure that every class member would have the "opportunity to pursue those claims, unencumbered by" the challenged rule); *see also Duggan v. Bowen*, 691 F. Supp. 1487, 1504 (D.D.C. 1988) (an "individual's right to an administrative appeal is not a cure-all" that defeats class certification in a challenge to the policies being applied by the agency).[4]

Second, Defendants argue that proposed class members "do not challenge the same government policy" because not every country Designation will be relied upon in applying the

---

[4] As explained above, Plaintiffs acknowledge that noncitizens who Defendants unsuccessfully sought to subject to the challenged policies but who nonetheless have received final adjudications on the merits of their protection claims may be excluded from the proposed class. *Supra* at 4.

6

Rule against all class members. Opp. 10-11. But that ignores that all class members challenge the *Rule*—which applies to all of them, regardless of which Designations (and ACAs) are relied upon. That common challenge to the Rule is sufficient. *See O.A.*, 404 F. Supp. 3d at 156.

Third, Defendants assert that Plaintiffs have not identified common questions. Opp. 11-12. That argument fails for the same reason. Defendants suggest that Plaintiffs' claims against particular Designations or possible country-specific Guidance documents[5] could depend on country-specific factors. *See id.* But that again ignores that all class members raise common claims concerning the Rule itself, which unlike the Designations is not country specific. *See, e.g.*, Proposed SAC ¶ 194-96, ECF No. 173-1 (notice and comment claim). And even as to the Designations, Plaintiffs' statutory claim raises a common question that goes to the lawfulness of all the Designations: whether the statute requires consideration of third countries' *actual* safety and the functioning and capacity of their asylum systems. *See id.* ¶¶ 159-62. Therefore, Plaintiffs have identified at least "a single common question"; no more is required. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 359 (2011) (quotation omitted).

### B. The Proposed Class Representatives' Claims Are Typical of the Class Members' Claims.

Defendants' attempts to identify differences among the proposed class representatives do not defeat typicality. For the reasons described above, it is immaterial that Defendants have thus far invoked certain ACAs against some proposed class representatives and different ACAs against others. *See* Opp. 12-13. Such variations do not change the fact that the proposed class representatives and all putative class members "face the same threat of injury"—being barred from asylum and other protection due to the Rule, which applies to all of them—and so "possess the same interest" in challenging it. *See O.A.*, 404 F. Supp. 3d at 156 (quotation omitted). And their challenges to the Guidance and Designations will likewise turn on whether Plaintiffs are correct

---

[5] Defendants have not yet published or otherwise produced the Guidance.

7

that Defendants failed to satisfy the requirements of the Immigration and Nationality Act and the Administrative Procedure Act ("APA") in issuing those agency actions.

Defendants also argue that "none of the class representatives can challenge an ACA that does not [yet] exist." Opp. 13. Here, again, Defendants presumably mean to refer to future Designations since Plaintiffs do not challenge the ACAs themselves at all. Plaintiffs agree that they and the class members would not have *claims* against hypothetical future Designations that have not been challenged in their pleadings. *See* Pls.' Reply in Supp. of Mot. for Leave to File SAC 4, ECF No. 183. As explained above, however, that does not defeat certification of a class including all noncitizens against whom Defendants seek to apply the Rule in Section 240 proceedings, regardless of the Designations at issue in particular cases.

The cases Defendants cite are inapposite. *Daskalea v. Washington Humane Soc.*, 275 F.R.D. 346 (D.D.C. 2011), involved a putative class of pet owners whose dogs were seized under varying circumstances that bore directly on each individual's ability to prevail on their claims. *Id.* at 358. And *Webb v. Merck & Co., Inc.*, 206 F.R.D. 399 (E.D. Pa. 2002), similarly concerned a putative class of employees alleging disparate treatment in individualized circumstances that were "not susceptible to generalized proof or defenses." *Id.* at 408. Neither case was an APA challenge to a federal agency action that applied to all class members like the Rule at issue here. As in *O.A.*, that shared challenge to the Rule ties the claims of the proposed class representatives to its members and satisfies the typicality requirement. *See O.A.*, 404 F. Supp. 3d at 156.

