UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

U.T., et al.,

     Plaintiffs,

     v.

TODD BLANCHE, Acting Attorney General
of the United States, in his official capacity, et
al.,

     Defendants.

Civil Action No. 1:20-cv-00116-EGS

**[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER**

UPON CONSIDERATION of the Parties' joint motion for protective order regarding disclosure and handling of protected materials in this Action, it is hereby

ORDERED AS FOLLOWS:

**A.    Definitions**

1.  "Action" shall mean the case captioned, *U.T., et al. v. Todd Blanche, et al.*, No. 1:20-cv-00116 (D.D.C.), and any appeals therefrom.

2.  "Plaintiffs" shall mean the individuals and organizations who sued the U.S. government agencies in this action unless they are dismissed voluntarily or by court order.

3.  "Defendants" shall mean the U.S. government agencies and agency officials that are sued in this action, unless they are dismissed voluntarily or by court order.

4.  "Party" means either Plaintiffs or Defendants, and "Parties" means Plaintiffs and Defendants.

5.  "Confidential Information" shall mean information that, at the time of its production in the action, or thereafter, is so designated by Defendants because Defendants possess a good faith belief that the information:

    a.  Is not in the public domain or is in the public domain without Defendants' authorization; and

    b.  Constitutes:

3

i.    Names of individuals (where disclosure could pose concerns about harassment or retaliation), contact information, and personal financial, medical or other private information relating to an individual, including dates of birth, alien registration number ("A number"), immigration status, country of birth, passport numbers, driver's license numbers, foreign identification documents, information related to any pending applications for immigration relief or related appeals, and/or any information that would properly be redacted from any public court filing pursuant to Federal Rule of Civil Procedure 5.2;

ii.    Information protected by the Privacy Act of 1974, 5 U.S.C. § 552a, as amended ("Privacy Act"), or any other applicable federal or state law, including but not limited to information about an individual regarding his or her education, financial transactions, medical history, criminal, immigration, or employment history and that contains his or her name, or the identifying number, symbol, or other particular identifier assigned to the individual, such as a finger or voice print or photograph;

iii.    Absent a waiver by the subject of the information, information pertaining to applications for asylum or withholding of removal, which are subject to disclosure conditions under 8 C.F.R. §§ 1003.27(c) and 1208.6, as well as information pertaining to:

    A.    Applications for Temporary Protected Status under 8 U.S.C. § 1254a; and

    B.    Information that relates to an alien who is the beneficiary of an application for relief under 8 U.S.C. §§ 1101(a)(15)(T), (15)(U), (51) or 1229b(b)(2);

iv.    Any other information that is protected or restricted from disclosure by Court order, statutes, rules or regulations, including, but not limited to: 8 U.S.C. §§ 1160(b)(5); 1186a(c)(4), 1202(f), 1254a(c)(6), 1255a(c)(4), (5); 1304(b), and 1367(a)(2), (b), (c), (d); 22 U.S.C. § 7105(c)(1)(C); 8 C.F.R. §§ 208.6, 210.2(e), 214.216, 214.14(e), 216.5(e)(3)(viii), 236.6, 244.16, 245a.2(t), 245a.3(n), 245a.21, 1003.27(b)-(d), 1003.46, 1208.6, 28 C.F.R. § 0.29f, which otherwise could subject either party to civil or criminal penalties or other sanctions in the event of unauthorized disclosure;

v.    Sensitive information about law enforcement or national security staffing, resources, intelligence, and/or methods, as well as sensitive government personnel information, including identifying information, contact information, job titles, identifying numbers, duty locations, or other identifying details of non-public-facing and non-supervisory federal and non-federal employees and contractors involved in enforcement

4

operations or custodial functions where disclosure of such information to the public may adversely impact identifiable law enforcement or national security interests, pose privacy or safety risks, or create operational concern; or

vi. Information relating to foreign affairs, national security interests, or international activities of the United States or other foreign nations, including but not limited to communications with foreign governments, deliberations concerning domestic and foreign policy, if disclosure of the information could reasonably be expected to harm the foreign relations or national security interests of the United States or other foreign nations.

6. "Confidential–Attorneys' Eyes Only Information" shall mean Confidential Information that at the time of its production in this action, or thereafter, is so designated by Defendants because of a good faith belief that the information is so highly sensitive that the disclosure to those identified in Section E(3) below but not identified in Section E(4) below would create a substantial risk of harm that could not be avoided by any less restrictive means.