### C. The Proposed Class Is Numerous.

Defendants' challenge to numerosity lacks merit. They first argue that Plaintiffs do not provide an adequate "basis for their estimate of putative class members subject to each of the challenged ACAs." Opp. 14. But no such estimates are necessary because, as explained above, the proposed class would encompass all noncitizens in Section 240 proceedings against whom Defendants seek to apply the Rule, regardless of the particular ACAs invoked. *Supra* at 2-3; *see also Robertson v. District of Columbia*, No. 24-cv-656, 2026 WL 125237, at *10 (D.D.C. Jan. 16,

2026) (numerosity does not require plaintiffs "to prove that there are at least forty putative members" harmed by every aspect of challenged policies).

Critically, Defendants do not question Plaintiffs' evidence that the proposed class in its entirety—which includes all those being subjected to the Rule in Section 240 proceedings—already includes "at least hundreds of noncitizens." *See* Mot. 5 (citing declarations). And reporting has since confirmed that evidence. *See* CBS News, *Trump Administration Seeks to Cancel Thousands of Asylum Cases, Saying Applicants Can Be Deported to Third Countries* (Dec. 23, 2025) (DHS had filed "more than 8,000" pretermission motions pursuant to the Rule as of early December 2025), https://perma.cc/3AJS-K92T; N.Y. Times, *Trump Administration Pushes Asylum Seekers to Apply in Other Countries* (Dec. 20, 2025) (in November 2025 alone, DHS attorneys "filed almost 5,000 motions to dismiss asylum cases" pursuant to the Rule), https://www.nytimes.com/2025/12/20/us/trump-asylum-third-countries.html.

Defendants next argue that only Plaintiffs N.V. and M.O. "actually face removal" pursuant to the challenged policies, Opp. 14-15, presumably because they have already received ACA-based removal orders, *see* Proposed SAC ¶ 19-36, ECF No. 173-1. But Defendants are actively seeking to remove the other proposed class representatives pursuant to the Rule, Guidance, and Designations. *Id.* ¶ 19-27, 30-31, 34-36. In any event, Defendants' argument conflates the numerosity analysis with the standing or adequacy of the proposed class representatives. But numerosity does not turn on the status of named plaintiffs. *See Nat'l Veterans Legal Servs. Program v. United States*, 235 F. Supp. 3d 32, 40 (D.D.C. 2017) (defendant's adequacy arguments not relevant to numerosity). It instead focuses on the size of the proposed class as a whole. *See, e.g.*, *Robertson*, 2026 WL 125237, at *10.

### D. The Proposed Class Representatives Will Adequately Protect The Interests of the Proposed Class.

On adequacy, Defendants argue that "the named Plaintiffs . . . cannot vigorously prosecute the interests of all the putative class members" because "class members will be subject to ACAs that the named Plaintiffs are not themselves subject to." Opp. 15-16. But this fails to show that the proposed class representatives and class members have "antagonistic or conflicting interests." *See Twelve John Does v. District of Columbia*, 117 F.3d 571, 575 (D.C. Cir. 1997); *see also Nat'l Veterans Legal Servs. Program*, 235 F. Supp. 3d at 41 ("Conflicts of interest prevent named plaintiffs from satisfying the adequacy requirement only if they are fundamental to the suit and go to the heart of the litigation.") (cleaned up).[6]

The class representatives' interests are strongly aligned with those of the class members for three reasons. First, "nothing prevents DHS attorneys or immigration judges from invoking . . . any other ACAs against the Individual Plaintiffs at any time." Pls.' Reply in Supp. of Mot. for Leave to File SAC 7-8, ECF No. 183 (citing Proposed SAC ¶ 22, ECF No. 173-1). So the class representatives all have a clear interest in invalidating every Designation they can. Second, Plaintiffs' lead statutory claim against all the Designations is that the asylum statute's safe-third-country provision requires Defendants to consider the actual safety of third countries and the actual functioning and capacity of its asylum system—and that *all* the Designations suffer from a "common defect" because they fail to do so. *Id.* at 4 (citing Proposed SAC ¶¶ 159-62, ECF No. 173-1). The class representatives have a strong interest in demonstrating that their understanding of the statute is correct—and all class members will benefit if they prevail. Third, as noted above, invalidating the Rule and its framework would prevent Defendants from subjecting noncitizens to

---

[6] By contrast, the requirement that a named plaintiff appears "able to vigorously prosecute the interests of the class through qualified counsel . . . ensures that *class counsel* is qualified to represent the class." *Robertson*, 2026 WL 125237, at *18 (emphasis added) (cleaned up).