7. "Disclose" (or forms thereof) shall mean to distribute, provide, or otherwise make available for access, viewing, or copying. "Disclose" shall include the actual covered document or item as well as the contents or information contained therein, such that disclosing a copy or summary, or paraphrasing, or characterizing in a way that would undermine the purpose of designation would be considered a disclosure of the document itself for purposes of this Protective Order.

## B. Purpose, Scope, and Limitations of Protective Order

1. This Protective Order applies to documents produced by Defendants in anticipation of summary judgment briefing on Plaintiffs' claims in this Action. This Order does not govern the use of Confidential Information at any court hearing, which would be governed by the orders of the court in this Action.

2. Defendants may produce documents to Plaintiffs that are protected by the Privacy Act or any other statute (consistent with Section A(5)(b)(ii) above), and Defendants' production of such documents shall be considered to be "pursuant to the order of a court of competent jurisdiction" and authorized by 5 U.S.C. § 552a(b)(12) so long as Defendants (a) designate the documents under this Protective Order and (b) produce documents without any privacy redactions of Confidential Information or Confidential–Attorneys' Eyes Only Information. This Order binds the Parties and their respective agents, successors, personal representatives, and assignees.

3. This Protective Order shall not prejudice Defendants' ability to challenge use or disclosure of information other than information designated as Confidential Information or Confidential–Attorneys' Eyes Only Information under this Protective Order in this Action. Defendants' compliance with the terms of this Protective Order shall not

operate as an admission that any particular material is or is not (a) confidential, (b) privileged, or (c) admissible in evidence.

4. The protections conferred by this Protective Order do not cover any information that (a) is properly in the public domain; (b) becomes part of the public domain after its disclosure to Plaintiffs as a result of publication not involving a violation of this Protective Order, including becoming part of the public record in this Action; or (c) is known to Plaintiffs prior to the disclosure or obtained by Plaintiffs after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to Defendants.

5. This Protective Order does not govern the use by the Parties of Confidential Information or Confidential–Attorneys' Eyes Only Information in connection with any filing or in open court in this Action, but the Parties reserve the right to seek relief from the Court in connection with the intended use of Confidential Information or Confidential–Attorneys' Eyes Only Information in connection with any such filing. Reference by the Parties to designated material in open court, pursuant to an order entered by the Court as described in this paragraph, shall be considered to be "pursuant to the order of the court of competent jurisdiction" and authorized by 5 U.S.C. § 552a(b)(12) or any other similar statutory provision governing disclosure (consistent with Section A(2)(b)(iii), above). See also paragraph (E)(6) below (detailing procedure for use of Confidential Information or Confidential–Attorneys' Eyes Only Information in a filing or open court).

6. Confidential Information or Confidential–Attorneys' Eyes Only Information included in a pleading shall not lose its protection unless Defendants consent to public filing or fail to seek appropriate sealing under local rules, or the Court denies sealing and orders that such information may be filed in the public record.

7. Nothing in this Protective Order shall restrict Defendants from using their own Confidential Information or Confidential–Attorneys' Eyes Only Information for any purpose whatsoever with or without redaction and without Court approval. If any such use results in an affirmative disclosure that causes the Confidential Information or Confidential–Attorneys' Eyes Only Information to lose its designation, then it shall no longer be subject to any protection under this Protective Order.

8. This Protective Order applies only to disclosures, uses, and handling of Confidential Information or Confidential–Attorneys' Eyes Only Information occurring after the entry of this Protective Order.

9. Neither the termination of this Action nor the termination of employment of any person who has had access to any Confidential Information or Confidential–Attorneys' Eyes Only Information shall relieve such person of his or her obligations under this Protective Order, which shall survive.

10. Any party may at any time seek modification of this Protective Order by agreement or, failing agreement, by motion to the Court.

6

**C.    Method for Designating Confidential Information and Confidential-Attorneys' Eyes Only Information**

1. Designations of Confidential Information or Confidential–Attorneys' Eyes Only Information, respectively, shall be made by Defendants prior to or at the time of production, except as otherwise provided by this Protective Order or as otherwise stipulated or ordered.

2. The Designation of Confidential Information should be limited to only those documents or portions of documents that qualify under the appropriate standards or under the definition of "Confidential Information" in Section A(5) or "Confidential–Attorneys' Eyes Only Information" in Section A(6) of this Protective Order. Mass, indiscriminate, or routine designations are prohibited.