10

*any* Designation. *Supra* at 2-3. And the proposed class representatives clearly have a strong interest in invalidating the Rule.

Defendants' argument that "there is no guarantee that the . . . proposed class representatives will suffer any injury at all or remain parties in this case" likewise fails to identify any fundamental conflict of interest. *See* Opp. 16. That the class representatives share a common "threat of injury" with the class is sufficient for certification. *See O.A.*, 404 F. Supp. 3d at 156. Moreover, the proposed class representatives are either currently pursuing their asylum claims in immigration court or before the Board of Immigration Appeals or, in the cases of Plaintiffs N.V. and M.O., were ordered removed to third countries under the Rule without the opportunity to have the merits of their asylum claims adjudicated. And even if a class representative's claims become moot in the future, they may still pursue the class's claims. *See Twelve John Does*, 117 F.3d at 575.

Defendants next claim that because former Plaintiff D.G. dismissed his claims prior to class certification, other Plaintiffs are likely to do so after the class is certified. Opp. 16-17. Not so. D.G. dismissed his claims in this action before Plaintiffs moved for class certification and only after he received an adjudication on the merits of his asylum application and decided to forego appeal, rendering his claims here moot. Defendants also note that Plaintiffs L.T., A.T., and A.J. now have final grants of asylum. Opp. 16; *see supra* at 4 n.3. But Plaintiffs have proposed a modification of their class definition that addresses this concern. *Supra* at 4. The remaining "proposed class representatives share interests with the members of the class." *See RAICES*, 793 F. Supp. 3d at 102. And Defendants' speculation about future events impacting the adequacy of representation is unfounded. *See* Opp. 15-17. Even if the claim of one or more of the proposed class representatives becomes moot in the future, "plaintiffs with moot claims may adequately represent a class." *J.D. v. Azar*, 925 F.3d 1291, 1313 (D.C. Cir. 2019).

Plaintiffs therefore satisfy Rule 23(a)(4)'s adequacy requirement.

### III. The Proposed Class Satisfies Rule 23(b).

Defendants' argument against certification under Rule 23(b)(2) fails for much the same reason as their contentions concerning commonality and typicality. They argue that Plaintiffs seek no indivisible relief as required by Rule 23(b)(2) because "Plaintiffs challenge *several* different [Designations] and *several* sets of guidance," and so it is "possible that the Court may enjoin certain [Designations] and/or guidance but not others." Opp. 17-18. But this ignores Plaintiffs' requests for unitary forms of relief *as to the Rule* on behalf of the entire proposed class.

Among other relief, Plaintiffs seek a declaratory judgment that the Rule is contrary to law and arbitrary and capricious; an injunction barring Defendants from implementing or enforcing the Rule; and vacatur of the Rule. *See* 1st Am. Compl. 47 (prayer for relief), ECF No. 166; Proposed SAC 58-59 (prayer for relief), ECF No. 173-1. These requested remedies make Rule 23(b)(2) certification appropriate because the Rule constitutes a single "challenged policy [that] is generally applicable to the class." *See J.D.*, 925 F.3d at 1315. Granting such relief would provide indivisible relief to the entire class. *See, e.g.*, *O.A.*, 404 F. Supp. 3d at 157 (Rule 23(b)(2) satisfied by plaintiffs' requests for "a declaration that [asylum rule] is unlawful" and order "setting the [r]ule aside"); *see also Luna Gutierrez v. Noem*, No. 25-cv-1766 (SLS), 2025 WL 3496390, at *11 (D.D.C. Dec. 5, 2025) ("Courts in this District have certified claims seeking indivisible APA relief such as vacatur under Rule 23(b)(2).") (collecting cases).