3. Documents produced in this Action that are subject to this Protective Order shall be designated as follows:

   CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER D.D.C. 1:20-cv-00116-EGS

   or:

   CONFIDENTIAL–ATTORNEYS' EYES ONLY D.D.C. 1:20-cv-00116-EGS

   on each page of the document asserted to contain Confidential Information or Confidential–Attorneys' Eyes Only Information, respectively, or on a cover sheet appended to the document.

4. If it comes to Defendants' attention that information designated as Confidential Information or Confidential–Attorneys' Eyes Only Information does not qualify or no longer qualifies for such protection, Defendants must promptly notify Plaintiffs that they are withdrawing the designation for the applicable information.

5. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive Defendants' right to secure protection under this agreement. Upon timely correction of a designation, Plaintiffs must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

**D.    Challenging Confidential Designations**

1. Plaintiffs shall make any challenges to a designation of confidentiality pursuant to the process set forth in the Parties' Schedule for Document Production and Summary Judgment Briefing, Dkt. No. 188.

2. Plaintiffs shall raise any challenge to the designation of any Confidential Information or Confidential–Attorneys' Eyes Only Information under this Protective Order by providing Defendants (a) written notice of each designation it is challenging and (b) a description of the basis of each challenge. *See* Dkt. No. 188 at 1.

3. Plaintiffs and Defendants shall attempt to resolve each challenge in good faith and must begin a meet-and-confer process within seven (7) calendar days after Defendants receive notice from Plaintiffs. *See* Dkt. No. 188 at 2. Defendants must review the applicable documents and either keep or change the designation. Defendants must communicate their decision within eleven (11) calendar days after notice of the challenge. Should a dispute remain, eleven (11) days after the challenge, the Parties shall file a joint status report with the Court addressing the dispute and how to resolve it. *See* Dkt. No. 188 at 2.

4. The above process and its timeframes shall apply to documents Defendants produce in the administrative records as well as any supplements to the administrative records Defendants may make at a later time.

5. Any information designated by Defendants as Confidential Information or Confidential–Attorneys' Eyes Only Information pursuant to and after the entry by the Court of this Protective Order shall be treated as Confidential Information or Confidential–Attorneys' Eyes Only Information, respectively, until such time as (a) Defendants decide that it shall no longer be treated as such or (b) the Court rules that such Information should not be treated as such.

**E.    Permissible Disclosure and Handling of Confidential Information**

1. Upon designating documents as Confidential Information or Confidential–Attorneys' Eyes Only Information, Defendants may release such documents to the Court and to counsel for Plaintiffs in this case, including documents from government files which contain unredacted third-party Confidential Information or Confidential–Attorneys' Eyes Only Information, without obtaining written consent of the third parties whose names, addresses, and other information may be present in such documents.

2. Counsel of record are responsible for employing reasonable measures, consistent with this Protective Order, to control access to and secure distribution of Confidential Information and Confidential–Attorneys' Eyes Only Information.

3. Confidential Information shall be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

    a. Counsel (including outside counsel) for the Parties, including associated personnel necessary to assist counsel in this Action, such as litigation assistants, paralegals, law students, and litigation support, information technology, information or records management, investigative, secretarial, or clerical personnel;

8

b. Current employees of the Parties (including agency, organizational, or government counsel) assisting with respect to this Action to whom disclosure is reasonably necessary and who agree to be bound by this Protective Order and have signed a declaration in the form attached hereto as "Exhibit A";

c. Individuals hired by the Parties (including, but not limited to, expert witnesses and consultants) to assist with respect to this Action to whom disclosure is reasonably necessary and who agree to be bound by this Protective Order and have signed a declaration in the form attached hereto as "Exhibit A";

d. Any person with prior authorized access to the Confidential Information;

e. Photocopying, data processing, and other support services that are reasonably necessary to litigation in this Action and who agree to be bound by this Protective Order and have signed a declaration in the form attached hereto as "Exhibit A";

f. Mediators or arbitrators assigned by the Court or engaged by the Parties to the Action;

g. This Court (including any judicial officer to whom this Court may refer this matter for settlement purposes) and Court personnel;

h. Court reporters, videographers, interpreters, and their staff; and

i. Any other person agreed to by the Parties and who agree to be bound by this Protective Order and have signed a declaration in the form attached hereto as "Exhibit A".