The same is also true of all implementing Guidance that is not country-specific but rather concerns implementation of the Rule generally in Section 240 proceedings. *See, e.g.*, 1st Am. Compl. ¶¶ 108, 110-13, ECF No. 166 (allegations concerning Guidance for implementing the Rule in Section 240 proceedings); Proposed SAC ¶¶ 126, 128-34, ECF No. 173-1 (same). And, as noted above, invalidating the Rule would prevent Defendants from subjecting noncitizens to any

12

Designation (or Guidance document) implementing the Rule. *Supra* at 3. Moreover, declaratory and injunctive relief requiring Defendants to consider the safety of ACA countries and the actual functioning of those countries' asylum systems in issuing *all* Designations would likewise benefit the entire class. *See, e.g.*, Proposed SAC ¶¶ 191-93 (Claim 8 challenging Rule, Guidance, and Designations as arbitrary and capricious).

Finally, declaratory, injunctive, and APA relief concerning the individual country-specific Designations will benefit *all* class members because nothing currently prevents DHS attorneys or immigration judges from invoking any ACAs—and thus applying any of the corresponding Designations—against class members at any time. *Supra* at 10.

Plaintiffs therefore easily satisfy the requirements of Rule 23(b)(2).

## CONCLUSION

The Court should certify the proposed Class, with the modification specified above, under Rule 23(a) and 23(b)(2), appoint the Section 240 Individual Plaintiffs as Class Representatives, and appoint the undersigned as Class Counsel.[7]

Dated: January 30, 2026                                  Respectfully submitted,

| | |
|---|---|
| Keren Zwick (D.D.C. Bar. No. IL0055) | s/ Lee Gelernt |
| Mary Georgevich* | Lee Gelernt* |
| Gerardo Romo* | Omar Jadwat* |
| Mark Fleming* | Natalie Behr** |
| Charles G. Roth* | American Civil Liberties Union Foundation, |
| National Immigrant Justice Center | Immigrants' Rights Project |
| 111 W. Jackson Blvd., Suite 800 | 125 Broad Street, 18th Floor |
| Chicago, IL 60604 | New York, NY 10004 |
| (312) 660-1370 | (212) 549-2660 |
| kzwick@immigrantjustice.org | lgelernt@aclu.org |
| mgeorgevich@immigrantjustice.org | ojadwat@aclu.org |

---

[7] Along with this reply, Plaintiffs are filing an updated Proposed Order that reflects their proposed modification of the class definition and removes Plaintiffs L.T., A.T., and A.J. from the list of proposed class representatives.

13

gromo@immigrantjustice.org
mfleming@immigrantjustice.org
croth@immigrantjustice.org

Melissa Crow (D.C. Bar No. 453487)
Center for Gender & Refugee Studies
1901 Pennsylvania Avenue, NW
Suite 900, PMB 228
Washington, DC 20006
(202) 355-4471
crowmelissa@uclawsf.edu

Blaine Bookey**
Peter Habib**
Center for Gender & Refugee Studies
200 McAllister St.
San Francisco, CA 94102
(415) 565-4877
bookeybl@uclawsf.edu
habibpeter@uclawsf.edu

Anwen Hughes**
Inyoung Hwang**
Human Rights First
121 W. 36th St., PMB 520
New York, NY 10004
(202) 547-5692
hughesa@humanrightsfirst.org
hwangs@humanrightsfirst.org

irp_nbehr@aclu.org

Morgan Russell*
American Civil Liberties Union Foundation
Immigrants' Rights Project
425 California Street, Suite 700
San Francisco, CA 94104
(415) 343-0770
mrussell@aclu.org

Arthur B. Spitzer (D.C. Bar No. 235960)
Scott Michelman (D.C. Bar No. 1006945)
American Civil Liberties Union Foundation of the District of Columbia
529 14th Street NW, Suite 722
Washington, D.C. 20045
(202) 457-0800
aspitzer@acludc.org
smichelman@acludc.org

*Attorneys for Plaintiffs*
* *Appearing pro hac vice or pro bono*
** *Application for admission pro hac vice or pro bono appearance forthcoming*