4. Confidential–Attorneys' Eyes Only Information shall be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

a. Counsel of record (including outside counsel) for the Parties, including associated personnel who agree to be bound by this Protective Order and have signed a declaration in the form attached hereto as "Exhibit A" and are necessary to assist counsel in this Action, such as litigation assistants, paralegals, law students, and litigation support, information technology, information or records management, investigative, secretarial, or clerical personnel;

b. This Court (including any judicial officer to whom this Court may refer this matter for settlement purposes), jurors, and Court personnel;

c. Court reporters, videographers, interpreters, and their staff; and

d. Any other person agreed to by the Parties.

9

5. Persons receiving Confidential Information or Confidential–Attorneys' Eyes Only Information pursuant to the terms of this Protective Order are prohibited from disclosing it to any person except in conformance with this Protective Order.

6. This Order does not entitle any party to file or present material under seal and Confidential Information or Confidential–Attorneys' Eyes Only Information may be filed or presented under seal only with the permission of the Court.

7. If a party's request to file or present designated material under seal is denied, then the party may file or present the information in the public record and/or open court unless otherwise instructed by the Court or the information is already recognized as protected under the Local Rules or Federal Rules of Civil Procedure. The Parties are not required to follow such filing requirements when a brief or memorandum merely cites to documents marked as CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER D.D.C. 1:20-cv-00116-EGS without revealing Confidential Information or Confidential–Attorneys' Eyes Only Information, or references information contained within documents marked CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER D.D.C. 1:20-cv-00116-EGS without revealing Confidential Information or Confidential–Attorneys' Eyes Only Information.

8. If a party or anyone subject to this Protective Order receives a subpoena under Federal Rule of Civil Procedure 45 (or an equivalent mechanism under District of Columbia law) seeking Confidential Information or Confidential–Attorneys' Eyes Only Information as designated in this Action, the party or such individual shall promptly notify Defendants and shall not disclose any Confidential Information or Confidential–Attorneys' Eyes Only Information until Defendants have had a reasonable opportunity to inform the subpoenaed person either (a) that Defendants do not object to the production of the requested information or (b) that Defendants will seek appropriate relief or protection from the proper court to prevent the production. If Defendants timely seek a protective order, the party served with the subpoena shall not disclose the Confidential Information before a determination by the body from which the subpoena issued. Defendants shall bear the burden and expense of seeking protection of its designated Confidential Information or Confidential–Attorneys' Eyes Only Information. Nothing in this Protective Order should be construed as authorizing or encouraging a subpoenaed person to disobey a lawful directive from this or another court. In the event that Confidential Information or Confidential–Attorneys' Eyes Only Information is produced to a non-party to this Action in response to a subpoena, such Confidential Information shall continue to be treated in accordance with the designation as Confidential Information or Confidential–Attorneys' Eyes Only Information by the Parties to this Action.

9. During the pendency of this Action, the Court shall retain jurisdiction over this Protective Order, and persons who receive Confidential Information or Confidential–Attorneys' Eyes Only Information shall be subject to this Protective Order.

**F.    Inadvertent Production of Confidential Information or Confidential–Attorneys' Eyes Only Information**

1.  Nothing herein shall be deemed or construed as a waiver of any applicable privilege, right of privacy, or proprietary interest with respect to any information or item. The Parties agree to follow Federal Rule of Civil Procedure 26(b)(5)(B) with respect to any inadvertently or unintentionally produced or disclosed Confidential Information or Confidential–Attorneys' Eyes Only Information.

2.  If Plaintiffs learn that, by inadvertence or otherwise, they, or a person to whom they have disclosed Confidential Information or Confidential–Attorneys' Eyes Only Information in accordance with this Protective Order, has disclosed Confidential Information or Confidential–Attorneys' Eyes Only Information to any person or in any circumstance not authorized under this Protective Order, Plaintiffs shall, upon learning of the unauthorized disclosure:

    a.  Promptly notify the person(s) to whom the unauthorized disclosure was made that the unauthorized disclosure contains Confidential Information or Confidential–Attorneys' Eyes Only Information subject to this Protective Order;

    b.  Promptly make all reasonable efforts to obtain the return of the Confidential Information or Confidential–Attorneys' Eyes Only Information and to prevent further unauthorized disclosures of the Confidential Information or Confidential–Attorneys' Eyes Only Information, including requesting that the person who received the unauthorized disclosure agree to be bound by the terms of this Protective Order and execute a declaration in the form attached as "Exhibit A"; and

    c.  Within three (3) calendar days notify Defendants of the identity of the person(s) to whom the unauthorized disclosure was made, the circumstances surrounding the disclosure, and the steps taken to prevent any use or further disclosure of the Confidential Information or Confidential–Attorneys' Eyes Only Information that was the subject of the unauthorized disclosure.

**G.    Disposition of Documents Containing Confidential Information or Confidential–Attorneys' Eyes Only Information**

1.  Except as provided in this Protective Order, within 90 days of the final termination of this Action, whether by settlement, judgment, or other disposition or conclusion and all appeals or opportunities to appeal therefrom, Plaintiffs shall take reasonable steps either to (a) destroy or delete all items designated under this Protective Order or (b) return them to Defendants, depending upon Defendants' stated reasonable preference. In the course of disposing of information in its possession under this paragraph, Plaintiffs also will take reasonable steps to notify persons to whom it distributed Confidential Information or Confidential–Attorneys' Eyes Only Information pursuant to this Order that such information should be returned to Defendants or destroyed by the person possessing the information with written confirmation to Plaintiffs.

2. For material that contains or reflects Confidential Information or Confidential–Attorneys' Eyes Only Information, but that constitutes or reflects counsel's work product, or that of retained consultants and experts, counsel of record for the Parties shall be entitled to retain such work product in their files in accordance with the provisions of this Protective Order.

3. Counsel of record for the Parties shall also be entitled to retain an archival copy of all pleadings; affidavits, motion papers, and hearing transcripts; legal memoranda; correspondence; exhibits; expert reports; briefs; other papers filed with the Court; and any other parts of the record, even if such material contains Confidential Information or Confidential–Attorneys' Eyes Only Information.

4. Even after the final disposition of this Action, the terms of this Protective Order shall continue to govern the disclosure, use, and handling of any Confidential Information or Confidential–Attorneys' Eyes Only Information unless and until Defendants agree otherwise in writing or a court order directs.

5. In particular, attorneys for the United States may maintain copies of any documents designated as Confidential Information or Confidential-Attorneys' Eyes Only Information in their case file for this Action, and may maintain copies of any notes or summaries containing such material in their case file for this Action, subject to 44 U.S.C. § 3101, et. seq., and 5 U.S.C. § 552 et. seq.

**H.    Inadvertent Disclosure of Privileged Information**

1. This Order applies to information subject to the attorney-client privilege, work-product protection as defined by Federal Rule of Civil Procedure 26(b), Federal Rule of Evidence 502(b), governmental privileges, or any other applicable privilege. Nothing in this Order shall constitute an admission that privileges do not apply to any document disclosed in this litigation. Additionally, nothing in this Order shall prohibit Parties from withholding from production any document covered by any applicable privilege or other protection.

2. Defendants' disclosure of any document or information in this Action does not operate as a waiver of any claim of privilege or protection from disclosure if:

   a. The disclosure was inadvertent;

   b. Defendants took reasonable steps to prevent disclosure; and

   c. Defendants promptly took reasonable steps to rectify the error, including notifying any party that received the information of the claim and the basis for it.

3. After being notified, Plaintiffs must promptly return, sequester, or destroy the specified documents or information and any copies in its possession; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the documents or information if the party disclosed it before being notified; and may promptly

12

present the information to the court under seal for a determination of the claim. Defendants must preserve the information until the claim is resolved.

IT SO ORDERED:

6/8/2026
_____
Date:

HON. _____
     The Honorable Emmet G. Sullivan
     United States District Judge

13

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

U.T., et al.,

     Plaintiffs,

     v.

TODD BLANCHE, Acting Attorney General of the United States, in his official capacity, et al.,

     Defendants.

Civil Action No. 1:20-cv-00116-EGS

## **EXHIBIT A**

I, the undersigned, have read the Protective Order that has been entered in this case, and a copy of it has been given to me. I understand the provisions of the Protective Order, and agree to comply with and to be bound by its provisions. I also consent to the jurisdiction of this Court for purposes of enforcement of this Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _____ day of _____ by _____.
                                            (Print Name)

_____
                                   Signed